---

**1   Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern **District of** Texas
_____ _____ _____
                              (State)

Case number *(If known)*: 19-_____   **Chapter** 11

☐ Check if this is an
  amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Alta Mesa Resources, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | Silver Run Acquisition Corporation II |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8  1 – 4  4  3  3  8  4  0 |

**4.   Debtor's address**

**Principal place of business**

15021 Katy Freeway, 4th Floor
_____
Number        Street

Houston            TX       77094-1813
_____
City               State    ZIP Code

Harris
_____
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
City               State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____
City               State    ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.altamesa.net |

**6.   Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor    Alta Mesa Resources, Inc.
Name

Case number *(if known)*

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

2   1   1   1

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 on a consolidated basis (amount subject to adjustment on 4/01/22 and every 3 years after that).
☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | When | Case number |
|---|---|---|
| | MM / DD / YYYY | |
| District | When | Case number |
| | MM / DD / YYYY | |

**10.** **Are any bankruptcy cases pending or filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor   See Attached Schedule 1   Relationship   Affiliate

District   Southern District of Texas   When   Date hereof
MM / DD / YYYY

Case number, if known

Debtor ___Alta Mesa Resources, Inc._____ Case number *(if known)* _____
          Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number    Street

                          _____

                          _____  _____  _____
                          City                      State       ZIP Code

**Is the property insured?**

☐ No.

☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

**\*Consolidated for all Debtors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

**\*Consolidated for all Debtors**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16.    Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

*Consolidated for all Debtors

| Request for Relief, Declaration, and Signatures |
| --- |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.    Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09/11/2019
                MM / DD / YYYY

✖ _____
Signature of authorized representative of debtor

Title    Chief Financial Officer

John C. Regan
Printed name

**18.    Signature of attorney**

✖ /s/ John F. Higgins
Signature of attorney for debtor

Date    09/11/2019
        MM / DD / YYYY

John F. Higgins
Printed Name

Porter Hedges LLP
Firm name

1000        Main Street, 36th Floor
Number        Street

Houston                     Texas        77002
City                        State        Zip Code

713-226-6648                JHiggins@porterhedges.com
Contact phone               Email address

09597500                    Texas
Bar number                  State

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Debtor Name | Date Filed | District |
|---|---|---|
| Alta Mesa Resources, Inc. | 9/11/2019 | S.D. Tex. |
| Alta Mesa Finance Services Corp. | 9/11/2019 | S.D. Tex. |
| Alta Mesa Holdings, LP | 9/11/2019 | S.D. Tex. |
| Alta Mesa Services, LP | 9/11/2019 | S.D. Tex. |
| Alta Mesa Holdings GP, LLC | 9/11/2019 | S.D. Tex. |
| OEM GP, LLC | 9/11/2019 | S.D. Tex. |
| Oklahoma Energy Acquisitions, LP | 9/11/2019 | S.D. Tex. |

**UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
ALTA MESA RESOURCES, INC.**

**September 11, 2019**

THE UNDERSIGNED, being all of the members of the Board of Directors of Alta Mesa Resources, Inc., a Delaware corporation, acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, do hereby consent to the adoption of the resolutions set forth on the attached <u>Exhibit A</u> and authorize the taking of all actions specified therein.

This consent may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same consent.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_James T. Hackett_

James T. Hackett

_____

David M. Leuschen

_____

Pierre F. Lapeyre, Jr.

_____

William W. McMullen

_____

Don Dimitrievich

_____

Sylvia J. Kerrigan

_____

Jeffrey H. Tepper

_____

Diana J. Walters

_____

Donald R. Sinclair

*Signature Page to Written Consent of Board of Directors of Alta Mesa Resources, Inc.*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

James T. Hackett

David M. Leuschen

Pierre F. Lapeyre, Jr.

