IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALTA MESA RESOURCES, INC., *et al.*, | § | Case No. 19-35133 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**RESPONSE OF THE AD HOC NOTEHOLDER GROUP AND THE TRUSTEE
TO THE DEBTORS' CASH COLLATERAL MOTION
AND BIDDING PROCEDURES MOTION**
[Related to Docket Nos. 15 & 126]

U.S. Bank, National Association, as trustee (in such capacity, the "**Trustee**") for the 7.875% Senior Notes due 2024 (the "**Unsecured AMH Notes**") issued by Debtors Alta Mesa Holdings, LP and Alta Mesa Finance Services Corp., and the *ad hoc* group of holders of Unsecured AMH Notes (the "**Ad Hoc Noteholder Group**"),[2] by and through their undersigned counsel, hereby submit this response and reservation of rights (this "**Response**") to:

(i) the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No. 15] (the "**Cash Collateral Motion**"); and

(ii) the *Debtors' Motion for Entry of an Order Approving (I)(A) Bidding Procedures for the Sale of Substantially All or Any Portion of the Debtors'*

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

[2] The members of the Ad Hoc Noteholder Group are set forth in the *First Supplemental Verified Statement of Davis Polk & Wardwell LLP and Rapp & Krock, PC Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 273].

*Assets and Certain Non-Debtors Assets, (B) Procedures for the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) the Form and Manner of Notice of the Sale Hearing and Assumption Procedures, (D) Procedures for Selection of One or More Stalking Horse Bidders and the Provision of Bid Protections to Such Stalking Horse Bidder(s), and (E) Dates for an Auction and Sale Hearing, and (II)(A) the Sale of Substantially All or Any Portion of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances, and (B) the Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Related Relief* [Docket No. 126] (the "**Bidding Procedures Motion**").[3]

In support of this Response, the Trustee and the Ad Hoc Noteholder Group respectfully state as follows:

1. The Trustee and the Ad Hoc Noteholder Group have been and remain supportive of the debtors' use of cash collateral and the sale process contemplated by the Bidding Procedures. Indeed it is critical that these chapter 11 cases are set up to allow the Debtors to pursue a restructuring transaction—either in the form of a sale of all or substantially all of their assets under section 363 of the Bankruptcy Code or in the form of a plan of reorganization—that will maximize the value of each chapter 11 estate for the benefit of its stakeholders. Therefore, since the commencement of these chapter 11 cases, the Trustee and the Ad Hoc Noteholder Group have engaged in extensive discussions and negotiations with the Debtors, the AMH Agent and, since its appointment, the Official Committee of Unsecured Creditors (the "**Committee**") regarding the relief sought in the Cash Collateral Motion and the Bidding Procedures Motion to ensure that these chapter 11 cases result in value to all stakeholders, not only the secured creditors. The Trustee and Ad Hoc Noteholder Group are pleased to report

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Cash Collateral Motion or Bidding Procedures Motion, as applicable.

2

that these hard-fought and good-faith negotiations have resulted in consensual modifications to the proposed forms of the orders and the Bidding Procedures that address many of the Trustee's and the Ad Hoc Noteholder Group's concerns. Nevertheless, while the Trustee and the Ad Hoc Noteholder Group are supportive of the relief sought in the Cash Collateral Motion and the Bidding Procedures Motion and hope to continue to work productively with the Debtors and other parties in interest to resolve the remaining open issues, they respectfully reserve all rights to the extent the parties are unable to agree on the form of each order and the Bidding Procedures.

2. The Trustee and the Ad Hoc Noteholder Group do not object to the entry of a second interim cash collateral order on substantially the same terms as the *Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014, and Complex Case Rules (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [Docket No. 63]. However, the Trustee and the Ad Hoc Noteholder Group reserve all rights with respect to the arguments raised in the Committee Objection and with respect to entry of a final cash collateral order.

3. In addition, while the Trustee and the Ad Hoc Noteholder Group believe the following rights are already preserved under the terms of the proposed Bidding Procedures and bidding procedures order, out of an abundance of caution and to avoid any potential future inconsistent interpretations, they hereby reserve all rights to argue, at any time, that any credit bid submitted by the Prepetition Secured Parties is not allowed under the Bankruptcy Code (including "for cause" under section 363(k) of the

Bankruptcy Code) or should not be chosen as the Successful Bid for any reason (other than that it is not a Qualified Bid).  To the extent that the Debtors, the AMH Agent or any other parties disagree with these points or assert that there is ambiguity with respect to the relevant provisions in the Bidding Procedures or bidding procedures order, the Trustee and the Ad Hoc Noteholder Group respectfully object to the entry of such order.

[*Remainder of Page Intentionally Left Blank*]

Dated:   October 10, 2019	Respectfully Submitted,

        **RAPP & KROCK, PC**

        */s/ Henry Flores*
        Henry Flores
        Texas State Bar No. 00784062
        Kenneth Krock
        Texas State Bar No. 00796908
        1980 Post Oak Blvd, Suite 1200
        Houston, TX 77056
        Telephone:  (713) 759-9977
        Facsimile:   (713) 759-9967
        Email:    hflores@rappandkrock.com
                   kkrock@rappandkrock.com

        - and -

        **DAVIS POLK & WARDWELL LLP**

        */s/ Damian S. Schaible*
        Damian S. Schaible (admitted *pro hac vice*)
        Angela M. Libby (admitted *pro hac vice*)
        Stephanie P. Massman (admitted *pro hac vice*)
        450 Lexington Avenue
        New York, NY 10017
        Telephone:  (212) 450-4000
        Facsimile:   (212) 701-5800
        Email:    damian.schaible@davispolk.com
                   angela.libby@davispolk.com
                   stephanie.massman@davispolk.com

        **COUNSEL TO THE AD HOC NOTEHOLDER GROUP AND THE TRUSTEE**

*/s/ Ira L. Herman*
Ira L. Herman (Tex. Bar No. 24063314)
James T. Grogan (Tex. Bar No. 24027354)
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Phone:  (713) 228-6601
E-mail:  IHerman@BlankRome.com
         JGrogan@BlankRome.com

**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION**, **AS INDENTURE TRUSTEE**

## Certificate of Service

The undersigned certifies that on October 10, 2019, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Henry Flores*
Henry Flores