IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| | § | Case No. 19-35133 |
| ALTA MESA RESOURCES, INC., *et al.*, | § § § | |
| Debtors. | § § | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
TO THE EXTENT INSURANCE PROCEEDS EXIST**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON NOVEMBER 8, 2019 AT 9:00 A.M. IN COURTROOM <u>404</u>, 515 RUSK, 4TH FLOOR, HOUSTON, TX 77002.**

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The basis for the relief requested herein is section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(d).

**PROCEDURAL HISTORY AND BACKGROUND**

4. Movant, Big Creek Energy, L.L.C., is a creditor of Debtors Oklahoma Energy Acquisitions, LP and Alta Mesa Resources, Inc., *et al*, ("Alta Mesa Resources"). Big Creek Energy, L.L.C. suffered damages by Alta Mesa Resources when, during the completion of their Trindle 1706 2B-31MH, Alta Mesa Resources forced frack fluid at pressures of thousands of pounds per square inch down their Trindle Well to fracture rock formations. As a result, Alta Mesa Resources forced frack fluid into the wellbores of the Plaintiff's vertical wells—damaging Big Creek Energy, L.L.C.'s well.

5. On September 11, 2019, Alta Mesa Resources, Inc., Alta Mesa Finance Services Corp., Alta Mesa Holdings, LP, Alta Mesa Services, LP, Alta Mesa Holdings GP, LLC, OEM GP, LLC, and Oklahoma Energy Acquisitions, LP, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The listed entities were consolidated for procedural purposes and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure under Cause No. 19-35133.

6. On September 12, 2019, Hector Duran, Jr. and Stephen Douglas Statham appeared on behalf of the U.S. Trustee.

7. Prior to the Petition Dates, on July 10, 2018, Big Creek Energy, L.L.C. filed a lawsuit against Oklahoma Energy Acquisitions, LP, captioned Big Creek Energy, L.L.C. v. Oklahoma Energy Acquisitions, LP, Cause No. CJ-2018-59, pending in the Judicial District Court of Kingfisher County, Oklahoma (the "State Court Lawsuit"). Therein, Big Creek Energy, L.L.C. asserts negligence, trespass, and nuisance claims arising from a July 17, 2016 when Oklahoma Energy Acquisitions, LP, ("OEA") performed a frack of their horizontal wellbore near the Plaintiff's well.

8. The insurance policies that may apply are the General Liability Policy, identified as policy JCGL100755, an excess policy of $50MM, identified as policy JUMB100647, and a policy covering property, identified as policy IAG967713. All Insurance policies held by Alta Mesa Resources, Inc., *et al.*, can be found in Document 7-1 of *In re Alta Mesa Resources, Inc., et al.*, Case No. 19-35133, attached therein as Exhibit "A".

9. On the Defendant Debtors' respective Petition Dates, the State Court Action was stayed pursuant to section 362(a) of the Bankruptcy Code. Seeking to proceed in his action, Big Creek Energy, L.L.C. has requested that the Debtors consent to a modification of the automatic stay to allow the State Court Lawsuit to continue, with any potential recovery limited to the proceeds of the Insurance Policies.

## RELIEF REQUESTED

10. By this Motion, pursuant to section 362(d) of the Bankruptcy Code, the Creditor Big Creek Energy, L.L.C. respectfully seeks entry of an order, modifying the automatic stay to allow the Oklahoma State Court Lawsuit to proceed; provided that any recovery or settlement in the State Court Lawsuit is limited to amounts recoverable under the Insurance Policies, and releasing the Debtors' estates from any liability to Big Creek Energy, L.L.C. relating to the State Court Lawsuit. Given the waiver of the ability to recover any amounts from the Debtors' estates and that the insurance companies are providing the defense in the State Court Lawsuit, there is little, if any, burden on, or harm to, the Debtors by granting the relief requested herein.

## BASIS FOR RELIEF

11. Section 362(d) of the Bankruptcy Code allows for the modification of the automatic stay and states in pertinent part as follows:

>   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d). Courts have approved agreements to modify the automatic stay pursuant to Section 362(d) of the Bankruptcy Code in similar and other circumstances. *See In re Autoseis, Inc.*, Case No. 14-20130 (Bankr. S.D. Tex. Jan. 9, 2015) [Docket No. 941] (approving agreement to modify the automatic stay to allow personal injury lawsuit to continue and limiting recovery to the extent of insurance proceeds); *In re Blitz U.S.A., Inc., et al.*, Case No. 11-13603 (Bankr. D. Del. Oct. 8, 2013) (Docket No. 1780) (approving stipulation to modify stay to allow for mediation of personal injury claims covered by debtor's insurance policy); *In re Exide Techs.*, Case No. 13-11482 (Bankr. D. Del. Aug. 15, 2013) (Docket No. 521) (approving stipulation to modify automatic stay to allow payment under insurance policy); *In re R.E. Loans, LLC, et al.*, Case No. 11-35865 (Bankr. N.D. Tex. Mar. 9, 2012) (Docket No. 615) (approving stipulation to modify stay to allow for secured creditor to foreclose on property).

12.  In determining whether cause exists to modify the stay, courts have considered numerous factors, including, among others, whether relief would result in a partial or complete resolution of the issues, whether lifting the stay would interfere with the bankruptcy case, whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, whether litigation in the other forum would prejudice the interests of other creditors, whether the debtor's insurer has assumed full responsibility for defending the action at issue, and whether lifting the stay would promote judicial economy and expeditious and economical resolution of the litigation. *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re Patel*,

No. 10-34767-H3-7, 2010 WL 3239128, at *2 (Bankr. S.D. Tex. Aug. 16, 2010) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)); *Sonnax Indus., Inc. v. Tri Component Prod. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1285 (2d Cir.1990)); *see also In re Piperi*, 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990) (citing factors); *In re Kao*, No. 15-31193-H3-13, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015) (same); *In re Consol. FGH Liquidating Tr.*, 419 B.R. 636, 648 (Bankr. S.D. Miss. 2009) (same). In balancing these considerations, courts only consider those factors that are relevant to the particular case at hand and need not assign equal weight to each factor. *In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see Patel*, 2010 WL 3239128, at *3; *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994).

