**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>ALTA MESA RESOURCES, INC., *et al.*,<br><br>Debtors.[1] | §   Chapter 11<br>§<br>§   Case No. 19-35133 (MI)<br>§<br>§   (Jointly Administered)<br>§<br>§ |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) EXTENDING THEIR EXCLUSIVE
PERIODS AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762).  The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

## RELIEF REQUESTED

1.      By this Motion, the Debtors seek entry of an order (the "Order"), substantially in the form attached hereto, (i) extending, by 90 days, the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") through and including April 8, 2020 and the period during which the Debtors have the exclusive right to solicit a plan (the "Exclusive Solicitation Period," and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including June 5, 2020[2] and (ii) granting related relief.  The Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on January 9, 2020 and March 9, 2020, respectively.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157.  The Debtors confirm their consent, pursuant to 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein is Section 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

---

[2]      Ninety days after the current Exclusive Solicitation Period expiration date is Sunday, June 7, 2020.  Accordingly, the Debtors propose that the Exclusive Solicitation Period be extended until Friday, June 5, 2020.

## BACKGROUND

4.      On September 11, 2019 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these cases under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of John C. Regan, Chief Financial Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[3], which is fully incorporated herein by reference.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  On September 27, 2019, the United States Trustee for the Southern District of Texas ("U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").

5.      On October 11, 2019, this Court entered the *Order Establishing Bidding Procedures Relating to the Sales of All or a Portion of the Debtors' Assets*, which was amended on December 10, 2019 and December 19, 2019 [Docket Nos. 317, 636, and 666].  Pursuant to such order, this Court scheduled (1) a date for an auction if the Debtors receive one or more timely and acceptable bids (the "Auction") and (2) a final hearing (the "Sale Hearing") to approve the highest or otherwise best offer for the sale of substantially all or any portion or combination of their assets through one or more sales of the Debtors' assets and/or a combined sale of both the Debtors' assets and the assets of their non-Debtor affiliates.   The Auction is currently scheduled for January 15,

---

[3]    The First Day Declaration and other relevant case information is available on the following website maintained by the Debtors' claims, balloting, and noticing agent, Prime Clerk LLC, in connection with these chapter 11 cases: http://cases.primeclerk.com/altamesa.

2020 at 9:00 a.m. (Central Time) and the Sale Hearing is scheduled for January 21, 2020 at 2:00 p.m. (Central Time).

## BASIS FOR RELIEF

6.      The Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan.  *See* 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.").  The Bankruptcy Code further provides that if a debtor files a plan within that 120-day period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. § 1121(c)(3).

7.      Pursuant to Section 1121(d) of the Bankruptcy Code, the Bankruptcy Court may extend the Exclusive Periods "for cause."  *See* 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

8.      Although the Bankruptcy Code does not define the term "cause" for purposes of Section 1121(d) or establish formal criteria for an extension of the Exclusive Periods, bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs.  *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 63, 372 (5th Cir. 1987) (noting that the meaning of "cause" under Section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

4

9.      Courts often use the following factors in determining whether "cause" exists to extend a debtor's exclusive plan filing period:

  a.   the size and complexity of the case;
  b.   the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
  c.   whether the debtor has made progress in negotiations with its creditors;
  d.   the existence of good faith progress toward reorganization;
  e.   whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;
  f.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;
  g.   the fact that the debtor is paying its bills as they become due;
  h.   the amount of time which has elapsed in the case; and/or
  i.   whether an unresolved contingency exists.

*See, e.g., In re New Millennium Mgmt., LLC*, No. 13-35719 (LZP), 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing *In re GMG Cap. Partners III, L.P.,* 503 B.R. 596 (Bankr. S.D.N.Y. 2014)).

10.     Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods.  *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing all nine factors but relying on only four in determining whether there was "cause" to extend exclusivity). Moreover, courts regularly grant a debtor's first request for an extension of the debtor's exclusive period to file a chapter 11 plan.  *See In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization . . . the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 825 (Bankr. S.D.N.Y. 2011) (same).

US-DOCS\111497165.12

11.     There is ample precedent for an initial extension of exclusivity.  *See, e.g., In re Weatherford International PLC,* No. 19-33694 (DRJ) (Bankr. S.D. Tex. Nov. 24, 2019) (granting an initial exclusivity extension of 60 days); *In re iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. July 10, 2018) (granting an initial exclusivity extension of 255 days); *In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2018) (granting an initial exclusivity extension of 180 days); *In re GenOn Energy, Inc.*, No. 17- 33695 (DRJ) (Bankr. S.D. Tex. Oct. 3, 2017) (granting an initial exclusivity extension of six months); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. Nov. 3, 2016) (granting an initial exclusivity extension of 120 days); *In re SandRidge Energy Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. Aug. 30, 2016) (granting an initial exclusivity extension of four months); *In re Ultra Petroleum Corp., et al.*, No. 16-32202 (MI) (Bankr. S.D. Tex. Aug. 25, 2016) (granting an initial exclusivity extension of 148 days); *In re Linn Energy LLC*, No. 16-60048 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2016) (granting an initial exclusivity extension of six months).

