# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ALTA MESA RESOURCES, INC., *et al.*, | § § | Case No. 19-35133 (MI) |
| Debtors. | § § | (Jointly Administered) |
| Tax I.D. No. 81-4433840 | § § § | |
| In re: | § § § | Chapter 11 |
| KINGFISHER MIDSTREAM, LLC, | § § | Case No. 20-30218 (MI) |
| Debtor. | § § | |
| | § | (Emergency Hearing Requested) |
| Tax I.D. No. 30-1141357 | § § § | |
| In re: | § § § | Chapter 11 |
| KINGFISHER STACK OIL PIPELINE, LLC, | § § § | Case No. 20-30219 (MI) |
| Debtor. | § § | |
| | § | (Emergency Hearing Requested) |
| Tax I.D. No. 61-1888858 | § § § | |
| In re: | § § § | Chapter 11 |
| OKLAHOMA PRODUCED WATER SOLUTIONS, LLC, | § § § | Case No. 20-30220 (MI) |
| Debtor. | § § | |
| | § | (Emergency Hearing Requested) |
| Tax I.D. No. 37-1910256 | § § | |

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CIMARRON EXPRESS PIPELINE, LLC, | § § | Case No. 20-30221 (MI) |
| Debtor. | § § § | (Emergency Hearing Requested) |
| Tax I.D. No. 82-5521545 | § § | |

**EMERGENCY MOTION OF KFM DEBTORS PURSUANT TO
FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 FOR ORDER
<u>DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON JANUARY 14, 2020 AT 2:30 PM (PREVAILING CENTRAL TIME) IN COURTROOM 404, 4th FLOOR, 515 RUSK STREET, HOUSTON, TX 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN JANUARY 14, 2020.**

Kingfisher Midstream, LLC and its subsidiaries, as debtors and debtors in possession (collectively, the "**KFM Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. On September 11, 2019, Alta Mesa Resources, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "**Initial Debtors**" and, together with the KFM Debtors, the "**Debtors**"), each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").[1] On the date hereof,

---

[1] A detailed description surrounding the facts and circumstances of the Initial Debtors' chapter 11 cases is set forth in the *Declaration of John C. Regan in Support of the Chapter 11 Petitions and First Day Pleadings*, filed on September 11, 2019 [Docket No. 16].

2

each KFM Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.

2. Both the Initial Debtors and the KFM Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. On September 27, 2019, the United States Trustee for the Southern District of Texas ("**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors with respect to the Initial Debtors.

3. Additionally, on the date hereof, SRII Opco GP, LLC and SRII Opco, LP, affiliates of the Initial Debtors and the KFM Debtors, each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code and requested the joint administration of their chapter 11 cases with the chapter 11 cases of the Initial Debtors pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the KFM Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of John C. Regan in Support of the KFM Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Regan KFM Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Regan KFM Declaration.

3

**Jurisdiction**

5.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.     By this Motion, pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the KFM Debtors request entry of an order directing joint administration of the recently filed chapter 11 cases of the KFM Debtors with the jointly administered chapter 11 cases of the Initial Debtors for procedural purposes only.

7.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should be Granted**

8.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with

4

> power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). In addition, Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. The Debtors are affiliates of one another because AMR owns, either directly or indirectly, at least 20% of the outstanding voting interests in each of the other Debtors. Accordingly, the Court is authorized to jointly administer these cases for procedural purposes.

9. Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Joint administration will also relieve the Court from entering duplicative orders and maintaining duplicative files and dockets. The U.S. Trustee and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

10. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

11. The KFM Debtors respectfully request that the chapter 11 cases of the KFM Debtors be administered under the following caption:

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| ALTA MESA RESOURCES, INC., *et al.*, | § § | Case No. 19-35133 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The Debtors' mailing address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

12. The KFM Debtors also request that the following notation be entered on the docket in each KFM Debtor's chapter 11 case to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Alta Mesa Resources, Inc., *et al*. The docket in Case No. 19-35133 (MI) should be consulted for all matters affecting these cases.

13. For the foregoing reasons, the relief requested herein is necessary, appropriate, and in the best interests of the KFM Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Court should authorize the relief requested.

