# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

---------------------------------------------------------------------x
In re                                                     :     Chapter 11
                                                          :
ALTA MESA RESOURCES, INC., *et al.*,                      :     Case No. 19-35133 (MI)
                                                          :
                Debtors.¹                         :     Jointly Administered
---------------------------------------------------------------- :
MUSTANG GAS PRODUCTS, LLC,                                :
                                                          :
                Plaintiff                        :
v.                                                        :     Adv. Pro. No.  20-_____
                                                          :
OKLAHOMA ENERGY ACQUISITIONS, LP**,**                     :
WELLS FARGO BANK, NATIONAL                                :
   ASSOCIATION, as Administrative Agent,                 :
KINGFISHER MIDSTREAM, LLC,                                :
SIMONS PETROLEUM, LLC,                                    :
FIELDPOINT ENERGY SERVICES, LLC,                          :
CATHEDRAL ENERGY SERVICES, INC.,                          :
PANTHER DRILLING SYSTEMS LLC,                             :
STEVENS TRUCKING CO.,                                     :
HAMILTON ENGINEERING, INC.,                               :
TENARIS GLOBAL SERVICES (USA)                             :
   CORPORATION,                                           :
SUMMIT ESP, LLC,                                          :
HALLIBURTON ENERGY SERVICES, INC.,                        :
TETRA TECHNOLOGIES, INC.,                                 :
BRONCO OILFIELD SERVICES, INC.,                           :
FLOWCO PRODUCTION SOLUTIONS, LLC,                         :
QES PRESSURE PUMPING, LLC,                                :
RIG RUNNER, INC.,                                         :
COMPLETE ENERGY SERVICES, INC.,                           :
BASIC ENERGY SERVICES, LP,                                :
OIL PATCH GROUP, INC.,                                    :
                                                          :
                Defendants.                      :
---------------------------------------------------------------------x

---

¹ The debtors in the above-captioned chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher

{2074879;}                                  1

## COMPLAINT

Plaintiff, Mustang Gas Products, LLC, for its claims against the Defendants herein alleges and states as follows:

### Jurisdiction & Venue

1. The above-captioned bankruptcy cases (the "Cases") were commenced on September 11, 2019, January 12, 2020 and January 13, 2020, through the filing of voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. The United States District Court for the Southern District of Texas ("District Court") possesses subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), as a proceeding arising under Title 11, arising in a case under Title 11, or related to a case under Title 11. The District Court has referred this proceeding to this Court pursuant to 28 U.S.C. §§ 157(a) and (b).

3. This is a "core proceeding" under 28 U.S.C. § 157(b)(2), which this Court may hear and determine. Nonetheless, pursuant to Federal Rule of Bankruptcy Procedure 7008 and Bankruptcy Local Rule 7008-1, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. This adversary proceeding is commenced pursuant to Bankruptcy Rules 7001(2) (allowing an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property") and 7001(7) (allowing an adversary proceeding for injunctive relief).

---

Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). (collectively, the "Debtors").

{2074879;}                                                2

Declaratory relief is appropriate in this adversary proceeding pursuant to Bankruptcy Rule 7001(9) and 28 U.S.C. § 2201.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## Factual Background

OEA Bankruptcy and Sale Process

6. The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. Defendant Oklahoma Energy Acquisitions, LLC ("OEA") owns certain mineral interests in Kingfisher County, Oklahoma, and operates producing gas wells in connection with those mineral interests.

8. In the Cases, OEA proposed to sell certain of the real property interests allegedly owned by it ("OEA Assets"). *See* Cases Docket No. 126.

9. On October 11, 2019, this Court entered the *Order Establishing Bidding Procedures Relating to the Sale of All or a Portion of the Debtors' Assets* [Cases Docket No. 317] (the "Sale Order") which, among other things, established procedures for bidding and an auction of the OEA Assets, under Section 363 of the Bankruptcy Code (the "Sale Process").

10. Under the Sale Process, an auction of the OEA Assets was conducted on January 15, 2020.

11. BCE-Mach III LLC has been identified as the Successful Bidder for the OEA Assets.

12. Court approval and consummation of a sale of the OEA Assets will result in the receipt by OEA, as debtor-in-possession, of cash proceeds from such sale ("Sale Proceeds").

Mustang's Property Interests

13. Plaintiff, Mustang Gas Products, LLC ("Mustang") entered into, or is a successor-in-interest under, a number of gas purchase agreements that pertain to and govern the sale of gas from lands, leases and wells ("Mineral Interests") located in Kingfisher County, Oklahoma (the "Kingfisher County Agreements").

14. Mustang's Kingfisher County Agreements "touch and concern the land" because, among other things, they contain gas dedication covenants ("Mustang Covenant Interests") that burden certain Mineral Interests (the "Mustang-Burdened Interests"), and thereby affect the value of such Mineral Interests.

15. The parties to the Kingfisher County Agreements intended that they "run with the land."

16. OEA has acquired Mineral Interests that are, and were at all relevant times, part and parcel of the Mustang-Burdened Interests. Specifically, OEA has acquired and owns working interests in the Mineral Interests covered by certain of Mustang's Kingfisher County Agreements (the "OEA Agreements"), and by virtue of its ownership of such Mineral Interests is bound by the covenants and dedications therein.

17. The OEA Agreements -- substantially all of which are listed on Exhibit A to this Complaint -- concern Mineral Interests in the following Townships ("T") and Ranges ("R") in Kingfisher County, Oklahoma: T15N-R5W, T15N-R6W, T16N-R5W, T16N-R6W, Tl 7N- R5W, T17N-R6W, T18N-R5W, T18N-R6W, T19N-R5W, and Tl9N-R6W.

18. Mustang and OEA are in privity of estate with respect to the OEA Agreements, the Mustang Covenant Interests and the OEA Assets.

19. Under Oklahoma law, the Mustang Covenant Interests in the OEA Agreements "run with the land", and thus constitute real property interests in the OEA Assets.

20. The OEA Assets proposed to be sold in the Cases include real property burdened by the Mustang Covenant Interests.

21. The present value of Mustang's Covenant Interests in the OEA Assets exceeds $37 million, subject to final liquidation and valuation in this adversary proceeding.

22. Defendant Wells Fargo Bank, National Association, Administrative Agent for certain creditors of OEA, may purport to hold mortgage and/or security interests in the OEA Assets by virtue of the obligations of, and transfers from, OEA under, *inter alia*, that certain *Eighth Amended and Restated Credit Agreement*, dated as of February 9, 2018 (the "Wells Fargo Security Interests").

23. The Mustang Covenant Interests in the OEA Assets are prior in time and right to, and are therefore not encumbered by, the Wells Fargo Security Interests therein, if any.

24. Defendant Kingfisher Midstream, LLC may purport to hold covenant rights under gas gathering agreements burdening the OEA Assets (the "Kingfisher Covenant Interests").

25. The Mustang Covenant Interests in the OEA Assets are prior in time and right to the Kingfisher Covenant Interests therein, if any.

26. Defendants Simons Petroleum, LLC, Fieldpoint Energy Services, LLC, Cathedral Energy Services, Inc., Panther Drilling Systems LLC, Stevens Trucking Co., Hamilton Engineering, Inc., Tenaris Global Services (USA) Corporation, Summit ESP, LLC, Halliburton Energy Services, Inc., Tetra Technologies, Inc., Bronco Oilfield Services, Inc., Flowco Production Solutions, LLC, QES Pressure Pumping, LLC, Rig Runner, Inc., Complete Energy Services, Inc.,

Basic Energy Services, LP, and Oil Patch Group, Inc., may purport to hold statutory lien rights in the OEA Assets under 42 O.S. § 144, *inter alia* (the "Statutory Lien Interests").

27.     The Mustang Covenant Interests in the OEA Assets are prior in time and right to the Statutory Lien Interests therein, if any..

### First Claim for Relief
### (Declaratory Relief)

The Plaintiff hereby incorporates ¶¶ 1 through 27 of this Complaint as if set forth more fully in this First Claim for Relief.

28.     Under the foregoing facts, and 28 U.S.C. § 2201(a), Mustang is entitled to a declaration that (i) the Mustang Covenant Interests are real property rights and interests burdening the OEA Assets and their Sale Proceeds, and (ii) the value of the Mustang Covenant Interests in the OEA Assets and their Sale Proceeds is an amount, not less than $37 million, to be determined in this adversary proceeding.

29.     Under the foregoing facts, and 28 U.S.C. § 2201(a), Mustang is entitled to a declaration that the Mustang Covenant Interests enjoy priority over the Wells Fargo Security Interests in the OEA Assets and their Sale Proceeds.

30.     Under the foregoing facts, and 28 U.S.C. § 2201(a), Mustang is entitled to a declaration that the Mustang Covenant Interests enjoy priority over the Kingfisher Covenant Interests in the OEA Assets and their Sale Proceeds.

31.     Under the foregoing facts, and 28 U.S.C. § 2201(a), Mustang is entitled to a declaration that the Mustang Covenant Interests enjoy priority over the Statutory Lien Interests in the OEA Assets and their Sale Proceeds.

**Second Claim for Relief**
**(Adequate Protection)**

The Plaintiff hereby incorporates ¶¶ 1 through 31 of this Complaint as if set forth more fully in this Second Claim for Relief.

32. Bankruptcy Code Section 363(e) provides, in pertinent part, that "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

33. The Mustang Covenant Interests in the OEA Assets and their Sale Proceeds are interests in property for which Bankruptcy Code 363(e) requires adequate protection.

34. Under the circumstances of the Sale Process, adequate protection of the Mustang Covenant Interests includes, at a minimum, the impression and preservation of those interests in the Sale Proceeds in the same priority they enjoy in the OEA Assets, and in due course, payment of the value of the Mustang Covenant Interests from the Sale Proceeds.

**Third Claim for Relief**
**(Injunctive Relief)**

The Plaintiff hereby incorporates ¶¶ 1 through 34 of this Complaint as if set forth more fully in this Third Claim for Relief.

35. Pursuant to Bankruptcy Code Sections 105(a) and 363(e), and this Court's general equitable powers, it is appropriate that OEA be preliminarily and permanently enjoined from distributing the Sale Proceeds in any manner inconsistent with the relief otherwise requested in this Complaint.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows: (i) declaring the value of the Mustang Covenant Interests; (ii) declaring that the Mustang Covenant Interests are superior in right to the interests of all Defendants in the OEA Assets and their Sale Proceeds; (iii) ordering that the Mustang Covenant Interests be impressed upon, preserved in, and paid from, the Sale Proceeds; (iv) preliminarily and permanently enjoining any distribution of the Sale Proceeds in any manner inconsistent with the relief otherwise requested in this Complaint; and (v) providing such further relief as this Court deems just and proper.

Dated: January 20, 2020

Respectfully submitted,

*/s/ Mark D.G. Sanders*
Mark D.G. Sanders ("Attorney in Charge")
OBA #22922 (admitted *pro hac vice*)
Email: msanders@gablelaw.com
Mia Vahlberg
OBA #20357 (admitted *pro hac vice*)
Email: mvahlberg@gablelaw.com
**Gable & Gotwals, P.C.**
1100 ONEOK Plaza,
100 West Fifth Street
Tulsa, Oklahoma 74103
Telephone: 918.595.4800
Facsimile: 918.595.4990

**ATTORNEYS FOR PLAINTIFF**

<u>Of Counsel for Plaintiff</u>:

| | |
|---|---|
| Thomas A. Connop<br>State Bar No. 04702500<br>S.D. Bar No. 11449<br>Email: tconnop@lockelord.com<br>Matthew H. Davis<br>State Bar No. 24069580<br>S.D. Tex. Bar No. 1124612<br>Email: mdavis@lockelord.com<br>**LOCKE LORD LLP**<br>2200 Ross Avenue, Suite 2800<br>Dallas, Texas 75201-6776<br>Telephone:  (214) 740-8000<br>Facsimile:  (214) 740-8800 | Kenneth H. Blakley<br>State Bar No. 786457<br>**Edinger Leonard & Blakley**<br>6301 N. Western Ave.<br>Suite 250<br>Oklahoma City, OK  73118<br>Telephone: (405) 848-8300<br>Facsimile: (405) 605-8381<br>Email: KBlakley@ELBAttorneys.com |

**EXHIBIT A**

(OEA Agreement List)

Mustang entered into a gas purchase agreement-Contract Number 895011- dated November 1, 2007, with Hinkle Oil and Gas, Inc. and OEA, as sellers.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9937CD-dated May 20, 1965 with W.C. Payne and Plant Improvement Co., Inc., as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9898CD-dated January 22, 1964 with Beard Oil Company, as seller.

Mustang is a successor-in-interest a gas purchase agreement-Contract Number 9741CD-dated August 18, 1961 with Monsanto Chemical Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9187CD-dated November 3, 1967 with Calvert Funds, Inc., as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9012CD-dated May 4, 1966, with C.F. Braun & Co., as seller.

Mustang entered into to a gas purchase agreement -Contract Number 895022-dated April 1, 2010 with Fuksa Investments, Inc., as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9028CD -dated June 17, 1966 with Richard D. Buck, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9186CD-dated October 13, 1967 with Pan American Petroleum Corporation, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9319CD-dated August 1, 1972 with David R. Sylvan, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9367CD-dated November 30, 1978 with Odessa Natural Corporation, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9442CD -dated November 4, 1981  with FCD Oil Corporation, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9637CD-dated November 17, 1961 with Union Texas Natural Gas Corporation, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9638CD-dated August 18, 1961 with Gulf Oil Corporation, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9648CD-dated October 25, 1961 with Hall-Jones Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9664CD-dated July 3, 1962 with Blaik Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9667CD-dated August 6, 1962 with Big Chief Drilling Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9724CD-dated April 25, 1961 with Humble Oil & Refining Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9726CD-dated April 27, 1961 with Keener Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9737CD-dated June 21, 1961 with Marion Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9753CD-dated June 30, 1961 with Shell Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9762CD-dated August 18, 1961 with Sunray Mid- Continent Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9772CD-dated August 18, 1961 with United Producing Company, Inc., as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9774CD-dated August 18, 1961 with Wilcox Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9799CD-dated July 18, 1963 with Kirkpatrick Oil & Gas LLC, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9804CD-dated July 19, 1963 with Kirkpatrick Oil & Gas LLC, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9283CD-dated March 1, 1984, with Beard Oil Company as seller.

Mustang entered into a gas purchase agreement-Contract Number 895026-dated February 1, 2011, with Chaparral Energy, LLC as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9834CD -dated September 15, 1961 with Sinclair Oil & Gas Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9843CD -dated August 2, 1963 with National Cooperative Refinery Association, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9861CD -dated May 4, 1961 with Bruce Anderson and Beard Oil Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9887CD_D -dated June 8, 1964 with Texaco Inc., as seller .

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9924CD -dated May 3, 1964 with Petroleum, Inc., as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9929CD -dated January 22, 1965 with Belander Producing Company, as seller.

Mustang is a successor-in-interest to a gas purchase agreement-Contract Number 9958CD -dated November 2, 1965 with Harper Oil Company et al., as seller.