William W. McMullen

Don Dimitrievich

Sylvia J. Kerrigan

Jeffrey H. Tepper

Diana J. Walters

Donald R. Sinclair

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_____
James T. Hackett


_____
David M. Leuschen


_____
Pierre F. Lapeyre, Jr.


_____
William W. McMullen


_____
Don Dimitrievich


_____
Sylvia J. Kerrigan


_____
Jeffrey H. Tepper


_____
Diana J. Walters


_____
Donald R. Sinclair


*Signature Page to Written Consent of Board of Directors of Alta Mesa Resources, Inc.*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_____
James T. Hackett


_____
David M. Leuschen


_____
Pierre F. Lapeyre, Jr.


_____
William W. McMullen

*Don Dimitrievich*
_____
Don Dimitrievich


_____
Sylvia J. Kerrigan


_____
Jeffrey H. Tepper


_____
Diana J. Walters


_____
Donald R. Sinclair

*Signature Page to Written Consent of Board of Directors of Alta Mesa Resources, Inc.*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_____
James T. Hackett


_____
David M. Leuschen


_____
Pierre F. Lapeyre, Jr.


_____
William W. McMullen


_____
Don Dimitrievich

*Sylvia J Kerrigan*
_____
Sylvia J. Kerrigan


_____
Jeffrey H. Tepper


_____
Diana J. Walters


_____
Donald R. Sinclair

*Signature Page to Written Consent of Board of Directors of Alta Mesa Resources, Inc.*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_____
James T. Hackett

_____
David M. Leuschen

_____
Pierre F. Lapeyre, Jr.

_____
William W. McMullen

_____
Don Dimitrievich

_____
Sylvia J. Kerrigan

_____
Jeffrey H. Tepper

_____
Diana J. Walters

_____
Donald R. Sinclair

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_____
James T. Hackett

_____
David M. Leuschen

_____
Pierre F. Lapeyre, Jr.

_____
William W. McMullen

_____
Don Dimitrievich

_____
Sylvia J. Kerrigan

_____
Jeffrey H. Tepper

_____
Diana J. Walters

_____
Donald R. Sinclair

*Signature Page to Written Consent of Board of Directors of Alta Mesa Resources, Inc.*

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of the date first written above.

_____
James T. Hackett


_____
David M. Leuschen


_____
Pierre F. Lapeyre, Jr.


_____
William W. McMullen


_____
Don Dimitrievich


_____
Sylvia J. Kerrigan


_____
Jeffrey H. Tepper


_____
Diana J. Walters


_____
Donald R. Sinclair

**RESOLUTIONS OF**
**THE BOARD OF DIRECTORS OF**
**ALTA MESA RESOURCES, INC.**

**WHEREAS**, the members of the Board of Directors (the "**Board**") of Alta Mesa Resources, Inc., a Delaware corporation (the "**Company**"), have reviewed and analyzed the materials presented by management and the outside financial and legal advisors of the Company regarding (i) the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Company, (ii) the restructuring and other strategic alternatives available to the Company, and (iii) the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors and the shareholders of the Company that the Company file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**Voluntary Petitions Under the Provisions of Chapter 11 of the Bankruptcy Code**

**BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the bankruptcy cases commenced by such petitions, together with the bankruptcy cases of Alta Mesa Holdings, LP, Alta Mesa Holdings GP, LLC, OEM GP, LLC, Alta Mesa Finance Services Corp., Alta Mesa Services, LP, and Oklahoma Energy Acquisitions, LP, being referred to as the "**Chapter 11 Cases**");

**BE IT FURTHER RESOLVED**, that Mark P. Castiglione, John C. Regan, and Kimberly O. Warnica (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each of them acting alone hereby is, authorized to execute and verify, for, on behalf and in the name of the Company said petition of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), in such form and at such time as the Authorized Officer executing said petition shall determine; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, for, on behalf of and in the name of the Company, to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, investment bankers, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

**Retention of Professionals**

**BE IT RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, for, on behalf of and in the name of the Company, to employ the law firm of Latham & Watkins LLP to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company, including filing and prosecuting any pleadings, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**BE IT FURTHER RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized and directed, for, on behalf of and in the name of the Company, to employ the law firm of Porter Hedges LLP to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company, including filing and prosecuting any pleadings, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Porter Hedges LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, for, on behalf of and in the name of the Company, to employ the firm of Perella Weinberg Partners LP and its affiliate Tudor Pickering Holt & Co Advisors LP (together, "**Perella**"), as investment banker and financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Company, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Perella;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, for, on behalf of and in the name of the Company, to employ the firm of Prime Clerk LLC, as claims, noticing, soliciting, and balloting agent, to assist the Company to advance the rights and obligations of the Company, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Prime Clerk LLC; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, for, on behalf of and in the name of the Company to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

**General**

      **BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer, for, on behalf of and in the name of the Company, to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

      **BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, for, on behalf of and in the name of the Company, to cause the Company, to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

      **BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

      **BE IT FURTHER RESOLVED**, that all acts, actions and transactions that are consistent with the foregoing resolutions done for, on behalf of and in the name of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Case No. 19-_____ |
| ALTA MESA RESOURCES, INC., *et al.*, | § § § | Chapter 11 |
| Debtors.[1] | § § § | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' top 30 unsecured creditors. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim.

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762).  The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

| Debtor name: Alta Mesa Resources, Inc., *et al.* |
| --- |
| United States Bankruptcy Court for the Southern District of Texas_____ |
| Case number (If known):   19- |

☐ Check if this is an
   amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association 111 Fillmore Avenue St. Paul, MN 55107-1402 | Mauri J. Cowen, Vice President T: +1 (651) 466-6781 F: +1 (651) 466-7367  Diana Jacobs E: diana.jacobs@usbank.com | Unsecured Note | | $0 | $0 | $509,277,397 |
| 2 | TGS USA CORPORATION 2200 WEST LOOP SOUTH SUITE 800 HOUSTON TX 77027 | Alicia Mondolo T: +1 (832) 912-4276 | Trade Debt | | $0 | $0 | $1,609,335 |
| 3 | QES PRESSURE PUMPING LLC 1415 Louisiana, Suite 2900 Houston, TX 77002 | Chris Baker VP & COO T: +1 (832) 518-4094 T: +1 (620) 431-9210 F: +1 (620) 431-0012 | Trade Debt | | $0 | $0 | $1,342,514 |
| 4 | KODIAK GAS SERVICES LLC 15320 HWY 105 W SUITE 210 MONTGOMERY TX 77356 | Ewan Hamilton T: +1 (936) 539-3300 E: ewan.hamilton@kodiakgas.com | Trade Debt | | $0 | $0 | $1,180,088 |
| 5 | CHAPARRAL ENERGY LLC 701 Cedar Lake Blvd. Oklahoma City, OK 73114 | Dusty Winkler T: +1 (405) 478-8770 E: dusty.winkler@chaparralenergy.com | Trade Debt | | $0 | $0 | $1,155,918 |
| 6 | STEP ENERGY SERVICES 480 WILDWOOD FOREST DRIVE SPRING ,TX  77380 | D. Micah Hatten T: +1 (281) 442-9095 | Trade Debt | | $0 | $0 | $697,281 |
| 7 | EVERGREEN OFFICE 2012 LLC 2520 RESEARCH FOREST BLVD SUITE 440 THE WOODLANDS, TX 77381 | George C. Lake T: +1 (281) 759-1120 | Lease Rejection | contingent, unliquidated | $0 | $0 | $691,400 |
| 8 | CARLLSON INVESTMENTS LLC (Quail Spring) 210 PARK AVE STE 700 Oklahoma City, OK 73102 | Trey Dupay T: +1 (405) 843-7474 | Lease Rejection | contingent, unliquidated | $0 | $0 | $570,099 |
| 9 | TETRA TECHNOLOGIES INC 24955 INTERSTATE 45 NORTH THE WOODLANDS, TX 77380 | V. Serrano Elijio T: +1 (281) 367-1983 | Trade Debt | | $0 | $0 | $345,026 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10 | THRU TUBING SOLUTIONS<br>4800 SOUTH COUNCIL ROAD<br>OKLAHOMA CITY OK 73179 | Andrew Ferguson<br>T: +1 (580) 225-6977<br>F: +1 (580) 225-6977 | Trade Debt | $0 | $0 | $316,992 |
| 11 | CIMARRON ELECTRIC<br>19306 HWY 81 N<br>Kingfisher, OK 73750 | Mark Andrews VP of Finance<br>T: +1 (405) 375-4121<br>F: +1 (405) 375-4209 | Trade Debt | $0 | $0 | $300,040 |
| 12 | MARSAU ENTERPRISES INC<br>1209 N. 30TH<br>ENID ,OK  73701 | Craig Collins<br>T: +1 (580) 233-3910<br>F: +1 (580) 233-5063 | Trade Debt | $0 | $0 | $299,413 |
| 13 | HALLIBURTON ENERGY<br>3000 N. Sam Houston Pkwy E.<br>Houston, TX 77032 | Lance Loeffler<br>T: +1 (281) 871-4000 | Trade Debt | $0 | $0 | $288,255 |
| 14 | PERMIAN WELLS SERVICE<br>S Main St<br>Ringwood, OK 73768 | Rick Kokojan President<br>T: +1 (580) 883-4945 | Trade Debt | $0 | $0 | $279,164 |
| 15 | WEATHERFORD US LP<br>2000 SAINT JAMES PLACE<br>HOUSTON, TX. 77056 | Christoph Bausch<br>T: +1 (713) 836-4000 | Trade Debt | $0 | $0 | $268,471 |
| 16 | BOSQUE DISPOSAL SYSTEMS LLC<br>420 THROCKMORTON ST<br>SUITE 640<br>FORT WORTH TX 76102 | Gary Egger, CFO<br>T: +1 (817) 289-0154 | Trade Debt | $0 | $0 | $244,362 |
| 17 | MILROC DISTRIBUTION LLC<br>20568 US HWY 81<br>KINGFISHER, OK 73750 | David Wells CFO & Treasurer<br>T: +1 (580) 256-0061 | Trade Debt | $0 | $0 | $240,421 |
| 18 | JET SPECIALTY INC<br>211 MARKET AVENUE<br>BOERNE TX. 78006 | Ted Williams CFO<br>T: +1 (830) 331-9457<br>F: +1 (830) 331-9480 | Trade Debt | $0 | $0 | $223,799 |
| 19 | CATHEDRAL ENERGY SERVICES<br>1801 BROADWAY STREET<br>DENVER ,CO  80202 | P. Scott MacFarlane CFO<br>T: +1 (303) 825-1001<br>F: +1 (303) 825-1991 | Trade Debt | $0 | $0 | $209,888 |
| 20 | BRONCO OILFIELD SERVICES INC<br>4001 WEST 7TH STREET<br>ELK CITY, OK 73648 | Mark DeGarmo, VP of<br>Operations<br>T: +1 (580) 225-9168 | Trade Debt | $0 | $0 | $197,222 |
| 21 | BASIC ENERGY SERVICES, LP<br>10830 SOUTH OAKWOOD RD.<br>WAUKOMIS, OK 73773 | David Schorlemer, CFO<br>T: +1 (580) 758-1234 | Trade Debt | $0 | $0 | $183,056 |
| 22 | KODA SERVICES INC<br>318 Northwest Highway 270<br>Woodward, OK 73801 | Marty Weder<br>T: +1 (580) 254-5019 | Trade Debt | $0 | $0 | $155,848 |
| 23 | ORCO SERVICE LLC<br>14138 E 650 Rd,<br>Hennessey, OK 73742 | Glenda Bossa<br>T: +1 (405) 853-7212<br>F: +1 (405) 853-7412 | Trade Debt | $0 | $0 | $148,434 |
| 24 | USA COMPRESSION<br>100 CONGRESS AVE. SUITE 450<br>AUSTIN, TX. 78701 | Matt Liuzzi<br>T: +1 (512) 473-2662 | Trade Debt | $0 | $0 | $147,398 |
| 25 | WESTERN LAND SERVICES<br>1100 CONRAD INDUSTRIAL DR<br>LUDINGTON ,MI  49431 | Shawn Fields, President<br>T: +1 (231) 843-8878 | Trade Debt | $0 | $0 | $144,943 |
| 26 | JW POWER COMPANY<br>15505 Wright Brothers Drive<br>Addison, TX 75001 | Kavin Tubbs VP & Treasurer<br>T: +1 (972) 233-8191 | Trade Debt | $0 | $0 | $137,110 |
| 27 | ULTERRA DRILLING<br>TECHNOLOGIES<br>201 Main St. Suite 1660<br>Fort Worth, TX 76102 | Maria Mejia<br>T: +1 (817) 213-7555<br>E: mmejia@ulterra.com | Trade Debt | $0 | $0 | $126,228 |
| 28 | PANTHER DRILLING SYSTEMS<br>14201 CALIBER DRIVE SUITE 300<br>OKLAHOMA ,OK  73134 | Mark Layton<br>T: +1 (405) 896-9300 | Trade Debt | $0 | $0 | $122,290 |
| 29 | SPINNAKER OILFIELD SERVICES<br>CO<br>440 COBIA DRIVE<br>KATY ,TX  77494 | Michael Morreale<br>T: +1 (713) 437-3515 | Trade Debt | $0 | $0 | $116,703 |

| 30 | Plumbers and Pipefitters National Pension Fund | Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Samuel Rudman<br>+1 (631) 367-7100<br>SRudman@rgrdlaw.com<br><br>O'Donoghue & O'Donoghue LLP<br>5301 Wisconsin Avenue, N.W., Suite 800<br>Washington, DC, 20015<br>LOUIS P. MALONE<br>+1 (202) 362-0041 (T)<br>+1 (202) 362-2640 (F) | Shareholder lawsuit | Contingent, unliquidated, disputed | | $0 | $0 | $0 |
| | Camelot Event Driven Fun, A Series of Frank Funds Trust | Ajamie LLP<br>Attn. Thomas R. Ajamie<br>Pennzoil Place- South Tower<br>711 Louisiana, Suite 2150<br> Houston, TX 77002<br>+1 (713) 860-1600<br>tajamie@ajamie.com<br><br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY 10005<br>Christopher J. Keller<br> (212) 907-0700<br>ckeller@labaton.com | | | | | | |
| | FNY Partners Fund LP and FNY Managed Accounts, LLC | Entwistle & Cappucci LLP<br>299 Park Avenue, 20th floor<br>New York, NY 10017<br>Andrew Entwistle<br>+1 (512) 710-5960<br>aentwistle@entwistle-law.com | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Alta Mesa Resources, Inc, *et al.*</u>

United States Bankruptcy Court for the Southern District of Texas

Case number *(if known)*: <u>19-</u>

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐      *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐      *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐      *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐      *Schedule H: Codebtors* (Official Form 206H)

☐      *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐      *Amended Schedule* ___

☒      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐      Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>09/11/2019</u>     **X**                                            
                MM/DD/YYYY                            Signature of individual on behalf of debtor

                                                             John C. Regan
                                                             Printed name

                                                             Chief Financial Officer
                                                             Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ALTA MESA RESOURCES, INC., | § § § | Case No. 19-_____ |
| Debtor. | § § § |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Riverstone Funds[2] | c/o Riverstone Holdings, LLC 712 Fifth Avenue, 36th Floor New York, NY 10019 | >5% |
| Orbis Investment Management Limited | Orbis House 25 Front Street Hamiliton HM11, Bermuda | >5% |
| High Mesa Holdings, LP | 16600 Park Row Houston TX 77084 | >5% |
| HPS Investment Partners, LLC | 40 W 57th St New York, NY 10019 | >5% |
| Bayou City Energy Management LLC | Total Plaza, 1201 Louisiana St, Houston, TX 77002 | >5% |

---

[1]  This list reflects holders of five percent or more of Alta Mesa Resources, Inc.'s common stock. It is based solely on information obtained from August 27, 2019 Form 10-K. This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedures. By separate motion filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders.

[2]  "Riverstone Funds" means, collectively, (i) Silver Run Sponsor II, LLC, (ii) Riverstone VI SR II Holdings, L.P., (iii) Riverstone AMR Partners, L.P., (iv) by Riverstone AMR Partners-U, LLC, (v) Riverstone AMR Partners-T, L.P., and (vi) Riverstone VI Alta Mesa Holdings, L.P.

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Alta Mesa Resources, Inc.</u>

United States Bankruptcy Court for the Southern District of Texas

Case number *(if known)*: <u>19-</u>_____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐     *Schedule H: Codebtors* (Official Form 206H)

☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐     *Amended Schedule* ___

☐     *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒     Other document that requires a declaration  <u>Corporate Ownership Statement; List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>09/11/2019</u>          **X** _____
                         MM/DD/YYYY                              Signature of individual on behalf of debtor

                                                  <u>John C. Regan</u>
                                                  Printed name

                                                  <u>Chief Financial Office</u>
                                                  Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Case No. 19-_____ |
| | § | |
| ALTA MESA RESOURCES, INC. | § | Chapter 11 |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

## <u>STATEMENT OF CORPORATE OWNERSHIP</u>

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interest:

Riverstone Funds

High Mesa Holdings LLP

HPS Investment Partners, LLC

Bayou City Energy Management LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Case No. 19-_____ |
| | § | |
| ALTA MESA RESOURCES, INC., | § | Chapter 11 |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

**EXHIBIT "A" TO VOLUNTARY PETITION**

1.      The Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934.  Its SEC file number is 001-38040.

2.      The following financial data refers to the condition of the Debtor and its affiliates on a consolidated basis as of December 31, 2018[1]:

| a. | Total assets | Approximately $1.4 billion |
|---|---|---|
| b. | Total debts (including debts listed in 2.c., below) | Approximately $864 million |
| c. | Debt securities held by more than 500 holders | 1 |
| d. | Number of shares of Preferred Stock | 4 shares issued, 3 of which are outstanding |
| e. | Number of shares of Common Stock | 383 thousand issued and outstanding |

Comments, if any:

See footnotes below.

3.      Brief description of the Debtor's business:  Alta Mesa Resources, Inc., together with its consolidated subsidiaries ("AMR," "we," "us," "our," or the "Company"), is an independent energy company focused on the acquisition, development, exploration and exploitation of unconventional onshore oil and natural gas reserves in the eastern portion of the Anadarko Basin in Oklahoma. Our activities are primarily directed at the horizontal development of an oil and liquids-rich resource play in an area of the basin commonly referred to as the Sooner

---

[1] The information contained herein reflects the financial data as presented in the August 27, 2019 Form 10-K.

Trend Anadarko Basin Canadian and Kingfisher County ("STACK"). We also operate a midstream services business through non-Debtor Kingfisher Midstream LLC ("Kingfisher"), a Delaware limited liability company. Kingfisher has natural gas gathering and processing and crude oil gathering and storage assets located in the Anadarko Basin that generate revenue primarily through long-term, fee-based contracts.

4.      List the names of any persons who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of the Debtor.

| Name of holder |
| --- |
| Riverstone Funds |
| Orbis Investment Management Limited |
| High Mesa Holdings, LP |
| HPS Investment Partners, LLC |
| Bayou City Energy Management LLC |