13. In this case, application of the factors weighs in favor of modifying the stay to allow Big Creek Energy, L.L.C. to continue to prosecute their negligence, trespass, and nuisance claims in the State Court Lawsuit. Allowing the State Court Lawsuit to proceed will allow the Debtors to completely resolve the issues involved in the action. Avoiding the delay caused by the automatic stay will further the interests of judicial economy and expeditious resolution of the State Court Lawsuit. Further, the application of the automatic stay to the State Court Lawsuit will not cause hardship to the Debtors. *See Sonnax Indus., Inc.*, 907 F.2d at 1286 ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.") (quoting 2 COLLIER ON BANKRUPTCY ¶ 362.07[3] (15th ed. 1980)).

14. Most significantly, in the event of any award or settlement in the State Court Lawsuit, allowing the State Court Lawsuit to proceed will not interfere with administration of the Debtors' estates because any applicable insurance proceeds would be paid directly to Big Creek

Energy, L.L.C., and therefore, are likely not property of the estate. *In re Babcock & Wilcox Co.*, No. 02-30721, 2003 WL 21356060, at *1-2 (5th Cir. May 30, 2003) (per curiam); *see also In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993) ("When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate."); *La. World Exposition, Inc. v. Fed. Ins. Co.* (*In re La. World Exposition, Inc.*), 832 F.2d 1391, 1401 (5th Cir. 1987) (proceeds were not property of the estate where the debtor had no right to recovery from the insurance policy).

15. Other creditors in the bankruptcy will not be harmed by granting the Motion because Big Creek Energy, L.L.C. has disavowed any right to payment from the Debtors' estates, and has agreed to limit their recovery, if any, to insurance proceeds. *See Groover v. R.J. Groover Constr., L.L.C* (*In re R.J. Groover Constr., L.L.C.*), 411 B.R. 460, 465 (Banrk. S.D. Ga. 2008); *Loudon v. Amogio Foods, Inc.* (*In re Loudon*), 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002); *In re G.S. Distribution. Inc.*, 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting stay because movant would not be able to enforce judgment without permission of bankruptcy court); *Santa Fe Minerals, Inc. v. BEPCO, L.P.* (*In re 15375 Mem'l Corp.*), 382 B.R. 652, 690 (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009) (lifting stay because movant's "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases"); In re Winterland, 101 B.R. 547, 550-51 (Bankr. C.D.Ill. 1988) (modifying automatic stay to allow FDIC to proceed against debtor and other defendants in federal court where debtor was covered by insurance, but barring FDIC from collecting against debtor's assets).

16. Based upon the above, Big Creek Energy, L.L.C. believes that cause exists to grant the Motion so that the automatic stay may be modified to allow the State Court Lawsuit to proceed,

provided that any recovery awarded or settlement reached in the State Court Lawsuit, including any related attorneys' fees or costs, to the extent applicable, is limited solely to amounts recoverable, if any, under the Insurance Policies, and provided further that upon entry of an order by the Bankruptcy Court approving this Motion, Big Creek Energy, L.L.C. immediately shall be deemed to have irrevocably covenanted not to seek any recovery from the Debtors, their estates, or their respective successors, predecessors, assigns, affiliates, officers, directors, shareholders, employees, attorneys, and agents on account of or in relation to any claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, asserted in or that relate in any way to the State Court Lawsuit, as applicable. Big Creek Energy, L.L.C. has agreed to these terms.

17. For the reasons stated above, the Creditor Big Creek Energy, L.L.C. respectfully requests that this Court enter an order releasing the Debtors' estates from any liability to Big Creek Energy, L.L.C. relating to the State Court Lawsuit and modifying the automatic stay to allow the State Court Lawsuit to proceed against the Defendant Debtors; provided that any recovery or settlement in the State Court Lawsuit is limited to amounts recoverable, if any, under the Insurance Policies.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Big Creek Energy, L.L.C. respectfully requests that the Court enter an order, (a) modifying the automatic stay to allow the State Court Lawsuit to proceed against the Defendant Debtors, provided that any recovery or settlement in the State Court Lawsuit is limited to amounts recoverable, if any, under the Insurance Policies, (b) releasing the Debtors' estates

from any liability to Big Creek Energy, L.L.C. relating to the claims asserted in the State Court Lawsuit; and (c) granting such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of October 2019.

Respectfully submitted,

/s/ W. Kelly Puls
W. Kelly Puls
SBN 16393350
Kelly@pulshaney.com
**PULS HANEY LYSTER, PLLC**
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
Telephone:    817.338.1717
Facsimile:    817.332.1333

**COUNSEL TO CREDITOR**

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel for Creditor Big Creek Energy, L.L.C., contacted counsel for Debtor Alta Mesa Resources, Inc., *et al.*, John F. Higgins, on September 26th, 2019, October 1, 2019, and October 14, 2019, in an attempt to file a joint, unopposed Motion for Relief from Stay. As of the filing of this motion, counsel for Debtor, John F. Higgins, is opposed.

/s/ W. Kelly Puls
W. Kelly Puls

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of October 2019, he caused a true and correct copy of the foregoing pleading to be served via CM/ECF on all parties who have subscribed for electronic notice in this case.

/s/ W. Kelly Puls
W. Kelly Puls