12.     The Debtors submit that cause exists to extend the Exclusive Periods and that several of the above-listed factors support an extension of the Debtors' Exclusive Periods.

13.     This is the Debtors' first request for an extension.  Moreover, the Debtors' cases are large and complex and involve a number of critical unresolved issues.  As the Court is aware, for the last several months, the Debtors have been fully engaged in a joint marketing process for the sale of the assets of Debtor Alta Mesa Holdings, LP and its subsidiaries (collectively, the "AMH Debtors") and their non-Debtor affiliate, Kingfisher Midstream, LLC and its subsidiaries (collectively, "KFM").  The sales process was designed to maximize flexibility for bidders and promote competition, including by giving bidders the ability to submit proposals to purchase the assets of the AMH Debtors alone or to purchase the assets of the AMH Debtors and KFM.  In

US-DOCS\111497165.12

addition, bidders were given the option to submit a proposal to purchase the assets through a sale under Section 363 of the Bankruptcy Code or to submit a proposal for a plan of reorganization.

14.     The AMH Debtors have received preliminary bids for their assets alone.  However, while the Debtors' primary goal is to maximize value for the estates, they recognize that the best result for the estates and all parties in interest should be a solution that maximizes value for the entire AMH-KFM enterprise.  Accordingly, while a joint sale is not required, the Debtors believe it is in the best interest of all parties to evaluate all available options.  Should the Debtors determine to pursue a joint sale, the parties will require significant time to work through a number of additional complex issues and to prepare the documentation necessary to implement such a sale. Given the complexity of the issues, as well as the number of parties that would necessarily be involved in such a transaction, the Debtors believe it is essential that they maintain control of the process.

15.     The ultimate outcome of the sale process, and in particular the auction currently scheduled for January 15, 2020, will determine the path forward for the Debtors.  That path may feature a Section 363 sale of any combination of Debtor and non-Debtor assets, followed by a plan of liquidation, or the Debtors' pursuit of a plan of reorganization, or potentially other options.  An extension of the Exclusive Periods will allow the Debtors the time necessary to assess these options without the risk of third parties undermining that process and further complicating these cases by proposing competing plans.

16.     Additionally, since the Petition Date, the Debtors have also negotiated in good faith with all of their key constituents – including their secured lenders, the Committee, and the ad hoc noteholder group – in the hope of building consensus and resolving potential disputes.  The Debtors should be afforded an opportunity to continue these efforts.  Terminating their Exclusive Periods

US-DOCS\111497165.12

would have the opposite result, inviting *more* litigation in cases that have been mired in litigation since their inception.

17.     Finally, the company is generally paying their debts as they become due and there is no evidence that the Debtors are seeking extension as a means to pressure creditors.

18.     Accordingly, the Debtors submit that cause exists for the relief requested herein.

## NOTICE

19.     Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) the holders of the 30 largest unsecured claims against the Debtors; (iii) Bracewell LLP, counsel to Wells Fargo Bank, N.A., as administrative agent under the Debtors' prepetition revolving credit facility; (iv) Blank Rome LLP, counsel to U.S. Bank, N.A., as indenture trustee for the 7.875% Senior Notes due 2024; (v) Davis Polk & Wardwell LLP, counsel for the ad hoc group of holders of 7.875% Senior Notes due 2024; (vi) Quinn Emanuel Urquhart & Sullivan LLP, counsel to Kingfisher Midstream, LLC; (vii) counsel to the Committee, (a) Brown Rudnick LLP and (b) Snow Spence Green LLP; (viii) the United States Attorney's Office for the Southern District of Texas; (ix) the Internal Revenue Service; (x) the United States Securities and Exchange Commission; (xi) the state attorneys general for states in which the Debtors conduct business; and (xii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 23, 2019
      Houston, Texas

Respectfully,

*/s/ John F. Higgins*
John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
Aaron J. Power (TX 24058058)
M. Shane Johnson (TX 24083263)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248
Email: jhiggins@porterhedges.com
      eenglish@porterhedges.com
      apower@porterhedges.com
      sjohnson@porterhedges.com

– and –

George A. Davis (admitted *pro hac vice*)
Annemarie V. Reilly (admitted *pro hac vice*)
Brett M. Neve (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email: george.davis@lw.com
      annemarie.reilly@lw.com
      brett.neve@lw.com
– and –

Caroline Reckler (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9667
Email: caroline.reckler@lw.com

US-DOCS\111497165.12

– and –

Andrew Sorkin (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201
Email: andrew.sorkin@lw.com

*Counsel for the Debtors and Debtors in Possession*

US-DOCS\111497165.12