## Notice

14. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the holders of the 30 largest unsecured claims against the KFM Debtors on a consolidated basis; (iii) Vinson & Elkins LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 3900, Dallas, Texas 75201 (Attn: William L. Wallander, Esq.), counsel to Wells Fargo Bank, N.A. as Administrative Agent under the Credit Agreement; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of Texas; (vi) any party that has requested notice

6

pursuant to Bankruptcy Rule 2002 with respect to the KFM Debtors; and (vii) any other party entitled to notice pursuant to Local Rule 9013-1(d).

## No Previous Request

15. No previous request for the relief sought herein has been made by the KFM Debtors to this or any other court.

WHEREFORE the KFM Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 12, 2020
      Houston, Texas

        /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Kelly DiBlasi (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
      Kelly.DiBlasi@weil.com
      Lauren.Tauro@weil.com

*Proposed Attorneys for KFM Debtors*

**Certificate of Service**

I hereby certify that on January 12, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the KFM Debtors' proposed claims, noticing, and solicitation agent.

                                                     */s/ Alfredo R. Pérez*
                                                     Alfredo R. Pérez

## **Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **ALTA MESA RESOURCES, INC.**, *et al.*, | § § | **Case No. 19-35133 (MI)** |
| Debtors. | § § | (Jointly Administered) |
| Tax I.D. No. 81-4433840 | § § | |
| **In re:** | § § § | **Chapter 11** |
| **KINGFISHER MIDSTREAM, LLC,** | § § | **Case No. 20-30218 (MI)** |
| Debtor. | § § | |
| Tax I.D. No. 30-1141357 | § § | |
| **In re:** | § § § | **Chapter 11** |
| **KINGFISHER STACK OIL PIPELINE, LLC,** | § § § | **Case No. 20-30219 (MI)** |
| Debtor. | § § | |
| Tax I.D. No. 61-1888858 | § § | |
| **In re:** | § § § | **Chapter 11** |
| **OKLAHOMA PRODUCED WATER SOLUTIONS, LLC,** | § § § | **Case No. 20-30220 (MI)** |
| Debtor. | § § | |
| Tax I.D. No. 37-1910256 | § § | |

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CIMARRON EXPRESS PIPELINE, LLC, | § § § | Case No. 20-30221 (MI) |
| Debtor. | § § § | Re: Docket No. __ |
| Tax I.D. No. 82-5521545 | § § § | |

### ORDER PURSUANT TO FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion, dated January 12, 2020 (the "**Motion**"),[1] of the KFM Debtors for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 directing joint administration of their chapter 11 cases, all as more fully set forth in the Motion; and upon consideration of the Regan KFM Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

**IT IS HEREBY ORDERED THAT**

1. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 19-35133 (MI). Additionally, the following checked items are ordered:

   ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

   ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

   ☒ Other: See below.

2. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

3. Nothing contained in this Order shall be deemed or construed as conferring standing on any party in interest in the Initial Debtors' chapter 11 cases to appear in the KFM Debtors' chapter 11 cases absent any such right under section 1109 of the Bankruptcy Code.

4. Nothing contained in this Order shall be deemed or construed to apply any relief requested or previously granted or that may be in the future requested or granted in these chapter 11 cases for the Initial Debtors to the KFM Debtors, or for the KFM Debtors to the Initial Debtors, absent an express order of this Court. Accordingly and consistent with the foregoing, (i) requests for relief in these chapter 11 cases by a Debtor will only apply to the Initial Debtors or the KFM Debtors, as applicable, unless counsel for each of the Initial Debtors and the KFM Debtors has signed a given pleading requesting such relief and (ii) requests for relief by third parties shall only apply to the Initial Debtors or the KFM Debtors, as applicable, absent further order of this Court. Further, third parties must designate on the first page of every affirmative

pleading requesting relief as to a Debtor "**RELIEF REQUESTED AS TO THE [INITIAL DEBTORS OR KFM DEBTORS]**," as applicable.

5. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **ALTA MESA RESOURCES, INC.,** *et al.*, | § § § | **Case No. 19-35133 (MI)** |
| Debtors.[1] | § § § | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The Debtors' mailing address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

6. A docket entry shall be made on the docket in each KFM Debtor's chapter 11 case as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Alta Mesa Resources, Inc., *et al.* The docket in Case No. 19-35133 (MI) should be consulted for all matters affecting this case.

7. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

8. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

4

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
      Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE