**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALTA MESA RESOURCES, INC., et al.,[1] | § | Case No. 19-35133 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**SUMMARY COVER SHEET OF THE THIRD AND FINAL APPLICATION OF CONWAY MACKENZIE, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 1, 2020 THROUGH AND INCLUDING JUNE 8, 2020**

| | | |
|---|---|---|
| Name of Applicant: | Conway MacKenzie, Inc. | |
| Applicant's Role in Case: | Financial Advisor to the Official Committee of Unsecured Creditors | |
| Date Order of Employment Signed: | November 25, 2019, *nunc pro tunc* to September 29, 2019 | |
| | Beginning of Period | End of Period |
| Time period covered by this application: | 4/1/2020 | 6/8/2020 |
| Time period covered by prior applications: | 9/29/2019 | 3/31/2020 |
| Total amounts awarded in all prior applications: | | $1,307,906.95 |
| Total fees applied for in this application and in all prior applications | | $1,817,676.75 |
| Total fees requested in this application: | | $192,036.50 |
| Total professional fees requested in this application: | | $190,979.00 |
| Total actual professional hours covered by this application: | | 224.4 |
| Average hourly rate for professionals: | | $851.07 |
| Total paraprofessional fees requested in this application: | | $1,057.50 |
| Total actual paraprofessional hours covered by this application: | | 4.7 |

[1]     The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

| | |
|---|---|
| Average hourly rate for paraprofessionals: | $225.00 |
| Reimbursable expenses sought in this application: | $45.00 |
| Total to be Paid to Priority Unsecured Creditors: | N/A |
| Anticipated % Dividend to Priority Unsecured Creditors: | N/A |
| Total to be Paid to General Unsecured Creditors: | Class 3 – AMR General Unsecured Claims (i) Pro Rata share of the Excess AMR Distributable Cash; and (ii) Pro Rata share of the Excess AMR Reserve Amounts. <br><br> Class 4 – Prepetition Senior Notes Claims (i) Pro Rata share of 100% of the Prepetition Senior Notes Distributable Cash ($2.25MM); and (ii) Pro Rata Share of the AMH Litigation Trust Interests. <br><br> Class 5 – AMH General Unsecured Claims Pro Rata share of 100% of the AMH GUC Distributable Cash ($2.5MM). <br><br> Class 6 – Prepetition AMH RBL Deficiency Claim Pro Rata share of the AMH Litigation Trust Interests. <br><br> Class 7 – SRII General Unsecured Claims Payment in full in cash from the SRII Claims Reserve. |
| Anticipated % Dividend to General Unsecured Creditors: | 0.4% - 100% |
| Date of Confirmation Hearing: | May 27, 2020 |
| Indicate whether plan has been confirmed: | Yes |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALTA MESA RESOURCES, INC., et al.,[1] | § | Case No. 19-35133 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**THIRD AND FINAL APPLICATION OF CONWAY MACKENZIE, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 1, 2020 THROUGH AND INCLUDING JUNE 8, 2020**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE APPLICANT TO RESOLVE THE DISPUTE. IF YOU AND THE APPLICANT CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE APPLICANT. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

1

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Conway MacKenzie, Inc. ("Conway MacKenzie"), as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") of the debtor and debtor

in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits its third and final fee application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit H (the "Proposed Order") granting interim and final allowance of (i) compensation earned for professional services rendered on behalf of the Committee during the period from April 1, 2020 through and including June 8, 2020 (the "Application Period"), along with additional amounts incurred in the preparation of this Application, in the total amount of $192,036.50 and (ii) reimbursement of actual and necessary expenses incurred by Conway MacKenzie on behalf of the Committee during the Application Period in the amount of $45.00.  In support of this Application, Conway MacKenzie states as follows:

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       Venue is proper pursuant to 28 U.S.C. § 1408.

3.       The statutory and legal bases for the relief requested herein are sections 328(a), 330 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4.        On September 11, 2019 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.        On September 27, 2019, the United States Trustee for the Southern District of Texas appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 183]. Shortly after its formation, the Committee selected Conway MacKenzie as its Financial Advisor, subject to this Court's approval.

6.        On October 29, 2019, the Committee filed the *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330 and 1103 of the Bankruptcy code, Federal Rules of Bankruptcy Procedure 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authorization to Retain and Employ Conway Mackenzie, Inc. as Financial Advisor nunc pro tunc to September 29, 2019* [Docket No. 428] (the "Retention Application").[12]  By the Retention Application, the Committee requested the Court's authorization to retain and employ Conway MacKenzie.   On November 25, 2019, the Court entered the order approving the Retention Application under sections 328(a) and 1103 of the Bankruptcy Code, *nunc pro tunc* to September 29, 2019 [Docket No. 587] (the "Retention Order").   A copy of the Retention Application is attached hereto as Exhibit A, and a copy of the Retention Order is attached hereto as Exhibit B.

7.        On November 12, 2019, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Retention Application.

**TERMS OF CONWAY MACKENZIE'S RETENTION**

8.　　The Retention Order authorized the compensation of Conway MacKenzie pursuant to section 328(a) of the Bankruptcy Code on an hourly fee basis ranging from $200 (analyst) to $1,285 (senior managing director), as set forth in detail in the Retention Application.

9.　　In addition to the compensation payable to Conway MacKenzie under the Retention Application and the Retention Order, the Retention Order provides that Conway MacKenzie will be reimbursed for reasonable and necessary out-of-pocket expenses incurred in connection with its engagement by the Committee.

**SUMMARY OF SERVICES RENDERED**

10.　　Conway MacKenzie is a financial and operational consulting firm specializing in turnaround management, performance improvement, litigation support, interim management, valuation and fairness, transactional diligence, and investment banking services to corporate clients.

11.　　During the Application Period, Conway MacKenzie performed significant services on behalf of the Committee, including, but not limited to, a comprehensive review of the Debtors' assets and assessment of the sales process, valuations, creditor distribution analyses, and other financial advisory services.

12.　　Conway MacKenzie kept track of its time during the Application Period and included time and expense details and summaries in this Application.

13.　　Conway MacKenzie previously submitted three monthly fee statements for fees and expenses incurred in accordance with the interim compensation procedures order approved in these cases. This Application is supported by the fee statements attached hereto as Exhibit C-1 (covering the period from April 1, 2020 through April 30, 2020), Exhibit C-2 (covering the period from May

1, 2020 through May 31, 2020), and <u>Exhibit C-3</u> (covering the period from June 1, 2020 through June 8, 2020).

14.     The Debtors Plan of Reorganization was effective on June 8, 2020 (the "Effective Date"). Services rendered subsequent to the Effective Date are included in <u>Exhibit C-4</u> and solely relate to preparation of this Application. Exhibit C-4 includes an estimate for additional time to be incurred subsequent to July 22, 2020 in the amount of $10,000.

15.     Conway MacKenzie's total time and fees and expenses during the Application Period are summarized in <u>Exhibit D</u> and <u>Exhibit E</u>, respectively, and included in the table below:

|  | Fees | Expenses | Exhibit |
|---|---|---|---|
| April 1, 2020 through April 30, 2020 Fee Statement | $127,129.00 | $0.00 | Exhibit C-1 |
| May 1, 2020 through May 31, 2020 Fee Statement | $33,153.00 | $0.00 | Exhibit C-2 |
| June 1, 2020 through June 8, 2020 Fee Statement | $6,544.00 | $45.00 | Exhibit C-3 |
| June 9, 2020 through July 22, 2020 | $25,210.50 | $0.00 | Exhibit C-4 |
| **Total Fee Statements** | **$192,036.50** | **$45.00** | Exhibits D & E |

16.     A general description and summary of services performed by Conway MacKenzie during the Application Period is set forth below.  The summary is organized by the categories in which Conway MacKenzie tracked its hours during the Application Period.

**<u>Asset Disposition</u>**

17.     Included in this Task Code is work performed related to the disposition of the Debtors' assets including, but not limited to:

  a. Analyzing, reviewing, and tracking various oil and gas assets, and leases;

  b. Advising, monitoring, and evaluating the sales process;

  c. Providing detailed analyses of bids and indications of interest received under the initial sales process and the remarketing of the assets and their related

structures and parties to determine overall value to the estate;

d. Providing market research and analysis relating to the sales process;

e. Analyzing and preparing an expert report related to the Debtors' well program; and

f. Meeting, discussing and corresponding with the Committee, Committee Counsel, and Debtors' advisors regarding the asset disposition and remarketing processes and related matters.

g. Conway MacKenzie expended 17.1 hours for a fee of $11,609.00.

**Cash Flow Reporting/Analysis**

18.     Included within this Task Code is work performed related to developing and analyzing waterfall distribution and other financial models including, but not limited to:

a. Analyzing cash collateral budget and preparing detailed analyses relating to the contested cash collateral budget;

b. Reviewing and preparing detailed analyses over the Debtors' weekly cash flow variance reports, cash collateral budgets and monthly operating reports;

c. Analyzing, assessing and preparing detailed analyses over the Debtors' wind down budget;

d. Reviewing and analyzing the Debtors' operating models and forecasts;

e. Evaluating the reasonableness of actual cash receipts and disbursements in relation to the approved cash collateral budget;

f. Meeting, discussing and corresponding with the Committee, Committee Counsel, and Debtors' advisors regarding the cash collateral and wind down budgets.

6

g.  Conway MacKenzie expended 21.1 hours for a fee of $16,123.00.

## Claims Analysis

19.     Included in this Task Code is time spent examining the claim's register and filed schedules including but not limited to:

a.  Analyzing, reconciling, and summarizing scheduled and asserted claims from the Debtors' claims register;

b.  Reviewing and analyzing prepetition accounts payable;

c.  Assessing and preparing detailed analyses of the general unsecured creditors' claims;

d.  Analyzing and preparing detailed analyses of the Debtors' potential contract rejection and litigation claims;

e.  Reviewing, assessing and preparing detailed analyses over the M&M lien claims filed by the creditors;

f.  Estimating the size and potential recoveries of general unsecured creditors' claims for mediation and settlement discussions; and

g.  Meeting, discussing and corresponding with the Committee, Committee Counsel, and Debtors' advisors regarding the claims analysis and related matters.

h.  Conway MacKenzie expended 30.4 hours for a fee of $22,893.00.

## Fee and Employment Applications

20.     Included within this Task Code is time expended performing various functions directly related to compliance with the retention requirements of the Bankruptcy Code and other pertinent rules, including preparation of the monthly and interim fee statements and this Application.

      a.  Conway MacKenzie expended 51.7 hours for a fee of $42,160.50.

**Hearing Attendance/Preparation**

21.     Included within this Task Code classification are services related to attending and preparing for hearings including, but not limited to:

      a.  Preparation for and the attendance of the hearings and status conferences; and

      b.  Meeting, discussing and corresponding with the Committee, Committee Counsel, and Debtors' advisors regarding the hearings and related matters.

      c.  Conway MacKenzie expended 6.0 hours for a fee of $4,707.00.

**Plan and Disclosure Statement**

22.     Included within this Task Code is time expended on evaluating and reviewing the Debtors' proposed Plan and Disclosure Statement. Time charged to this Task Code includes the following:

      a.  Preparing detailed analyses of the potential recoveries under various bids and settlement scenarios;

      b.  Analyzing and reviewing settlement term sheet and mediation statements prepared by the interested parties;

      c.  Preparing settlement term sheets to maximize the estates' value;

      d.  Preparing detailed analyses for use in mediation and settlement discussions; and

      e.  Meeting, discussing and corresponding with the Committee, Committee Counsel, Debtors' advisors, and other professional parties to come up with a global settlement resolution for the assets.

      f.  Conway MacKenzie expended 102.8 hours for a fee of $94,544.00.

23.     Attached hereto as <u>Exhibit F</u> is a summary showing the aggregate amount of time

and fees expended since the retention of Conway MacKenzie in connection with each Task Code including the time and fees that were the subject of the First Interim Application and the Second Interim Application. Additional details related to the time and fees expended by timekeeper are included in the First Interim Application and Second Interim Application.

24.     Attached hereto as Exhibit G is a summary of the actual and necessary expenses incurred since the retention of Conway MacKenzie including the expenses that were the subject of the First Interim Application and the Second Interim Application. Additional details summarizing actual and necessary expenses incurred by Conway MacKenzie in connection with the rendition of services are included in the First Interim Application and the Second Interim Application.

### **RELIEF REQUESTED**

25.     By this Application, Conway MacKenzie requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit H, (a) granting interim and final allowance of (i) compensation for professional services rendered by Conway MacKenzie as Financial Advisor to the Committee during the Application Period in the aggregate amount of $192,036.50; (ii) reimbursement of expenses incurred by Conway MacKenzie in connection with such services in the aggregate amount of $45.00; and (iii) granting final approval of all of Conway MacKenzie's previously submitted interim applications and (b) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Conway MacKenzie on account of Conway MacKenzie's fees and expenses.

26.     To date, Conway MacKenzie has been paid $1,307,906.95 on an interim basis pursuant to the interim compensation procedures order.

27.     There is no agreement or understanding between Conway MacKenzie and any other person, other than members of the firm, for the sharing of compensation to be received for services

rendered on behalf of the Committee.

### REASONABLE AND NECESSARY EXPENSES OF CONWAY MACKENZIE

28.     In addition to the compensation earned by Conway MacKenzie during the Application Period, Conway MacKenzie also incurred certain reasonable and necessary expenses during the Application Period for which it is entitled to reimbursement under the Retention Order. Conway MacKenzie's total expenses for the Application Period are $45.00. Summaries of the expenses incurred during the Application Period are set forth in greater detail on the attached Exhibit E.

### BASIS FOR RELIEF

29.     Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention.  See 11 U.S.C. § 328(a).  Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services.  See in re Nat'l Gypsum Co., 123 F.3d 861, 862-63 (5th Cir. 1997).  Section 328(a) expressly contemplates court approval of hourly fees.  See 11 U.S.C. § 328(a) ("[A] committee appointed under section 1102 . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on an hourly basis.").

30.     If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of Section 328(a)," the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation.  Zolfo, Cooper & Co. v. Sunbeam-

Oster Co., Inc., 50 F.3d 253, 261 (3d Cir. 1995).

31.     To render a previously approved fee arrangement "improvident" under the section 328(a) standard, a bankruptcy court must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement.  11 U.S.C. § 328(a).  It is not enough that developments in a case are simply unforeseen.  Daniels v. Barron (In re Barron), 225 F.3d 583, 585 (5th Cir. 2000).

32.     Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

33.     Conway MacKenzie's fees were earned under the terms of the Retention Application, as approved by the Retention Order.  Accordingly, Conway MacKenzie submits that the fees and expenses requested herein should be awarded on an interim and final basis.  There have been no circumstances in these cases which would give cause to question the terms of Conway MacKenzie's engagement terms, which the Court approved under section 328(a) of the Bankruptcy Code.

WHEREFORE, Conway MacKenzie requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit H, (a) granting final allowance of (i) compensation for professional services rendered by Conway MacKenzie as Financial Advisor to the Committee during the Application Period in the aggregate amount of $129,036.50,  and (ii) reimbursement of expenses incurred by Conway MacKenzie connection with such services in the aggregate amount of $45.00; and (iii) granting final approval of all of Conway MacKenzie's previously submitted interim applications and (b) authorizing and directing payment of all such amounts, less all amounts that the Debtors previously paid to Conway MacKenzie on account of Conway MacKenzie's fees and expenses.

Dated:  July 22, 2020                          CONWAY MACKENZIE, INC.

*/s/ John T. Young, Jr.*
John T. Young, Jr.
909 Fannin Street, Suite 4000
Houston, Texas 77010
Phone: (713) 650-0500
JYoung@ConwayMacKenzie.com

*Financial Advisor to the Committee*

**<u>Exhibit A</u>**

**Retention Application**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALTA MESA RESOURCES, INC., *et al*., | ) Case No. 19-35133 (MI) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS PURSUANT TO SECTIONS 328(a), 330
AND 1103 OF THE BANKRUPTCY CODE, FEDERAL RULES OF
BANKRUPTCY PROCEDURE 2014(a) AND 2016, AND LOCAL
RULES 2014-1 AND 2016-1 FOR AUTHORIZATION
TO RETAIN AND EMPLOY CONWAY MACKENZIE, INC. AS
FINANCIAL ADVISOR *NUNC PRO TUNC* TO SEPTEMBER 29, 2019**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762). The locations of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

TO THE HONORABLE JUDGE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned

debtors in possession (collectively, the "Debtors") hereby applies to the Court (this "Application")

pursuant to Section 1103(a) of title 11 of the U.S. Code (the "Bankruptcy Code"), Federal Rules

of Bankruptcy Procedure 2014(a) and 2016 ('the "Bankruptcy Rules"), and Rules 2014-1 and

2016-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Southern District of

Texas (the "Local Rules") for the entry of an order, in substantially the form as attached as Exhibit

A (the "Proposed Order"), (i) authorizing them to retain and employ Conway MacKenzie, Inc.,

together with its wholly owned subsidiaries, agents and independent contractors (collectively

"Conway MacKenzie"), as financial advisor to the Committee in the Debtors' chapter 11 case,

*nunc pro tunc* as of September 29, 2019; and (ii) granting certain related relief. In support of the

Application, the Committee submits the declaration of John T. Young, Jr. (the "Young

Declaration"), attached hereto as Exhibit B and incorporated herein by reference.  In support of

the Application, the Committee respectfully represents as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The relief sought with this Application is based upon Sections 328(a), 330, and

1103(a) of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## Statement of Facts

3.     On September 11, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), thereby commencing this chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.  No trustee or examiner has been appointed in the Debtor's Cases.

4.     On September 27, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of the following seven (7) members: (i) U.S. Bank, N.A. as Indenture Trustee; (ii) Bollenbach Enterprises LP; (iii) Wilks Bros., LLC; (iv) Tenaris Global Services; (v) QES Pressure Pumping; (vi) Kodiak Gas Services; and (vii) Baker Hughes Oilfield Services.

## Relief Requested

5.     By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 328(a), 330, and 1103(a) of the Bankruptcy Code, Bankruptcy Rule, and Local Rules, authorizing the Committee to employ and retain Conway MacKenzie as its financial advisor in this Case in accordance with the terms and conditions set forth in this Application.  The Committee has selected Conway MacKenzie in furtherance of the efficient administration of the estates on behalf of the Committee. The Committee seeks to retain Conway MacKenzie effective as of September 29, 2019 because Conway MacKenzie began providing services to the Committee as of such date.  The Committee

3

believes that such retention is appropriate in these Cases because the Committee required Conway

MacKenzie's assistance prior to such time as a retention application could be submitted to the

Court due to the exigencies of these Cases, and Conway MacKenzie has been providing services

to the Committee since September 29, 2019.

## Services to Be Provided

6.      Subject to further Order of this Court, Conway MacKenzie is expected to render,

among other services, the following services to the Committee:

<dl>
<dd>a.    Assistance in the analysis, review and monitoring of the restructuring process, including, but not limited to an assessment of potential recoveries for general unsecured creditors;</dd>

<dd>b.    Assistance in the assessment and monitoring of any sales process conducted on behalf of the Debtor and analysis of the proposed consideration;</dd>

<dd>c.    Assistance in the review of financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;</dd>

<dd>d.    Assistance in the review of the Debtors' prepetition financing transaction and associated events, including but not limited to, evaluating the Debtors' capital structure, financing agreements, defaults under any financing agreement and forbearances;</dd>

<dd>e.    Assistance with the review of the Debtors' analysis of core and non-core business assets, the potential disposition or liquidation of the same, and assistance regarding the review and assessment of any sales process relating to same;</dd>

<dd>f.    Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;</dd>

<dd>g.    Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;</dd>

<dd>h.    Assistance with the review of the affirmation or rejection of various executory contracts and leases;</dd>
</dl>

4

i. Assistance in the evaluation, analysis and forensic investigation of avoidance actions, including fraudulent conveyances and preferential transfers and certain transactions between the Debtors and affiliated entities;

j. Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

k. Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding; and

l. Assistance and support in the evaluation of restructuring, sale and liquidation alternatives.

### Professional Compensation

7. Bankruptcy Code section 328(a) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

8. Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, Conway MacKenzie proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. Conway MacKenzie professionals will be billed at their respective standard hourly rates, subject to periodic adjustments, with the following ranges:

| Professionals | Per Hour (USD) |
| --- | --- |
| Senior Managing Directors | $915 - $1,185 |
| Managing Directors | $725 - $970 |
| Directors | $580 - $700 |
| Senior Associates | $445 - $570 |
| Analysts | $200 - $435 |

9. Conway MacKenzie and the Committee expressly reserve their rights pursuant to section 1129(a)(9)(A) of the Bankruptcy Code for Conway MacKenzie to receive the full amount of compensation based on the foregoing notwithstanding the terms of any cash collateral order or secured financing order now or hereafter entered in this Case providing for a limitation on the amount of fees payable to Conway MacKenzie for specified or general purpose.

10. Conway MacKenzie will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger and telephone charges. Conway MacKenzie will charge for these expenses at rates consistent with charges made to other Conway MacKenzie clients, and subject to the guidelines of the United States Trustee.

11. Conway MacKenzie will maintain detailed records of fees and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules and guidelines.

12. In light of the foregoing, the Committee believes that Conway MacKenzie's fee structure is reasonable, market-based, and designed to fairly compensate Conway MacKenzie for its work in these Cases and to cover fixed and routine overhead expenses.

## Disinterestedness; Lack of Adverse Interest

13. To the best of the Committee's knowledge and based on the Young Declaration, the Committee submits that Conway MacKenzie is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). The Committee submits that Conway MacKenzie currently neither holds nor represents any interest adverse to the Debtors' estate or the Committee, except

6

as set forth in the Young Declaration. Further, except as set forth in the Young Declaration, Conway MacKenzie has no connection with any Debtor, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

14. Conway MacKenzie will not, while employed by the Committee, represent any other entity having an adverse interest in connection with the Debtors' Cases.

15. The Committee has been informed that Conway MacKenzie is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that Conway MacKenzie discovers any connection with any interested party or enters into any new relationship with any interested party, Conway MacKenzie will promptly supplement its disclosure to the Court.

16. Mr. John T. Young, Jr., in his individual capacity, and not in his capacity as a Senior Managing Director at Conway MacKenzie, serves as a director on the board of directors of Echo Energy Partners I, LLC ("Echo"). Echo is an independent oil and gas company headquartered in Oklahoma City, Oklahoma that creates unique oil and gas acquisition and exploration opportunities throughout the country. Echo's portfolio consists of, among other assets, non-operated working interests in approximately 2,000 oil and gas wells. On information and belief, Debtor Oklahoma Energy Acquisitions, LP ("OEA") owns and/or operates 11 of the approximately 2,000 wells in which Echo holds non-operated working interests. On information and belief, as a result, OEA could potentially (i) owe certain amounts to Echo in respect of such wells, and (ii) be owed certain amounts from Echo in respect of certain joint interest billing obligations between the

7

entities.  Given the size of the Debtors' and OEA's businesses and revenues, on information and belief, any such amounts due from OEA to Echo or amounts due from Echo to OEA would likely be immaterial to OEA's and the Debtors' businesses.  For the avoidance of doubt, Conway MacKenzie (i) does not hold any interest in Echo, (ii) does not represent Echo in connection with the Debtors' cases, and (iii) will not, while employed by the Committee, represent Echo in connection with the Debtors' cases.  In an abundance of caution, Conway MacKenzie has implemented an ethical wall in these cases such that Mr. Young will not be involved in any decisions or discussions involving Echo, in the unlikely event that they arise.  Further, Mr. Young has disclosed Conway MacKenzie's role in the Debtors' cases to the Echo board of directors and has advised the Echo board that he will be recusing himself from any decisions or discussions involving OEA and/or the non-operated working interests that Echo holds in the aforementioned OEA wells.

17.     The Committee submits that the employment of Conway MacKenzie on the terms and conditions set forth herein is in the best interests of the Debtors, their creditors, the Committee and all parties in interest.

### Indemnification

18.     Conway MacKenzie requests that the Debtors will indemnify, hold harmless and pay the reasonable out-of-pocket legal or other expenses of Conway MacKenzie or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons") under certain circumstances, as described more specifically in Exhibit C hereto (the "Indemnification Provisions").

19.     Financial advisors seek indemnification for a variety of reasons.  The performance of Conway MacKenzie's responsibilities requires the exercise of professional judgment regarding difficult business and financial issues, as to which many persons may have diverse financial interests.  Conway MacKenzie intends to rely on the accuracy and completeness of the financial information and other information to be provided by the Debtors.  The Committee notes that, in the event an Indemnified Person acts with gross negligence or willful misconduct, the estates will be entitled to recover amounts paid pursuant to the Indemnification Provisions.

20.     The Committee and Conway MacKenzie believe that the proposed Indemnification Provisions are customary and reasonable for financial advisory engagements, both out-of-court and in chapter 11 proceedings.  Similar indemnification arrangements have been approved and implemented in other large chapter 11 cases.  *See, e.g.*, *In re Dune Energy, Inc.*, No. 15-10336 (Bankr. W.D. Tex. May 18, 2015); *In re Pilgrim's Pride Corp.*, No. 08- 45664 (Bankr. N.D. Tex. Jan. 9, 2009); *In re New Century TRS Holdings, Inc.*, No. 07- 10416 (Bankr. D. Del. Apr. 26, 2007); *In re Foamex Int'l, Inc.*, No. 05-12685 (PJW) (Bankr. D. Del. Oct. 15, 2005); *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); *In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000), *aff'd sub nom. United States Tr. v. Newmark Retail Fin. Advisors LLC (In re Joan & David Halpern, Inc.)*, No. 00 Civ. 3601(JSM), 2000 WL 1800690 (S.D.N.Y. Dec. 6, 2000).

21.     The proposed Indemnification Provisions are also consistent with the standards that normally govern trustees and committees in chapter 11 cases.  *See Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir. 1977) (holding that a trustee is "(a) not liable, in any manner, for mistake in

9

judgment where discretion is allowed, (b) liable personally only for acts determined to be willful and deliberate in violation of his duties and (c) liable, in his official capacity, for acts of negligence."); *In re Chi. Pac. Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) (bankruptcy trustee can be personally liable only "for a willful and deliberate violation of his fiduciary duties"); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 752–53 (4th Cir. 1993) (collecting cases). Members of creditors' committees are also protected from liability in the absence of gross negligence. *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000). In fact, the Third Circuit has held that professionals employed by creditors' committees similarly should be protected from liability in the absence of gross negligence. *Id*.

22.     For these reasons, indemnification agreements are common market practice, both inside and outside of bankruptcy cases, and it is the standard practice for firms like Conway MacKenzie to obtain indemnities of the kind outlined above.

## Request for *Nunc Pro Tunc* Relief

23.     In light of the myriad motions and dealings pending as of the date of the Committee's selection of Conway MacKenzie, the Committee required the immediate assistance of Conway MacKenzie commencing on September 29, 2019 (the date on which the Committee selected Conway MacKenzie as its financial advisor). The Committee, therefore, requests that the Committee's retention of Conway MacKenzie be effective *nunc pro tunc* to that date. *See In re Arkansas Co.*, 798 F.2d 645, 648 (3d Cir. 1986) ("bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power").

10

24.     An order authorizing employment *nunc pro tunc* is required to ensure Conway MacKenzie is adequately compensated for the financial advisor services it has rendered.  No parties in interest will be prejudiced by Conway MacKenzie's *nunc pro tunc* retention.

25.     Courts routinely grant *nunc pro tunc* relief in this and other jurisdictions.  *See, e.g.*, *In re Energy XXI Ltd.*, Case No. 16-31928 (Bankr. S.D. Tex. June 7, 2016); *In re SandRidge Energy, Inc.*, Case No. 16-32488 (S.D. Tex. June 23, 2016); *In re Sherwin Alumina Co., LLC*, Case No. 16-20012 (Bankr. S.D. Tex. Feb. 2, 2016); *In re Allied Nev. Gold Corp.*, Case No. 15-10503 (Bankr. D. Del. Apr. 15, 2015); *In re GSE Envtl., Inc.*, Case No. 14-11126 (Bankr. D. Del. May 30, 2014); *In re Sorenson Commc'ns, Inc.*, Case No. 14-10454 (Bankr. D. Del. Mar. 25, 2014); *In re ATP Oil & Gas Corp.*, No. 12-36187 (Bankr. S.D. Tex. Dec. 21, 2012).

**<u>Basis for Relief</u>**

26.     By this Application, the Committee requests that the Court approve the compensation arrangements set forth herein pursuant to Bankruptcy Code sections 328(a), 330, and 1103(a).  The compensation arrangements are highly beneficial to the Debtors' estate as they provide the proper inducement for Conway MacKenzie to act expeditiously and prudently with respect to the matters for which it will be employed.  The compensation of Conway MacKenzie shall be subject to the standard of review only as set forth in Bankruptcy Code section 328 and not subject to any other standard of review; *provided*, *however*, that the U.S. Trustee shall retain the right to review Conway MacKenzie's compensation based on the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

27.     The Committee has specifically selected Conway MacKenzie to serve as its financial advisor because of its extensive experience in advising debtors, individual creditors, creditors' committees, and other constituents in large Chapter 11 cases.

28.     Pursuant to Bankruptcy Code section 328(a), the Committee may retain Conway MacKenzie on reasonable terms and conditions.  The Committee submits that Conway MacKenzie's terms of compensation and expense reimbursement as set forth herein are reasonable.

**Notice**

29.     Notice of this Application has been provided to all parties listed on the Debtors' Master Service List.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

30.     No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 28, 2019

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR
ALTA MESA RESOURCES, INC., *et al.*

By: _____

Christopher J. Ryan, solely in his capacity as
Chairperson of the Official Committee of
Unsecured Creditors of Alta Mesa
Resources, Inc., *et al.*

Case 19-35133 Document 1421 Filed in TXSB on 10/29/19 Page 14 of 43

Certificate of Service

      I certify that on October 29, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Kenneth Green*           
Kenneth Green

Case 19-35133 Document 428 Filed in TXSB on 10/29/19 Page 19 of 43

**EXHIBIT A**

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALTA MESA RESOURCES, INC., *et al.*, | ) | Case No. 19-31087 (MI) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CONWAY
MACKENZIE, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 29, 2019**

Upon the *Official Committee of Unsecured Creditor' Application for an Order Authorizing the Retention and Employment of Conway MacKenzie, Inc. as Financial Advisor, Nunc Pro Tunc to September 29, 2019* (the "Application"),[2] filed on October 28, 2019 and upon consideration of the Declaration of John T. Young, Jr. filed in support thereof (the "Young Declaration"); and the Court being satisfied with the representations made in the Application and the Young Declaration that Conway MacKenzie is a disinterested person to the extent required by Bankruptcy Code section 101(14), that Conway MacKenzie represents no interest adverse to any of the Debtors' estate and that Conway MacKenzie's employment is necessary and in the best interests of the Debtors, their creditors, the Committee, and all parties in interest; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing, therefore, it is hereby:

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762). The locations of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

ORDERED, that the Application is granted as set forth herein; and it is further

ORDERED, that, pursuant to Bankruptcy Code sections 328(a), 330, and 1103, the Committee is authorized to employ and retain Conway MacKenzie as financial advisor effective as of September 29, 2019, pursuant to and on the terms and conditions set forth in the Application, which is hereby approved in all respects; and it is further

ORDERED, that the Indemnifications Provisions identified on Exhibit C to the Application are hereby approved; subject to the following:

(a)     Conway MacKenzie shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application for Employment or Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b)     The Debtors shall have no obligation to indemnify Conway MacKenzie, or provide contribution or reimbursement to Conway MacKenzie, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Conway MacKenzie's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self dealing, or (ii) settled prior to a judicial determination as to Conway MacKenzie's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Conway MacKenzie should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Conway MacKenzie believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, Conway MacKenzie must file an application therefore in this Court, and the Debtors may not pay any such amounts to Conway MacKenzie before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Conway MacKenzie for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Conway MacKenzie. All parties in interest shall retain the right to object to any demand by

2

Conway MacKenzie for indemnification, contribution or reimbursement; and it is further

ORDERED that Conway MacKenzie shall file interim and final fee applications for allowance of its compensation and expenses subject to the jurisdiction and approval of this Court under section 328(a) of the Bankruptcy Code and in accordance with the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the U.S. Trustee, and any applicable orders of the Court. The fees payable to Conway MacKenzie shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, provided, however, that the U.S. Trustee shall retain the right to object to the fees payable to Conway MacKenzie based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. For billing purposes, Conway MacKenzie shall keep its time in one tenth (1/10) hour increments in accordance with the US Trustee Guidelines; and it is further

ORDERED that Conway MacKenzie shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that in the event that, during the pendency of these cases, Conway MacKenzie seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Conway MacKenzie's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be

subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that Conway MacKenzie shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Conway MacKenzie's fee applications in these bankruptcy cases; and it is further

ORDERED that notwithstanding anything in the Application to the contrary, to the extent that Conway MacKenzie uses the services of independent or third party contractors or subcontractors (the "Contractors") in these cases and Conway MacKenzie seeks to pass through the fees and/or costs of the Contractors to the Debtors, Conway MacKenzie shall (i) pass through the fees of such Contractors to the Debtors at the same rate that Conway MacKenzie pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only. In addition, Conway MacKenzie shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by Bankruptcy Code and Bankruptcy Rules; and it is further

ORDERED that to the extent there is inconsistency between the terms of the Application, the Young Declaration and this Order, the terms of this Order shall govern; and it is further

ORDERED that Conway Mackenzie shall use its best efforts, and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals, and it is further

ORDERED, that the Committee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

4

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2019

_____

HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

Case 19-35133 Document 428 Filed in TXSB on 10/28/19 Page 21 of 43

**EXHIBIT B**

**(Young Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALTA MESA RESOURCES, INC., *et al.*, | ) | Case No. 19-35133 (MI) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**DECLARATION OF JOHN T. YOUNG, JR. IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CONWAY MACKENZIE, INC., AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO SEPTEMBER 29, 2019**

I, John T. Young, Jr., being duly sworn, deposes and says:

1.      I am a Senior Managing Director at Conway MacKenzie, Inc. ("Conway MacKenzie"), and am duly authorized to execute this declaration on behalf of Conway MacKenzie. I submit this declaration, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in support of the *Official Committee of Unsecured Creditor' Application for an Order Authorizing the Retention and Employment of Conway MacKenzie, Inc. as Financial Advisor Nunc Pro Tunc to September 29, 2019* (the "Application")[2]. Unless otherwise stated, I have personal knowledge of the facts stated herein. To the extent any information disclosed herein requires amendment or modification upon Conway MacKenzie's completion of further review or as additional party-in-interest information becomes available to it,

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762). The locations of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## Conway MacKenzie's Qualifications

2.       Conway MacKenzie has been asked to serve as financial advisor to the Committee appointed in the above-captioned debtors in possession (the "Debtors").

3.       Conway MacKenzie is a restructuring advisory firm specializing in corporate restructurings, operations improvement, dispute resolution and valuation. Conway MacKenzie has extensive experience working with and for distressed companies in complex financial and operational restructurings, both out-of-court and in chapter 11 proceedings throughout the United States. Conway MacKenzie professionals have advised debtors, creditors and equity constituents in numerous reorganizations, which advisory services have included financial analysis and budgeting, forecasting, cash management, operational assessments and improvements, dispute and litigation advisory and interim management services. Conway MacKenzie has been involved in numerous oil and gas bankruptcies in capacities including advisor to official committees of creditors, advisor to official equity committees, advisor to secured and unsecured holders of debt, debtor advisory, and serving as a Chief Restructuring Officer.

4.       In light of the size and complexity of this chapter 11 Cases, the Committee requires the services of a seasoned and experienced financial advisor familiar with the industry to, among other things, assist the Committee in: (i) understanding the Debtors' businesses and operations; (ii) executing its fiduciary duties; and (iii) maximizing the value of the Debtors' estate. Therefore,

2

the Committee respectfully submits that the services of Conway MacKenzie are necessary and appropriate to ensure that the Committee's interests are protected.

5.     The Committee has selected Conway MacKenzie as its financial advisor based upon, among other things: (a) the Committee's need to retain a financial advisory firm to provide advice with respect to the Debtors' restructuring activities; (b) Conway MacKenzie's senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as these Cases; and (c) Conway MacKenzie's knowledge of the industry as well as the Debtors' businesses, operations, and capital structure.  Furthermore, the Committee believes that Conway MacKenzie is well-qualified to provide its services in a cost-effective, efficient, and timely manner.  The Committee submits that the employment and retention of Conway MacKenzie would be in the best interests of the Debtors, their estate and their creditors. Conway MacKenzie has agreed to provide financial advisory services to the Committee in the Debtors' chapter 11 Cases, pursuant to the terms and conditions set forth in the Application.

**Professional Compensation**

6.     Subject to the Court's approval, and in accordance with section 328(a), 330, and 1103 of the Bankruptcy Code, Conway MacKenzie proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. Conway MacKenzie professionals will be billed at their respective standard hourly rates, subject to periodic adjustments, with the following ranges:

| Professionals | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $915 - $1,185 |
| Managing Directors | $725 - $970 |
| Directors | $580 - $700 |
| Senior Associates | $445 - $570 |
| Analysts | $200 - $435 |

7. Conway MacKenzie will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger and telephone charges. Conway MacKenzie shall seek reimbursement for these expenses at cost consistent with Conway MacKenzie business practices, and subject to the guidelines of the United States Trustee.

8. Conway MacKenzie will maintain detailed records of fees and expenses incurred in connection with the rendering of the services described above, in accordance with applicable rules and guidelines.

9. The Committee believes that the fee structure is reasonable, market-based, and designed to fairly compensate Conway MacKenzie for its work in these Chapter 11 Cases and to cover fixed and routine overhead expenses.

10. According to Conway MacKenzie's books and records, during the ninety-day period prior to the Debtors' Petition date, Conway Mackenzie performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

11. To the best of my knowledge, (a) no commitments have been made or received by Conway Mackenzie with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, and (b) Conway

4

MacKenzie has no agreement with any other entity to share with such entity any compensation received by Conway MacKenzie in connection with these Chapter 11 Cases.

### Disinterestedness

12. Neither Conway MacKenzie, any director, officer or employee thereof, nor I, insofar as I have been able to ascertain, represents any interest adverse to that of the Debtors' estate in the matters upon which the Committee seeks to engage Conway MacKenzie, and I believe the firm to be a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

13. From time to time, Conway MacKenzie has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters wholly unrelated to these Chapter 11 Cases. As described below, however, Conway MacKenzie has undertaken a detailed search to determine, and to disclose, whether it is providing or has provided, services to or had material contact with any significant creditor, investor, insider or other party in interest in such unrelated matters.

14. Conway MacKenzie provides services in connection with numerous cases, proceedings and transactions unrelated to these Chapter 11 Cases. Those unrelated matters involve numerous attorneys, financial advisors and creditors, some of whom may be claimants or parties with actual or potential interests in these Chapter 11 Cases, or may represent such parties.

15. Conway MacKenzie's personnel may have business associations with certain creditors of the Debtors unrelated to these Chapter 11 Cases. In addition, in the ordinary course of its business, Conway MacKenzie may engage or have contact with counsel or other

5

professionals in unrelated matters who now represent, or who may in the future represent, creditors or other parties in interest in these Chapter 11 Cases.

16.     In connection with the preparation of this Declaration, Conway MacKenzie conducted a review of its (and its affiliates' and employees') contacts with the Debtors, their non-debtor affiliates, and certain entities holding claims against or interest in the Debtors that were made reasonably known to Conway MacKenzie.  A listing of the parties reviewed is reflected in Schedule 1 attached to this Declaration.  Conway MacKenzie's review, completed under my supervision, consisted of a review of the Conway MacKenzie computer database, which contains the names of all parties now or previously represented by Conway MacKenzie, and an internal email circulation of Conway MacKenzie personnel to determine the existence and nature of any representation or other contacts by Conway MacKenzie with any of the parties listed on Schedule 1 in any current or previous matters.

17.     Based on the results of its review, Conway MacKenzie (including its affiliates and employees) does not have a relationship or connection with any of the parties listed in Schedule 1 except as set forth in Schedule 2.  Conway MacKenzie's assistance to and/or contact with these parties has been related to providing various consulting services in matters unrelated to these Cases or to the Debtors.  To the best of my knowledge, no services have been provided to or contact made with these parties in interest which involve their rights in the Debtors' Cases, nor does Conway MacKenzie's involvement in these Cases compromise its ability to continue such consulting services.

18. I, in my individual capacity, and not in my capacity as a Senior Managing Director at Conway MacKenzie, serve as a director on the board of directors of Echo Energy Partners I, LLC ("Echo"). Echo is an independent oil and gas company headquartered in Oklahoma City, Oklahoma that creates unique oil and gas acquisition and exploration opportunities throughout the country. Echo's portfolio consists of, among other assets, non-operated working interests in approximately 2,000 oil and gas wells. On information and belief, Debtor Oklahoma Energy Acquisitions, LP ("OEA") owns and/or operates 11 of the approximately 2,000 wells in which Echo holds non-operated working interests. On information and belief, as a result, OEA could potentially (i) owe certain amounts to Echo in respect of such wells, and (ii) be owed certain amounts from Echo in respect of certain joint interest billing obligations between the entities. Given the size of the Debtors' and OEA's businesses and revenues, on information and belief, any such amounts due from OEA to Echo or amounts due from Echo to OEA would likely be immaterial to OEA's and the Debtors' businesses. For the avoidance of doubt, Conway MacKenzie (i) does not hold any interest in Echo, (ii) does not represent Echo in connection with the Debtors' cases, and (iii) will not, while employed by the Committee, represent Echo in connection with the Debtors' cases. In an abundance of caution, Conway MacKenzie has implemented an ethical wall in these cases such that I will not be involved in any decisions or discussions involving Echo, in the unlikely event that they arise. Further, I have disclosed Conway MacKenzie's role in the Debtors' cases to the Echo board of directors and have advised the Echo board that I will be recusing myself from any decisions or discussions involving OEA and/or the non-operated working interests that Echo holds in the aforementioned OEA wells.

19.     Further, as part of its diverse practice, Conway MacKenzie appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties in interest in the Chapter 11 Cases.  Further, Conway MacKenzie (including its affiliates and employees) has performed in the past and may perform in the future consulting services for various attorneys and law firms, and Conway MacKenzie has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on Conway MacKenzie's current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships creates interests materially adverse to the Debtors, and none are in connection with these Cases.

20.     On a going forward basis, Conway MacKenzie shall disclose any and all facts that may have a bearing on whether the firm, its affiliates and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors or other parties in interest.

21.     Conway MacKenzie (including its affiliates and employees) and I do not believe any of us is a "creditor" of the Debtors within the meaning of section 101(1) of the Bankruptcy Code.  Further, neither I, Conway MacKenzie (including its affiliates and employees) nor any member of the Conway MacKenzie engagement team serving the Committee, to the best of my knowledge, is a holder of any of the Debtors' outstanding debt, equity or preferred stock investments.

22.     Neither Conway MacKenzie, any member or employee thereof, nor I, insofar as I have been able to ascertain, is so connected with the Judges of the United States Bankruptcy Court for the Southern District of Texas, the United States Trustee (Region 3) or the Assistant Trustee or Trial Attorneys for the Office of the United States Trustee, as to render the employment of Conway MacKenzie, as financial advisor for the Committee, inappropriate under Bankruptcy Rule 5002(b).

23.     Neither Conway MacKenzie, any director, officer or employee thereof, nor I, insofar as I have been able to ascertain, is or was a creditor, an equity holder or insider of the Debtors.

24.     Neither Conway MacKenzie, any director, officer or employee thereof, nor I, insofar as I have been able to ascertain, is or was a director, officer or employee of the Debtors as defined in Bankruptcy Code sections 101(14)(B) or (C) within two years before the date of filing of the Debtors' Chapter 11 Cases.

25.     On the basis of the above, I believe Conway MacKenzie to be a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 28, 2019

/s/ *John T. Young, Jr.*

John T. Young, Jr.
Senior Managing Director

## Schedule 1

## Parties in Interest

(Certain parties on this list fall under numerous categories herein but are listed one time only)

*Debtor Affiliate*
Alta Mesa Finance Services Corp.
Alta Mesa Holdings GP, LLC
Alta Mesa Holdings, LP
Alta Mesa Resources, Inc.
Alta Mesa Services, LP
OEM GP, LLC
Oklahoma Energy Acquisitions, LP

*Non-Debtor Affiliates*
Alabama Energy Resources LLC
Alta Mesa Acquisition Sub, LLC
Alta Mesa Drilling, LLC
Alta Mesa Energy LLC
Alta Mesa GP, LLC
AM Equity Holdings, LP
AM Idaho LLC
AM Michigan LLC
AMH Energy New Mexico, LLC
Aransas Resources, L.P
ARI Development, LLC
ARM-M I, LLC
Bayou City Energy Management, LLC
BCE AMH Holdings, LLC
BCE-MESA Holdings, LLC
Blue Knight
Brayton Management GP II, LLC
Brayton Management GP, LLC
Brayton Resources II, L.P.
Brayton Resources, L.P.
Buckeye Production Company, LP
Cairn Energy USA, LLC
Cimarron Express Pipeline, LLC
Galveston Bay Resources, LP
High Mesa Holdings GP, LLC
High Mesa Services, LLC
High Mesa, Inc.
HMS Kingfisher Holdco, LLC
HPS Investment Partners, LLC
Institutional Mezzanine Partners II Subsidiary, L.P.

{N3803886.1}

KCK-AMIH, Ltd.
Kingfisher Midstream, LLC
Kingfisher STACK Oil Pipeline, LLC
LEADS Resources, L.L.C.
Louisiana Exploration & Acquisition Partnership, LLC
Louisiana Exploration & Acquisitions, LP
Louisiana Onshore Properties LLC
Mezzanine Partners II Delaware Subsidiary
Mezzanine Partners II Delaware Subsidiary, LLC
Navasota Resources, Ltd., LLP
New Exploration Technologies Company, L.L.C.
Northwest Gas Processing, LLC
Northwestern Mutual Capital Strategic Equity Fund III, LP
Nueces Resources, LP
Oklahoma Produced Water Solutions, LLC
Offshore Mezzanine Partners Master Fund II, L.P.
Orion Drilling Company, LLC
Orion Operating Company, LP
Petro Acquisitions, LP
Petro Operating Company, LP
SilverRun Sponsor II, LLC
SRII Opco GP, LLC
SRII Opco, LP
Sundance Acquisition, LLC
TE TMR, LLC
TEA Energy Services LLC
Texas Energy Acquisitions, LP
The Meridian Production, LLC
The Meridian Resource & Exploration LLC
The Meridian Resource, LLC
The Northwestern Mutual Life Insurance Company
The Northwestern Mutual Life Insurance Company For its Group Annuity Separate Account
TMR Drilling, LLC
TMR Equipment, LLC
United Insurance Company of America
Virginia Oil and Gas, LLC

*Officers & Directors*
Brannon Kuykendall
David M. Leuschen
David Murrell
Diana J. Walters
Don R. Dimitrievich
Donald R. Sinclair
Ergon-Oklahoma Pipeline, LLC
F. David Murrell

2

James T. Hackett
Jeffrey H. Tepper
Jeffrey T. Janik
Joel Pastorek
John C. Regan
John H. Campbell, Jr.
Kathryn W. Stone
Kevin J. Bourque
Kimberly O. Warnica
Mark Hurley
Mark P. Castiglione
Michael Tapp
Nathan Witt
Patrick J. Bartels, Jr.
Pierre F. Lapeyre, Jr.
Randy L. Limbacher
Sylvia J. Kerrigan
Tim J. Turner
William W. McMullen

***Former Officers and Directors***
Craig W Collins
David McClure
Harlan H. Chappelle
Homer Cole Jr
Michael E Ellis
Michael McCabe
Ronald J. Smith
Scott Cowand
T. Jeffrey Layne

***Agents & Trustees***
Capital One, NA (Co-Syndication Agent)
Citigroup Global Markets Inc.
ING Capital LLC (Co-Documentation Agent)
Natixis
Toronto Dominion (New York) LLC (Co-Documentation Agent)
US Bank N.A. (Senior Note Trustee)
Wells Fargo Bank N.A.
Wells Fargo Bank, N.A
Wells Fargo Securities, LLC

***Banking Relationships***
Bank of Texas
Citibank N.A.
Fidelity Investments

3

Union Bank
Wells Fargo Bank N.A.

***Insurers & Surety Bonds***
AIG
Alfalfa Electric
Alliant Insurance Services Inc
Aon Risk Services Southwest AWAC
Axis
Beazley
Chubb
Everest
General Star Indemnity Co.
Guardian Life Insurance Company
Hub International
Kingfisher County Commissioners
Lloyd's of London
Markel International Insurance Company
Marsh USA Inc
MetLife Nationwide OCC
Oklahoma Secretary Of State
Oklahoma Tax Commission
Old Republic
Poirrier Group LLC
Premium Assignment Corp QBE
Sompo
Steadfast Insurance Company
The Hartford
Travelers
Travelers Indemnity Company
United Healthcare
USA Bureau Of Land Management
USSI
Zurich American Insurance Company

***Joint Venture Partners***
Blake Production Co Inc.
Blue Knight
BP America Production Company
BP America Production Company
Chaparral Energy, LLC
Chesapeake Operating Inc.
Chisholm Oil & Gas
Cimarex Energy Cimarex Energy Co.
Cummings Oil Company
Devon Energy Production Co, LP

Gastar Exploration Texas LP
Gulf Oil Corporation
Husky Ventures Inc.
Kaiser-Francis Oil Co.
LINN Energy, LLP
Longfellow Energy, LP
Marathon Oil Co.
Monty Hott Production
Newfield Mid-Continent 2003
Payne Exploration Company
Raw Crude Oil & Gas, Inc.
Sandridge Energy Offshore LLC
Sandridge Exploration
Speller Oil Corporation
Stone Creek Operating LLC
Triumph Energy Partners LLC

***Letters of Credit Counterparties***
Bond Safeguard
Bond Safeguard Insurance Company
Chevron U.S.A. Inc
Kingfisher County Commissioners
OCC
Oklahoma Secretary Of State
OneOK
Wells Fargo

***Litigants***
Aaron S. Burke
Acorn Royalty
Adams & Reese
Alexander Schwab
Almont Energy, LLC
Alta Mesa Investment Holdings, Inc.
Anthem Resources LLC
Apache Corporation
ARM Midstream, LLC
BCE-Mesa Holdings, LLC
Big Creek Energy, L.L.C
Biloxi Marsh Lands Corporation
Blank Rome LLP
Bob Irwin BP
Bracewell LLP
Bradley J. Benoit
Brian Peterson
Brown & Borelli, Inc.

Brueggan
Camelot Event Driven Fun, A Series of Frank Funds Trust
Carol Bolling
Carol J. Castonguay
Chaparral Energy LLC
Chesapeake Exploration, LLC
Chesapeake Operation, LLC
Chisholm Oil & Gas Operating, LLC
Christian Word
Cimarron Production Co., Inc.
Conoco
Courtney Pappe
David Terrell
Deep Wilcox Oil & Gas, LLC
Derek DeWitt
DeWitt, Paruolo & Meek
Diamond Production Company, LLC (a/k/a Diamond Production Company)
Diana J. Walters
Donald Castonguay
Donald Yost and Bonnie L. Yost, Co-Trustees of the Donald Yost and Bonnie L. Yost Revocable
Living Trust dated January 30, 2012
Donna D. Webb d/b/a Petrodudes
EEC, Inc.
Ellen Kay Taylor
Extex
Exxon
FNY Managed Accounts, LLC
FNY Partners Fund LP
Frank Liantonio, Jr.
Gai-Jin Trading Company, LLC
Gary Brown
Gary D. Pierce Jr.
Gastar & Midwest Resources
George H. Russell Oil & Gas Investments, Inc.
Gilliland Oil & Gas, Inc.
Gray Reed
Gulf Exploration, LLC
Henry Leon Sarpy
High Mesa Inc.
Highbridge Principal Strategies, LLC
HighPointe Energy, LLC
Hinkle Oil & Gas, Inc., LP
HPS Investment Partners Husky Ventures, Inc.
Huston Trust
Jacqueline E. Pierce
James G. Fulmer, et al

6

James Ormiston
James T. Hackett
January Investments, LLC
Jay and Sheril S. Weber Jeanerette Lumber
Jeffrey Mandel
Jeffrey P. Southwick
Jerry Sanner Oil Co.
JiCo, Inc.
JJ Enterprises
John G. Burke
John P. Locke
John W. Walker, Jr.
Juge, Napolitano, Ruli & Frieman
Karen Burke Garcia
KEW Drilling
Kirtley and Coy
Lacassane Company
Lawrence James, LLC
LCB Resources, Inc.
Liz Klingensmith LOP
Lucy Leonhardt Revocable Living Trust
M & V Resources, Inc.
Marathon Oil Company
Mark L. Shidler
Max H. Marriott Revocable Trust
McAfee & Taft
Meridian
Michael A. McCabe
Mustang Gas LLC
Owens C. Ledano
Pamela Pappe
Petrotiger IV, Ltd.
Plainsmen Energy, LLC
Plumbers and Pipefitters National Pension Fund Posse Energy, Ltd
RAW Crude Oil & Gas, LLC
Red Bluff Resources Operating, LLC
Riverstone Investment Group LLC
Roan Resources, LLC
Sean C. Burke
Sheila B Nail
Sheila B. Nail and Gary L. Nail or Their Successors, Trustees under the Sheila B. Nail Living
Trust dated May 18, 2001
Shell Oil Shingle Co, LLC
Silver Run Acquisition Corporation II
Silver Star of Nevada, Inc.
Spanish Lake Restoration, LLC

7

Steven R. Hague
Sven Energy, LLC TEA
TEKEnergy, Inc., as Successor to Overland Exploration Corporation Terrell
Terry Doll
Thomas J. Walker
Todd Woolery TPIC
Tributary Resources, LLC
Trustee of the Carol J. Castonguay Living Trust dated May 13, 1991 Vance Brown
Weaver Energy Corporation Weber
Whitebead Revocable Trust
William D. Gutermuth
William T. Speller, LLC, et al Womble Bond Dickinson

*Noteholders*
Bain Capital Credit, LP
Leroy DH, LP c/o Apollo Global Management, LLC
PGIM Inc.
PPM America Inc
Ryan Heslop - Firefly Value Partners
US Bank N.A. (Trustee)

*Professionals*
Adams And Reese LLP
Aegis Energy Risk
Alixpartners LLP
Assumption Parish
BDO USA LLP
Blake Production Co Inc
Blank Rome LLP
Bracewell & Giuliani LLP
Bracewell LLP
Chaparral Energy LLC
Chisholm Oil And Gas
CT Corporation System
CTMI LLC
D F King &Co Inc
Davis Polk & Wardwell LLP
Dewitt, Paruolo & Meek, PLLC
Dorado E&P Partners LLC
Elias, Books, Brown & Nelson P.C.
Enos And Hans Attorneys PLLC
Ernst & Young LLP
Gallagher Benefit Services Inc
Gastar Exploration Texas LP
Gordon, Arata, Montgomery,
Gray Reed & Mcgraw PC

Guggenheim Partners
Harlan H Chappelle
Haynes & Boone LLP
Hinkle Oil & Gas Inc-Oklaenacq
Houlihan Lokey
Husky Ventures Inc
IHS Global Inc
K D Lackey Jr.
KPMG LLP
Latham & Watkins LLP
Locke Lord LLP
Longfellow Energy LP
Mcafee & Taft
Mercer
Meridian Energy LLC Munson & Mcmillin PC
Newfield Mid-Continent 2003
Pamela D. McAllister, PLLC
Payne Exploration Company
Pearl Meyer & Partners
Perella Weinberg Partners L.P.
Pete Simon and Associates
Porter Hedges LLP
Pricewaterhousecoopers LLC
Raw Crude Oil & Gas LLC
Red Bluff Resources Operating
Rison, Meek & O'Shields, PLLC
Riverstone Equity Partners LP
Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
RPA Advisors
Ryan LLC
Ryder Scott Company
Seyfarth Shaw LLP
Shearman & Sterling LLP
Sirius Solutions LLP
SPL
Stone Creek Operating LLC
Thompson Hine LLP
Vinson & Elkins LLP
Weaver And Tidwell LLP
Whitley Penn LLP
Winston & Strawn LLP
Wolcott & Associates ECS LLC
Womble Bond Dickinson (US) LLP
Workiva Inc.

***Equity Holders***
Alta Mesa Resources
Alta Mesa Resources Inc Balance Account
AP Mezzanine Partners II, L.P.
Authur Cipriani
Bayou City Energy Managemente LLC
Bryan Chappelle
Carole Carroll & Craig
Curley Cede & Co
Chiarmyce Lyons
Christopher Gunderman
Christopher Lang
Diana Walters
Donald Hamilton
Frank Kronz
Gilbert Burciaga
High Mesa Holdings, LP
HPS Investments Partners LLC
Jade Phillips
Jade Real Assets Fund, L.P.
Jeffrey H Tepper
Josh Sahrmann
Keith Barnett
KFM Holdco, LLC
KFM Institutional, LLC
KFM Offshore, LLC
Lawrence W. Harris
Melanie E. Solon
Melissa D. Mcnamara
Mezzanine Partners II Delaware
Michael Adamcik
Michael S. Christopher MME
Mission Hope LLC
Paul V. Mcconnell
Riverstone AMR Partners, L.P.
Riverstone AMR Partners T, L.P.
Riverstone AMR Partners U, LLC
Riverstone VI Alta Mesa Holdings, LP
Riverstone VI Sr II Holdings L P
Riverstone VI Alta Mesa
Robert Deman
Russell Schneider
Samy Morcos
Silver Run Sponsor II LLC
Steven S. Flowers
Taylor T. Tipton

The Kingfisher Holdco LLC
Thomas P. Mcconnell
Thomas W. Heath
Tonya Adams
Vincent T. Mcconnell
William D. Gutermuth
Zachary Lee
Zavanna LLC

*Significant Contract Counterparties*
American Homes 4 Rent
Arm Energy Management LLC
Carllson Investments LLC
DCP Midstream LP
EC Owner 1 LP
ETC Field Service
Evergreen Office 2012 LLC
Markwest Oklahoma Gas Company
Mustang Gas Products, LLC
Oakwood Properties LLC
Phillips 66 Company
SH Oilfield Equipment Inc.
The Meridian Production LLC
Williams MLP Operating LLC

*Significant Customers*
BCE-Stack Development LLC
Blake Production Co Inc
BP America Production Company
Chisholm Oil and Gas
Enterprise Products Operating Etc
Field Service
Gastar Exploration Inc
Gastar Exploration Texas LP
Hinkle Oil & Gas Inc
Linn Energy Holdings
Longfellow Energy LP
Marathon Oil Co
Markwest Oklahoma Gas Company
Newfield Exploration
Newfield Mid-Continent 2003
Northwest Gas Processing LLC
Oneok Gas Transportation LLC
Phillips 66 Company
Sk Nemaha LLC

***Significant Secured Lenders***
Wells Fargo Bank N.A. (Agent)

***Significant Vendors***
AES Drilling Fluids LLC
Baker Hughes Business Support
Basic Energy Services, LP
Big Iron Oilfield Services Inc.
Bison Oilfield Services LLC
Bosque Disposal Systems LLC
Bronco Oilfield Services Inc
Byrd Oilfield Services LLC
Cathedral Energy Services
Charter Pipe LLC
Cimarron Electric
Comal Energy Services L.P.
Complete Energy Services
Davis Engineering Company, Inc
Elias, Books, Brown & Nelson
Enerflex Energy Systems Inc
Foster Energy LLC
GR Wireline LP
Gravity Oilfield Services LLC
Halliburton Energy
Hamilton Engineering Inc.
Houston Electric Inc
JACAM
Jet Specialty Inc.
Kodiak Gas Services LLC
KPMG LLP
Latshaw Drilling Company LLC
Meridian Energy LLC
Milroc Distribution LLC
Oil Patch Group Inc
Oklahoma Tax Commission
Onpoint Energy Services LLC
Orco Service LLC
Orr Construction Inc
Panther Drilling Systems
QES Pressure Pumping LLC
R&R Roustabout Services LLC
Rick Caruthers Construction
Riverstone Equity Partners LP
Schlumberger Technology Corp
Step Energy Services
Sunbelt Oilfield Supply Inc

Tam International
US Tetra Technologies Inc
TGS USA Corporation
TGSN-NOPEC Geophysical Company
Thru Tubing Solutions
Tonys Pump & Supply Inc
Unit Drilling Company
United Healthcare
USA Compression Partners LLC
Valiant Artificial Lift
Weatherford US LP
Western Land Services

***United States Bankruptcy Judges in the Southern District of Texas***
The Honorable David R. Jones, Chief Judge
The Honorable Jeff Bohm
The Honorable Marvin Isgur
The Honorable Jeffrey P. Norman
The Honorable Eduardo V. Rodriguez

***Staff for The Honorable David R. Jones and The Honorable Marvin Isgur***
Albert Alonzo
Jeannie Andresen
Elizabeth Miller
Vriana Portillo
Ruben Castro
Linh Thu Do
Daniela Mondragon
Kiran Vakamudi

***United States Trustee for the Southern District of Texas (and Key Staff Members***)
Henry G. Hobbs, Jr.
Barbara Griffin
Luci Johnson-Davis
Linda Motton
Glenn Otto
Patricia Schmidt
Christy Simmons
Gwen Smith
Clarissa Waxton

***Attorneys for the United States Trustee's Office for the Southern District of Texas***
Diane Livingstone
Jacqueline Boykin
Hector Duran
Christine March

13

Case 19-35133 Document 428 Filed in TXSB on 10/23/19 Page 60 of 137

Stephen Statham

***Clerk of Court and Deputy for the Southern District of Texas***
David J. Bradley
Darlene Hansen

## Schedule 2

### Past and Present Representation of and Contacts with Parties in Interest

Conway MacKenzie, Inc. has represented and/or had contacts with the following Parties in Interest, in matters wholly unrelated to the Debtors and their bankruptcy Case:

| Party Details | Description |
|---|---|
| HPS Investment Partners, LLC | HPS Investment Partners, LLC and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| AIG | AIG and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Daigle Fisse & Kessenich Law Firm | Daigle Fisse & Kessenich Law Firm and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Fennemore Craig | Fennemore Craig and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| ING Capital LLC | ING Capital LLC and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Natixis | Natixis and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Rozenewaig & Nadel LLP | Rozenewaig & Nadel LLP and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Shaw Gussis | Shaw Gussis and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Wells Fargo & Company | Wells Fargo & Company and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| ExxonMobil | ExxonMobil and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Gray Reed & McGraw | Gray Reed & McGraw and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Meridian Automotive Systems | Meridian Automotive Systems and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |

| Party Details | Description |
|---|---|
| Meridian Finance Group | Meridian Finance Group and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Halliburton Energy Services | Halliburton Energy Services and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| KPMG LLP | KPMG LLP and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Newfield Exploration Company | Newfield Exploration Company and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |
| Oryx Oilfield Services | Oryx Oilfield Services and certain of its affiliates are a current or former advisory client of the firm in connection with situations unrelated to the Debtor. |

# EXHIBIT C

## (Indemnification Provisions)

In the event that Conway MacKenzie, Inc. ("Conway MacKenzie") or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons" and each, an "Indemnified Person") becomes involved in any capacity in any claim, action, proceeding or investigation (collectively, "Actions") brought by or against any person, including equity holders of the Debtor, in connection with or as a result of Conway MacKenzie's engagement as financial advisor to the Official Unsecured Creditors' Committee (the "Committee"), the Debtor periodically will advance to the Indemnified Persons amounts necessary to pay their reasonable out-of-pocket legal and other expenses (including the cost of any investigation and preparation) incurred in connection therewith; provided, however, that if it is finally found (in a non-appealable judgment) by a court of competent jurisdiction that any loss, claim, judgment, damage or liability of an Indemnified Person has resulted primarily from the gross negligence or willful misconduct of such Indemnified Person in performing the services on behalf of the Committee, such Indemnified Person shall repay such portion of the advanced amounts that is attributable to expenses incurred in relation to the act or omission of such Indemnified Person that is the subject of such non-appealable judgment.  The Debtor also will indemnify and hold the Indemnified Persons harmless from and against any and all losses, claims, judgments, damages or liabilities to which such Indemnified Person may become subject under any applicable law, or otherwise, that is related to, arising out of, or in connection with Conway MacKenzie's engagement on behalf of the Committee and without regard to the exclusive or contributory negligence of any Indemnified Person except to the extent that it is finally found (in a non-appealable judgment) that any such loss, claim, damage of liability resulted primarily from the gross negligence, willful misconduct or bad faith of the Indemnified Persons in performing the services on behalf of the Committee.

Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought, such Indemnified Person shall promptly notify the Debtor in writing; provided that failure to so notify the Debtors shall not relieve the Debtor from any liability that the Debtor may have on account of this indemnity or otherwise, except to the extent the Debtor shall have been materially prejudiced by such failure.  The Debtors shall, if requested by the Indemnified Person, assume the defense of any such Action, including the employment of counsel reasonably satisfactory to the Indemnified Person.  An Indemnified Person may retain separate counsel to represent it in the defense of any Action, which shall be at the expense of the Debtors if (i) the Indemnified Party does not request the Debtor to assume the defense of any such Action or the Debtor does not assume the defense of the Action within a reasonable period of time after being requested to assume the defense of the Action, or (ii) the Indemnified Person is advised by counsel in writing that there is an actual or potential conflict in the Debtor's and the Indemnified Person's respective interests or additional defenses are available to the Indemnified Person, which makes representation by the same counsel inappropriate; provided that in no event shall the Debtor be obligated to pay expenses for more than one counsel in any one jurisdiction for all Indemnified Persons in connection with any Action.

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Debtor or its equity holders or creditors related to, arising out of, or in connection with, advice or services rendered or to be rendered by any Indemnified Person on behalf of the Committee, the transactions contemplated in this Case or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except to the extent any loss, claim, judgment, damage or liability is finally found (in a non-appealable judgment) by a court of competent jurisdiction to have resulted from the Indemnified Person's gross negligence or willful misconduct.

If for any reason, the foregoing indemnification is unavailable to an Indemnified Person or insufficient to hold it harmless, then the Debtor shall contribute to the amount paid or payable by the Indemnified Person as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect (i) the relative economic benefits to the Debtor and its equity holders, on the one hand, and to the Indemnified Persons, on the other hand, of the matters covered by this engagement; or (ii) if the allocation provided by the immediately preceding clause is not permitted by applicable law, not only such relative economic benefits but also the relative fault of the Debtor, on the one hand, and the Indemnified Persons, on the other hand, with respect to such loss, claim, damage or liability and any other relevant equitable considerations. For purposes of this paragraph, the relative economic benefits to the Indemnified Persons of the matters contemplated on behalf of the Committee, shall be deemed to be the fees paid or to be paid to Conway MacKenzie; provided, however, that, to the extent permitted by applicable law, in no event shall the Indemnified Persons be required to contribute an aggregate amount in excess of the aggregate fees actually paid to Conway MacKenzie.

The reimbursement, indemnity and contribution obligations of the Debtor in this Exhibit C shall be in addition to any liability which the Debtor may otherwise have, shall extend upon the same terms and conditions to any affiliate of the Indemnified Persons, and shall be binding upon and inure to the benefit of any successors, heirs and personal representatives of the Debtor, the Indemnified Persons, any such affiliate and any such person.

The Debtor shall not be required to indemnify an Indemnified Person for any amount paid or payable by the Indemnified Person in the settlement of any action, proceeding or investigation without the written consent of the Debtor, which consent shall not be unreasonably withheld.

## Exhibit B

## Retention Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
11/25/2019

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALTA MESA RESOURCES, INC., *et al.*, | ) Case No. 19-31087 (MI) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) Re: ECF No. 428 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CONWAY**
**MACKENZIE, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 29, 2019**

Upon the *Official Committee of Unsecured Creditor' Application for an Order Authorizing the Retention and Employment of Conway MacKenzie, Inc. as Financial Advisor, Nunc Pro Tunc to September 29, 2019* (the "Application"),[2] filed on October 28, 2019 and upon consideration of the Declaration of John T. Young, Jr. filed in support thereof (the "Young Declaration"); and the Court being satisfied with the representations made in the Application and the Young Declaration that Conway MacKenzie is a disinterested person to the extent required by Bankruptcy Code section 101(14), that Conway MacKenzie represents no interest adverse to any of the Debtors' estate and that Conway MacKenzie's employment is necessary and in the best interests of the Debtors, their creditors, the Committee, and all parties in interest; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing, therefore, it is hereby:

---

[1] The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); and Oklahoma Energy Acquisitions, LP (3762). The locations of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

ORDERED, that the Application is granted as set forth herein; and it is further

ORDERED, that, pursuant to Bankruptcy Code sections 328(a), 330, and 1103, the Committee

is authorized to employ and retain Conway MacKenzie as financial advisor effective as of September

29, 2019, pursuant to and on the terms and conditions set forth in the Application, and as modified

by this Order; and it is further

ORDERED, that the Indemnifications Provisions identified on Exhibit C to the Application

are hereby approved; subject to the following:

(a)     Conway MacKenzie shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application for Employment or Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

(b)     The Debtors shall have no obligation to indemnify Conway MacKenzie, or provide contribution or reimbursement to Conway MacKenzie, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Conway MacKenzie's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self dealing, or (ii) settled prior to a judicial determination as to Conway MacKenzie's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which Conway MacKenzie should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Conway MacKenzie believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, Conway MacKenzie must file an application therefore in this Court, and the Debtors may not pay any such amounts to Conway MacKenzie before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Conway MacKenzie for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Conway MacKenzie. All parties in interest shall retain the right to object to any demand by

Conway MacKenzie for indemnification, contribution or reimbursement; and it is further

ORDERED that Conway MacKenzie shall file interim and final fee applications for allowance of its compensation and expenses subject to the jurisdiction and approval of this Court under section 328(a) of the Bankruptcy Code and in accordance with the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the U.S. Trustee, and any applicable orders of the Court. The fees payable to Conway MacKenzie shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, provided, however, that the U.S. Trustee shall retain the right to object to the fees payable to Conway MacKenzie based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. For billing purposes, Conway MacKenzie shall keep its time in one tenth (1/10) hour increments in accordance with the US Trustee Guidelines; and it is further

ORDERED that Conway MacKenzie shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that in the event that, during the pendency of these cases, Conway MacKenzie seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Conway MacKenzie's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be

subject to the U.S. Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that Conway MacKenzie shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Conway MacKenzie's fee applications in these bankruptcy cases; and it is further

ORDERED that notwithstanding anything in the Application to the contrary, to the extent that Conway MacKenzie uses the services of independent or third party contractors or subcontractors (the "Contractors") in these cases and Conway MacKenzie seeks to pass through the fees and/or costs of the Contractors to the Debtors, Conway MacKenzie shall (i) pass through the fees of such Contractors to the Debtors at the same rate that Conway MacKenzie pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only. In addition, Conway MacKenzie shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by Bankruptcy Code and Bankruptcy Rules; and it is further

ORDERED that to the extent there is inconsistency between the terms of the Application, the Young Declaration and this Order, the terms of this Order shall govern; and it is further

ORDERED that Conway Mackenzie shall use its best efforts, and will coordinate with the Debtors and its other retained professionals, not to duplicate any of the services provided to the Debtors by any of its other retained professionals, and it is further

ORDERED, that the Committee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

4

ORDERED, that to the extent the Committee wishes to expand the scope of Conway MacKenzie's services beyond those services set forth in the Application, Engagement Letter, or this Order, the Committee shall be required to seek further approval from this Court. The Committee shall file notice of any proposed additional services (the Proposed Additional Services) and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 21 days of the Committee filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: November 25, 2019

_____
Marvin Isgur
United States Bankruptcy Judge

**Exhibit C-1**

**April 1, 2020 through April 30, 2020 Fee Statement**

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 19-35133 (MI)** |
| ALTA MESA RESOURCES, INC., *et al.*,[1] | Objection Deadline: June 29, 2020 |
| **Debtors.** | |

## SUMMARY OF SEVENTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. FOR PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES <u>FOR THE PERIOD APRIL 1, 2020 THROUGH APRIL 30, 2020</u>

| | | |
|---|---|---|
| **Name of Applicant:** | Conway MacKenzie, Inc. | |
| **Applicant's Role in Case:** | Financial Advisor to Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | November 25, 2019 (*nunc pro tunc* to September 29, 2019) [Docket No. 587] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 4/1/2020 | 4/30/2020 |
| **Time period covered by prior Applications:** | 9/29/2019 | 3/31/2020 |
| **Total amounts awarded in all prior Applications:** | | $1,023,253.50 |
| **Total fees requested in this Application:** | | $101,703.20 (80% of $127,129) |
| **Total professional fees requested in this Application:** | | $126,814.00 |
| **Total actual professional hours covered by this Application:** | | 160.9 |
| **Average hourly rate for professionals:** | | $788.15 |
| **Total paraprofessional fees requested in this Application:** | | $315.00 |

---

[1]The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

| | |
|---|---|
| **Total actual paraprofessional hours covered by this Application:** | 1.4 |
| **Average hourly rate for paraprofessionals:** | $225.00 |
| **Reimbursable expenses sought in this application:** | $0.00 |
| **Total to be Paid to Priority Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | To be Determined |
| **Total to be Paid to General Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to General Unsecured Creditors:** | To be Determined |
| **Date of Confirmation Hearing:** | To be Determined |
| **Indicate whether plan has been confirmed:** | No |

This is a  __X__  monthly  ____  interim  ____  final application.

The Conway MacKenzie, Inc. professionals who rendered services in these cases during the Seventh Application Period are:

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Paul F. Jansen | Managing Director | $970.00 | 88.6 | $85,942.00 |
| Campbell C. Hughes | Director | $640.00 | 26.3 | $16,832.00 |
| Chase G. Hood | Senior Associate | $570.00 | 22.5 | $12,825.00 |
| Bennett G. Notestine | Senior Associate | $490.00 | 20.5 | $10,045.00 |
| Christopher A. Winter | Analyst | $390.00 | 3.0 | $1,170.00 |
| Natalie J. Klein | Administrative Assistant | $225.00 | 1.4 | $315.00 |
| **Subtotal Hours & Fees** | | | | **$127,129.00** |
| | | | | |
| **Total Hours and Fees** | | | **162.3** | **$127,129.00** |
| **Blended Rate** | | **$783.30** | | |

The total hours and fees incurred, by Task Code, during the Seventh Application Period are:

| Task Code | Hours | Amount |
|---|---|---|
| Asset Disposition | 17.1 | $11,609.00 |
| Cash Flow Analysis/Reporting | 21.1 | $16,123.00 |
| Claims Analysis | 30.4 | $22,893.00 |
| Fee/Employment Applications | 19.4 | $10,652.00 |
| Hearing Attendance/Preparation | 6.0 | $4,707.00 |
| Plan and Disclosure Statement | 68.3 | $61,145.00 |
| | | |
| **Total Fees** | **162.3** | **$127,129.00** |

The total amounts of expenses, by expense type, during the Seventh Application Period are:

| Expense Category | Amount |
|---|---:|
|  |  |
| **Total Out-of-Pocket Expenses** | **$0.00** |

Expense detail by professional during the Seventh Application Period are:

| Date | Expense Category | Description | Amount |
|------|------------------|-------------|--------|
|      |                  |             |        |
| **Total Expenses** | | | **$0.00** |

Time detail by professional during the Seventh Application Period are:

| Date | Professional | Task | Description | Hours |
|------|-------------|------|-------------|-------|
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Call with Alix Partners (B. Fernandes) to discuss contract rejection damage claims | 0.5 |
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Prepare contract rejection damage analysis related to Kodiak | 0.8 |
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Prepare contract rejection damage analysis related to ARM | 2.1 |
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Prepare contract rejection damage analysis related to ONEOK | 1.4 |
| 4/1/2020 | Paul F. Jansen | Claims Analysis | Drafting of demonstrative for UCC related to claims pool | 2.6 |
| 4/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with J Cesarz (PWP) related to settlement | 0.6 |
| 4/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with T Stanford (RPA) related to settlement | 0.3 |
| 4/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to settlement | 0.8 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Review and analysis of Debtors' second omnibus motion related to the rejection of certain executory contracts | 0.4 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Research related to certain executory contract rejections | 0.8 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Review and analysis of certain executory contracts in relation to its potential contract rejection damages | 1.1 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Review and analysis of monthly net proceeds and plant statements related to certain executory contracts | 0.7 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Prepare analysis related to potential contract rejection damages | 1.3 |
| 4/2/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Analysis of 28 cash flow variance report in regards to cumulative cash position | 0.9 |
| 4/2/2020 | Bennett G. Notestine | Hearing Attendance/Preparation | Telephonic attendance of status conference hearing regarding sale | 0.5 |
| 4/2/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of motion to enforce PSA for material terms related to the sale | 1.7 |
| 4/2/2020 | Campbell C. Hughes | Hearing Attendance/Preparation | Attended telephonic status conference hearing | 0.5 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/2/2020 | Campbell C. Hughes | Claims Analysis | Call with Alix Partners (B. Fernandes) to discuss rejection damage claims | 0.3 |
| 4/2/2020 | Campbell C. Hughes | Claims Analysis | Review and revise rejection damages analysis based on new information from AlixPartners | 1.4 |
| 4/2/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Telephonic attendance of status conference hearing | 0.5 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of budgeted professional fees | 1.7 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revised budget | 2.5 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with J Cesarz (PWP) related to settlement | 0.3 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with T Stanford (RPA) related to settlement | 0.2 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to settlement | 0.6 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of new operating proposal received for key material terms | 1.2 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of updated bid from certain party for material changes to terms | 1.6 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of updated terms from Mach/BCE bid | 0.8 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Update remarketing presentation to include updated/additional bids | 1.4 |
| 4/3/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Prepare UCC professional fee forecast schedule for duration of case at Debtors' request | 1.6 |
| 4/3/2020 | Campbell C. Hughes | Asset Disposition | Review and analysis of new indications of interest from Debtors' remarketing efforts | 1.8 |
| 4/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of budget changes summary analysis for the UCC | 0.7 |
| 4/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with J Cesarz (PWP) related to settlement | 0.4 |
| 4/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to settlement | 0.3 |
| 4/3/2020 | Paul F. Jansen | Asset Disposition | Call with K Green (SSG) related to alternative buyer | 0.6 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/3/2020 | Paul F. Jansen | Asset Disposition | Call with J Cesarz (PWP) related to alternative buyer | 0.3 |
| 4/3/2020 | Paul F. Jansen | Asset Disposition | Call with W Williamson (PWP) related to alternative buyer | 0.3 |
| 4/4/2020 | Paul F. Jansen | Asset Disposition | Research related to alternative buyer options for the assets | 1.8 |
| 4/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to revised wind down budget | 0.1 |
| 4/4/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to AlixPartners with questions related to the revised budget | 2.0 |
| 4/4/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Review and analysis of revised budget received from Debtors | 2.2 |
| 4/5/2020 | Campbell C. Hughes | Cash Flow Analysis/Reporting | Review and analysis of updated wind down budget and professional fee schedule and prepare summary of changes | 1.5 |
| 4/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of comments related to settlement documents | 1.6 |
| 4/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of revisions to settlement related documents | 2.4 |
| 4/5/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to UCC advisors related to updated wind down budget | 0.8 |
| 4/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to UCC advisors related to settlement | 0.9 |
| 4/6/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to R Albergotti (Alix) related to update wind down budget | 0.6 |
| 4/6/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Analysis of JIB items included in wind down budget | 0.8 |
| 4/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis for UCC related to settlement | 2.7 |
| 4/6/2020 | Paul F. Jansen | Claims Analysis | Research related to Kodiak's claim | 2.1 |
| 4/7/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of settlement term sheet | 0.8 |
| 4/7/2020 | Campbell C. Hughes | Cash Flow Analysis/Reporting | Review and analysis of latest wind down budget iteration received from Debtors | 0.7 |
| 4/7/2020 | Campbell C. Hughes | Cash Flow Analysis/Reporting | Discuss latest wind down budget received with counsel | 0.2 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/7/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of wind down budget revision analysis | 1.8 |
| 4/7/2020 | Paul F. Jansen | Claims Analysis | Research related to contract rejection damages | 1.7 |
| 4/8/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of modified PSA motion in relation to key final sale terms | 2.1 |
| 4/8/2020 | Bennett G. Notestine | Hearing Attendance/Preparation | Telephonic attendance of hearing regarding enforcing the asset sale and PSA | 1.2 |
| 4/8/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Analysis of week 29 cash flow variance report for material variances | 1.1 |
| 4/8/2020 | Bennett G. Notestine | Plan and Disclosure Statement | Analysis of draft disclosure statement to verify numbers within | 2.6 |
| 4/8/2020 | Campbell C. Hughes | Hearing Attendance/Preparation | Telephonic attendance of hearing regarding asset sale and PSA | 0.4 |
| 4/8/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of draft plan of reorganization | 2.3 |
| 4/8/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Discussion regarding disclosure statement with counsel | 0.4 |
| 4/8/2020 | Christopher A. Winter | Claims Analysis | Updated AMH claims analysis with current data from the AMH record of M&M liens filed | 2.3 |
| 4/8/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Attendance of asset sale hearing | 1.0 |
| 4/8/2020 | Paul F. Jansen | Asset Disposition | Call with R Albergotti (Alix) related to asset sale | 0.4 |
| 4/8/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to S Levine and A Carty (BR) related to cash collateral budget | 0.9 |
| 4/8/2020 | Paul F. Jansen | Asset Disposition | Drafting of email to S Levine (BR) related to asset sale closing | 1.3 |
| 4/8/2020 | Paul F. Jansen | Asset Disposition | Review of email correspondence between Debtors and K&E related to asset sale closing | 0.7 |
| 4/9/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of Debtors' draft plan of reorganization | 3.2 |
| 4/9/2020 | Christopher A. Winter | Claims Analysis | Continued updating AMH Claims Analysis with current data from the AMH Record of Liens | 0.7 |
| 4/9/2020 | Paul F. Jansen | Claims Analysis | Drafting of email to UCC member's counsel regarding claims pool | 0.3 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/10/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of draft plan in preparation for call with Alix Partners | 0.7 |
| 4/10/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss GUC claims and recovery figures for disclosure statement | 0.2 |
| 4/10/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss GUC claims and recovery figures for disclosure statement | 0.2 |
| 4/10/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of Debtors' draft disclosure statement | 2.8 |
| 4/13/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Prepare summary analysis related to monthly operating reports filed by KFM and AMH Debtors for the month of January | 1.9 |
| 4/13/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Prepare summary analysis related to the monthly operating filed by the AMH Debtors for the month of February | 1.8 |
| 4/13/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Prepare summary analysis related to the monthly operating filed by the KFM Debtors for the month of February | 1.7 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with T Stanford (RPA) related to plan administrator | 0.4 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) related to plan administrator | 0.3 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Research related to plan administrator | 1.7 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of terms related to Debtors' plan administrator | 0.8 |
| 4/13/2020 | Chase G. Hood | Fee/Employment Applications | Consolidation of time detail for professionals for the March fee statement | 2.8 |
| 4/14/2020 | Paul F. Jansen | Plan and Disclosure Statement | Telephonic meeting with all advisors related to Debtors' plan | 1.0 |
| 4/14/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with UCC advisors related to the plan | 0.3 |
| 4/14/2020 | Chase G. Hood | Fee/Employment Applications | Update tables and exhibits, reconcile expense detail and begin updating language within March fee statement | 2.7 |

| Date | Professional | Task | Description | Hours |
|------|-------------|------|-------------|-------|
| 4/14/2020 | Chase G. Hood | Fee/Employment Applications | Finalize March fee statement for filing | 0.9 |
| 4/14/2020 | Chase G. Hood | Plan and Disclosure Statement | Review and analysis of liquidation analysis provided by Debtors | 0.9 |
| 4/15/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analyze Debtor's draft liquidation analysis | 1.4 |
| 4/15/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss Debtors' liquidation analysis | 0.3 |
| 4/15/2020 | Campbell C. Hughes | Claims Analysis | Review and analysis of claims pool and GUC analysis in preparation for call with Debtors on liquidation analysis | 1.6 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss Debtors' liquidation analysis | 0.3 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of liquidation analysis received from Debtors | 1.3 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) related to plan administrator | 0.5 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to plan administrator | 0.2 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Research related to the AMR plan of reorganization administrator role | 1.4 |
| 4/15/2020 | Chase G. Hood | Fee/Employment Applications | Compile time detail and update excel file for second interim fee application | 1.7 |
| 4/16/2020 | Campbell C. Hughes | Claims Analysis | Review and analysis of Debtors' claims pool estimates and analyze against internal analysis | 1.4 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Bret Fernandes (Alix) related to plan of reorganization and disclosure statement | 0.6 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Bret Fernandes and J Creighton (Alix) related to plan of reorganization and disclosure statement | 0.8 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of revisions to plan of reorganization and disclosure statement | 2.1 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis related to first lien deficiency claim | 0.7 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis related to valuation of upside for first lien holder | 1.8 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/16/2020 | Paul F. Jansen | Claims Analysis | Drafting of revisions to claims analysis estimate | 2.2 |
| 4/16/2020 | Chase G. Hood | Fee/Employment Applications | Update tables, exhibits, and language within second interim fee application | 2.8 |
| 4/17/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review, analyze, and advise counsel of the wind down reserve budget as it compares to admin and priority claims | 0.7 |
| 4/17/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of the Debtors' updated Plan draft and claims analysis | 2.2 |
| 4/17/2020 | Campbell C. Hughes | Fee/Employment Applications | Supervisory review of March fee application | 0.4 |
| 4/17/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) related to wind down budget | 0.4 |
| 4/17/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with A Carty (BR) related to wind down budget | 0.3 |
| 4/17/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Review and analysis of revised cash collateral and wind down budgets | 1.3 |
| 4/17/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to R Albergotti (Alix) related to updated cash collateral and wind down budgets | 0.9 |
| 4/17/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revisions to plan of reorganization and disclosure statements | 1.5 |
| 4/17/2020 | Paul F. Jansen | Claims Analysis | Drafting of revisions to claims pool estimate | 1.9 |
| 4/17/2020 | Chase G. Hood | Fee/Employment Applications | Prepare summary descriptions for tasks codes used throughout the interim period and finish updating language within the second interim application | 2.6 |
| 4/17/2020 | Natalie J. Klein | Fee/Employment Applications | Prepare WIP and expense detail for March fee statement | 0.8 |
| 4/20/2020 | Campbell C. Hughes | Fee/Employment Applications | Supervisory review of second interim fee application | 0.7 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review of and analysis of AMR plan or reorganization | 1.4 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of AMR disclosure statement | 1.8 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) regarding AMR disclosure statement | 0.4 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) regarding AMR disclosure statement | 0.7 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/21/2020 | Paul F. Jansen | Asset Disposition | Drafting of email to J Cesarz (PWP) related to application and sale fee calculation | 0.7 |
| 4/21/2020 | Paul F. Jansen | Claims Analysis | Call with M Dundon (Dundon) regarding certain litigation claims | 0.6 |
| 4/21/2020 | Chase G. Hood | Asset Disposition | Analysis of PWP sale fee associated with updated closing sale price | 0.4 |
| 4/21/2020 | Natalie J. Klein | Fee/Employment Applications | Prepare accounting system invoice related to March fee statement | 0.6 |
| 4/22/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) regarding AMR plan administrator | 0.3 |
| 4/22/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) regarding AMR plan and disclosure statement matters | 0.2 |
| 4/22/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Preparation and analysis of docket items in advance of Alta Mesa disclosure statement hearing | 1.5 |
| 4/22/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Attendance of hearing related to the Alta Mesa disclosure statement | 0.4 |
| 4/22/2020 | Chase G. Hood | Fee/Employment Applications | Finalize second interim fee application for filing | 0.4 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to S Levine (BR) related to plan confirmation | 0.8 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email R Albergotti (Alix) related to AMR disclosure statement | 0.6 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of M&M lien analysis for committee member | 1.7 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with K Green (SSG) related to M&M lien analysis | 0.4 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) and K Green (SSG) related to M&M lien analysis | 0.3 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to committee member related to M&M lien analysis | 1.8 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with all advisors related to AMH/AMR trust | 0.5 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analyses related to AMR/AMH trust | 1.7 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to AMR trust | 0.7 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to K Green (SSG) and S Levine (BR) related to AMH/AMR trust | 0.8 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of changes to AMH trust agreement | 1.4 |
| 4/28/2020 | Paul F. Jansen | Claims Analysis | Call with UCC member related to M&M lien claim | 0.5 |
| 4/28/2020 | Paul F. Jansen | Claims Analysis | Drafting of analysis for UCC member | 1.7 |
| 4/29/2020 | Chase G. Hood | Fee/Employment Applications | Begin consolidating time detail for all professionals for the April fee statement | 2.5 |
| 4/30/2020 | Chase G. Hood | Fee/Employment Applications | Begin updating word document language for April fee statement | 0.5 |

Pursuant to the Corrected Order Establishing Procedures Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 512] entered by the Court on November 12, 2019 (the "Interim Compensation Order"), Conway MacKenzie, Inc. ("Conway MacKenzie"), submits the seventh monthly statement of services rendered and expenses incurred in this case for the period from April 1, 2020 through April 30, 2020 (the "Statement Period"). A copy of Conway MacKenzie's invoice to the Committee is attached hereto as **Exhibit A**.

WHEREFORE, pursuant to the Interim Compensation Order, Conway MacKenzie respectfully requests payment of compensation for the Committee in the amount of (i) $101,703.20 (which equals 80% of $127,129.00) on account of actual, reasonable and necessary professional services Conway MacKenzie rendered to the Committee and (ii) reimbursement of the actual and necessary expenses in the amount of $0.00 incurred on behalf of the Committee by Conway MacKenzie, for the total amount of **$101,703.20.**

Dated: June 15, 2020

**CONWAY MACKENZIE, INC**

/s/ *John T. Young, Jr.*
John T. Young, Jr.
909 Fannin Street, Suite 4000
Houston, TX. 77010
Telephone: (713) 650-0500
E-mail: JYoung@ConwayMacKenzie.com

*Financial Advisor to the Official Committee*
*of Unsecured Creditors*





Conway MacKenzie, Inc.
909 Fannin Street, Suite 4000
Houston, Texas 77010
T: 713.650.0500 | F: 713.650.0502

*Invoice Number 6000306*

May 11, 2020

**Private and Confidential**

Alta Mesa Resources, Inc.
115021 Katy Freeway, 4th Floor
Houston, Texas 77094

*Re:    Case #19-35133 (MI)*

For professional services rendered from April 1, 2020 through April 30, 2020.

|  | **Fee Statement** |  | **To Be Paid** |
|---|---|---|---|
| Fees | $127,129.00 | 80% | $101,703.20 |
| **Total** | **$127,129.00** |  | **$101,703.20** |

*Allocation of Fees and Expenses:*

| | |
|---|---|
| Alta Mesa Resources, Inc. (3%) | $3,051.10 |
| Alta Mesa Holdings, LP (97%) | $98,652.10 |
| **Total** | **$101,703.20** |

**Exhibit C-2**

**May 1, 2020 through May 31, 2020 Fee Statement**

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **In re:** | **Chapter 11** |
| ALTA MESA RESOURCES, INC., *et al.*,[1] | **Case No. 19-35133 (MI)** |
| **Debtors.** | Objection Deadline: July 7, 2020 |

**SUMMARY OF EIGHTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. FOR PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2020 THROUGH MAY 31, 2020**

| | | |
|---|---|---|
| **Name of Applicant:** | Conway MacKenzie, Inc. | |
| **Applicant's Role in Case:** | Financial Advisor to Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | November 25, 2019 (*nunc pro tunc* to September 29, 2019) [Docket No. 587] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 5/1/2020 | 5/31/2020 |
| **Time period covered by prior Applications:** | 9/29/2019 | 4/30/2020 |
| **Total amounts awarded in all prior Applications:** | | $1,195,165.19 |
| **Total fees requested in this Application:** | | $26,522.40 (80% of $33,153) |
| **Total professional fees requested in this Application:** | | $33,018.00 |
| **Total actual professional hours covered by this Application:** | | 36.4 |
| **Average hourly rate for professionals:** | | $907.09 |
| **Total paraprofessional fees requested in this Application:** | | $135.00 |

---

[1]The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

| | |
|---|---|
| **Total actual paraprofessional hours covered by this Application:** | 0.6 |
| **Average hourly rate for paraprofessionals:** | $225.00 |
| **Reimbursable expenses sought in this application:** | $0.00 |
| **Total to be Paid to Priority Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | To be Determined |
| **Total to be Paid to General Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to General Unsecured Creditors:** | To be Determined |
| **Date of Confirmation Hearing:** | May 27, 2020 |
| **Indicate whether plan has been confirmed:** | Yes |

This is a __X__ monthly ___ interim ___ final application.

The Conway MacKenzie, Inc. professionals who rendered services in these cases during the Eighth Application Period are:

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Paul F. Jansen | Managing Director | $970.00 | 29.8 | $28,906.00 |
| Campbell C. Hughes | Director | $640.00 | 5.0 | $3,200.00 |
| Chase G. Hood | Senior Associate | $570.00 | 1.6 | $912.00 |
| Natalie J. Klein | Administrative Assistant | $225.00 | 0.6 | $135.00 |
| **Subtotal Hours & Fees** | | | | **$33,153.00** |
| | | | | |
| **Total Hours and Fees** | | | **37.0** | **$33,153.00** |
| **Blended Rate** | | **$896.03** | | |

The total hours and fees incurred, by Task Code, during the Eighth Application Period are:

| Task Code | Hours | Amount |
|---|---:|---:|
| Fee/Employment Applications | 8.4 | $5,477.00 |
| Plan and Disclosure Statement | 28.6 | $27,676.00 |
| | | |
| **Total Fees** | **37.0** | **$33,153.00** |

The total amounts of expenses, by expense type, during the Eighth Application Period are:

| Expense Category | Amount |
|---|---|
| None | |
| **Total Out-of-Pocket Expenses** | **$0.00** |

Expense detail by professional during the Eighth Application Period are:

| Date | Expense Category | Description | Amount |
|------|------------------|-------------|--------|
|      |                  |             |        |
| **Total Expenses** | | | **$0.00** |

Time detail by professional during the Eighth Application Period are:

| Date | Professional | Task | Description | Hours |
|------|-------------|------|-------------|-------|
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to wind down | 0.5 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revised wind down budget | 0.9 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of summary email to UCC and counsel related to wind down and trusts | 1.8 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to K Green (SSG) related to wind down | 0.7 |
| 5/2/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Call with Alix Partners team to review changes to wind down budget | 0.2 |
| 5/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of AMH trust agreement comments | 0.5 |
| 5/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis related to wind down | 1.2 |
| 5/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revised wind down budget and drafting of associated comments | 0.9 |
| 5/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Analysis of AMR plan administrator | 0.6 |
| 5/4/2020 | Chase G. Hood | Fee/Employment Applications | Update tables, exhibits and finalize April fee statement | 1.6 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with M Tribolet (AMH) related to plan administrator roles | 0.5 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with K Green (SSG) related to AMR plan administrator | 0.4 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of disclosure statement related documents | 1.7 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Telephonic meeting with all professionals regarding plan | 0.8 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with professionals related to AMH plan administrator | 0.6 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti related to wind down budget | 0.4 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of wind down budget comments to Alix | 1.0 |
| 5/5/2020 | Campbell C. Hughes | Fee/Employment Applications | Supervisory review of monthly fee application | 0.4 |

| Date | Professional | Task | Description | Hours |
|------|-------------|------|-------------|-------|
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of plan related documents | 1.4 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to R Albergotti (Alix) related to plan | 0.6 |
| 5/6/2020 | Paul F. Jansen | Fee/Employment Applications | Supervisory review of fee application | 0.6 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to M Radovancevic (Alix) related to plan disclosures | 1.1 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of additional email to M Radovancevic (Alix) related to plan disclosures | 0.9 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of final wind down budget changes | 1.8 |
| 5/8/2020 | Campbell C. Hughes | Fee/Employment Applications | Discuss UCC professional fee objections with SSG (K. Green) and request and review professional fee schedule from Alix Partners | 1.1 |
| 5/11/2020 | Paul F. Jansen | Fee/Employment Applications | Supervisory review of interim fee application | 0.8 |
| 5/11/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of initial lien review | 0.6 |
| 5/11/2020 | Campbell C. Hughes | Fee/Employment Applications | Review and analysis of UCC professional fee schedule prepared by Alix and reconcile to fee statements and unpaid balances | 0.9 |
| 5/11/2020 | Natalie J. Klein | Fee/Employment Applications | Preparation of invoice for the month of April | 0.6 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with professionals related to ARM transition | 1.0 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to K Green (SSG) related to transition | 1.4 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Continue drafting of email to K Green (SSG) related to AMR transition | 1.6 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Alix team related to initial lien review | 0.8 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Preparation for call with Alix team related to claims | 1.4 |
| 5/19/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of plan objections and related email correspondence with A Carty (BR) | 1.3 |
| 5/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Attendance of hearing | 2.0 |

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 5/29/2020 | Campbell C. Hughes | Fee/Employment Applications | Prepare UCC professional fee schedule with April and May actuals | 1.1 |
| 5/29/2020 | Campbell C. Hughes | Fee/Employment Applications | Reconcile outstanding professional fees and prepare analysis on monthly outstanding amounts | 1.3 |

Pursuant to the Corrected Order Establishing Procedures Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 512] entered by the Court on November 12, 2019 (the "Interim Compensation Order"), Conway MacKenzie, Inc. ("Conway MacKenzie"), submits the eighth monthly statement of services rendered and expenses incurred in this case for the period from May 1, 2020 through May 31, 2020 (the "Statement Period"). A copy of Conway MacKenzie's invoice to the Committee is attached hereto as **Exhibit A**.

WHEREFORE, pursuant to the Interim Compensation Order, Conway MacKenzie respectfully requests payment of compensation for the Committee in the amount of (i) $26,522.40 (which equals 80% of $33,153.00) on account of actual, reasonable and necessary professional services Conway MacKenzie rendered to the Committee and (ii) reimbursement of the actual and necessary expenses in the amount of $0.00 incurred on behalf of the Committee by Conway MacKenzie, for the total amount of **$26,522.40.**

Dated:  June 23, 2020 **CONWAY MACKENZIE, INC**

/s/ *John T. Young, Jr.*
John T. Young, Jr.
909 Fannin Street, Suite 4000
Houston, TX. 77010
Telephone: (713) 650-0500
E-mail: JYoung@ConwayMacKenzie.com

*Financial Advisor to the Official Committee*
*of Unsecured Creditors*

**<u>Exhibit C-3</u>**

**June 1, 2020 through June 8, 2020 Fee Statement**

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 19-35133 (MI)** |
| ALTA MESA RESOURCES, INC., *et al.*,[1] | |
| | Objection Deadline: July 7, 2020 |
| **Debtors.** | |

## SUMMARY OF NINTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. FOR PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES <u>FOR THE PERIOD JUNE 1, 2020 THROUGH JUNE 8, 2020</u>

| | | |
|---|---|---|
| **Name of Applicant:** | Conway MacKenzie, Inc. | |
| **Applicant's Role in Case:** | Financial Advisor to Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | November 25, 2019 (*nunc pro tunc* to September 29, 2019) [Docket No. 587] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 6/1/2020 | 6/8/2020 |
| **Time period covered by prior Applications:** | 9/29/2019 | 5/31/2020 |
| **Total amounts awarded in all prior Applications:** | | $1,195,165.19 |
| **Total fees requested in this Application:** | | $5,235.20 (80% of $6,544.00) |
| **Total professional fees requested in this Application:** | | $6,499.00 |
| **Total actual professional hours covered by this Application:** | | 6.7 |
| **Average hourly rate for professionals:** | | $970.00 |
| **Total paraprofessional fees requested in this Application:** | | $45.00 |

---

[1]The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

| | |
|---|---|
| **Total actual paraprofessional hours covered by this Application:** | 0.2 |
| **Average hourly rate for paraprofessionals:** | $225.00 |
| **Reimbursable expenses sought in this application:** | $45.00 |
| **Total to be Paid to Priority Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | To be Determined |
| **Total to be Paid to General Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to General Unsecured Creditors:** | To be Determined |
| **Date of Confirmation Hearing:** | May 27, 2020 |
| **Indicate whether plan has been confirmed:** | Yes |

This is a __X__ monthly ____ interim ____ final application.

The Conway MacKenzie, Inc. professionals who rendered services in these cases during the Ninth Application Period are:

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Paul F. Jansen | Managing Director | $970.00 | 6.7 | $6,499.00 |
| Natalie J. Klein | Administrative Assistant | $225.00 | 0.2 | $45.00 |
| **Subtotal Hours & Fees** | | | | **$6,544.00** |
| | | | | |
| **Total Hours and Fees** | | | **6.9** | **$6,544.00** |
| **Blended Rate** | | **$948.41** | | |

The total hours and fees incurred, by Task Code, during the Ninth Application Period are:

| Task Code | Hours | Amount |
|---|---:|---:|
| Fee/Employment Applications | 1.0 | $821.00 |
| Plan and Disclosure Statement | 5.9 | $5,723.00 |
| | | |
| **Total Fees** | **7.4** | **$6,544.00** |

The total amounts of expenses, by expense type, during the Ninth Application Period are:

| Expense Category | Amount |
|---|---|
| Research | $45.00 |
| **Total Out-of-Pocket Expenses** | **$45.00** |

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| ALTA MESA RESOURCES, INC., *et al.*,[1] | **Case No. 19-35133 (MI)** |
| | Objection Deadline: July 7, 2020 |
| **Debtors.** | |

**SUMMARY OF NINTH MONTHLY APPLICATION OF CONWAY MACKENZIE, INC. FOR PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2020 THROUGH JUNE 8, 2020**

| | | |
|---|---|---|
| **Name of Applicant:** | Conway MacKenzie, Inc. | |
| **Applicant's Role in Case:** | Financial Advisor to Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | November 25, 2019 (*nunc pro tunc* to September 29, 2019) [Docket No. 587] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 6/1/2020 | 6/8/2020 |
| **Time period covered by prior Applications:** | 9/29/2019 | 5/31/2020 |
| **Total amounts awarded in all prior Applications:** | $1,195,165.19 | |
| **Total fees requested in this Application:** | $5,235.20 (80% of $6,544.00) | |
| **Total professional fees requested in this Application:** | $6,499.00 | |
| **Total actual professional hours covered by this Application:** | 6.7 | |
| **Average hourly rate for professionals:** | $970.00 | |
| **Total paraprofessional fees requested in this Application:** | $45.00 | |

---

[1]The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

| | |
|---|---|
| **Total actual paraprofessional hours covered by this Application:** | 0.2 |
| **Average hourly rate for paraprofessionals:** | $225.00 |
| **Reimbursable expenses sought in this application:** | $45.00 |
| **Total to be Paid to Priority Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | To be Determined |
| **Total to be Paid to General Unsecured Creditors:** | To be Determined |
| **Anticipated % Dividend to General Unsecured Creditors:** | To be Determined |
| **Date of Confirmation Hearing:** | May 27, 2020 |
| **Indicate whether plan has been confirmed:** | Yes |

This is a **X** monthly ____ interim ____ final application.

The Conway MacKenzie, Inc. professionals who rendered services in these cases during the Ninth Application Period are:

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Paul F. Jansen | Managing Director | $970.00 | 6.7 | $6,499.00 |
| Natalie J. Klein | Administrative Assistant | $225.00 | 0.2 | $45.00 |
| **Subtotal Hours & Fees** | | | | **$6,544.00** |
| | | | | |
| **Total Hours and Fees** | | | **6.9** | **$6,544.00** |
| **Blended Rate** | | **$948.41** | | |

The total hours and fees incurred, by Task Code, during the Ninth Application Period are:

| Task Code | Hours | Amount |
|---|---|---|
| Fee/Employment Applications | 1.0 | $821.00 |
| Plan and Disclosure Statement | 5.9 | $5,723.00 |
| | | |
| **Total Fees** | **7.4** | **$6,544.00** |

Ninth Monthly Application - CONWAY MACKENZIE, INC.        4

The total amounts of expenses, by expense type, during the Ninth Application Period are:

| Expense Category | Amount |
|---|---:|
| Research | $45.00 |
| **Total Out-of-Pocket Expenses** | **$45.00** |

Expense detail by professional during the Ninth Application Period are:

| Date | Expense Category | Description | Amount |
|------|-----------------|-------------|--------|
| 4/7/2020 | Research | Subscription fee for OKCountyRecords.com (Not included on previous applications) | $45.00 |
| | | **Total Expenses** | **$45.00** |

Time detail by professional during the Ninth Application Period are:

| Date | Professional | Task | Description | Hours |
|---|---|---|---|---|
| 6/1/2020 | Natalie J. Klein | Fee/Employment Applications | Preparation of invoice for May | 0.2 |
| 6/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to M Radovancevic (AP) related to Plan and wind down | 1.8 |
| 6/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of wind down budget changes and drafting of analysis | 1.8 |
| 6/3/2020 | Paul F. Jansen | Fee/Employment Applications | Review and analysis of WF objection | 0.4 |
| 6/3/2020 | Paul F. Jansen | Fee/Employment Applications | Drafting of email to BR and SSG related to objection | 0.4 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis escrow and wind down | 1.7 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with M Radovancevic (AM) regarding escrow | 0.3 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with A Carty (BR) regarding wind down | 0.2 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call With K Green (SSG) regarding wind down | 0.1 |

Pursuant to the Corrected Order Establishing Procedures Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 512] entered by the Court on November 12, 2019 (the "Interim Compensation Order"), Conway MacKenzie, Inc. ("Conway MacKenzie"), submits the ninth monthly statement of services rendered and expenses incurred in this case for the period from June 1, 2020 through June 8, 2020 (the "Statement Period"). A copy of Conway MacKenzie's invoice to the Committee is attached hereto as **Exhibit A**.

WHEREFORE, pursuant to the Interim Compensation Order, Conway MacKenzie respectfully requests payment of compensation for the Committee in the amount of (i) $5,235.20 (which equals 80% of $6,544.00) on account of actual, reasonable and necessary professional services Conway MacKenzie rendered to the Committee and (ii) reimbursement of the actual and necessary expenses in the amount of $45.00 incurred on behalf of the Committee by Conway MacKenzie, for the total amount of **$5,280.20.**

Dated:  June 23, 2020

**CONWAY MACKENZIE, INC**

/s/ *John T. Young, Jr.*
John T. Young, Jr.
909 Fannin Street, Suite 4000
Houston, TX. 77010
Telephone: (713) 650-0500
E-mail: JYoung@ConwayMacKenzie.com

*Financial Advisor to the Official Committee*
*of Unsecured Creditors*

**Exhibit C-4**

**Summary by Professional and Paraprofessional for Time after June 8, 2020**

| Professional | Charge Code | Detail | Hours | Fees |
|---|---|---|---|---|
| John T. Young, Jr. | Fee/Employment Applications | Supervisory review of final fee application | 2.0 | $2,570.00 |
| Paul F. Jansen | Fee/Employment Applications | Supervisory review of final fee application | 4.8 | $4,656.00 |
| Campbell C. Hughes | Fee/Employment Applications | Reconcile outstanding professional fees and prepare analysis on monthly outstanding amounts | 3.0 | $1,920.00 |
| Chase G. Hood | Fee/Employment Applications | Preparation of final fee application | 7.6 | $4,332.00 |
| Matthew A. Sonnier | Fee/Employment Applications | Preparation of final fee application | 3.0 | $1,170.00 |
| Natalie J. Klein | Fee/Employment Applications | Preparation of final invoice and reporting | 2.5 | $562.50 |
| **Subtotal Hours and Fees** | | | **22.9** | **$15,210.50** |
| Time to be incurred* | | | | $10,000.00 |
| **Total Hours and Fees** | | | **22.9** | **$25,210.50** |

*Time to be incurred includes an estimate for additional time to be spent subsequent to July 22, 2020 in the amount of $10,000.

## Exhibit D

## Time and Fee Summaries and Detail for Application Period

| Professional | Title | Hourly Rate | Hours | Fees |
|---|---|---:|---:|---:|
| John T. Young, Jr. | Senior Managing Director | $1,285.00 | 2.0 | $2,570.00 |
| Paul F. Jansen | Managing Director | $970.00 | 129.9 | $126,003.00 |
| Campbell C. Hughes | Director | $640.00 | 34.3 | $21,952.00 |
| Chase G. Hood | Senior Associate | $570.00 | 31.7 | $18,069.00 |
| Bennett G. Notestine | Senior Associate | $490.00 | 20.5 | $10,045.00 |
| Matthew A. Sonnier | Analyst | $390.00 | 3.0 | $1,170.00 |
| Christopher A. Winter | Analyst | $390.00 | 3.0 | $1,170.00 |
| Natalie J. Klein | Administrative Assistant | $225.00 | 4.7 | $1,057.50 |
| **Subtotal Hours and Fees** | | | **229.1** | **$182,036.50** |
| Time to be incurred* | | | | $10,000.00 |
| **Total Hours and Fees** | | | **229.1** | **$192,036.50** |
| **Blended Rate** | | **$794.57** | | |

*Time to be incurred includes an estimate for additional time to be spent subsequent to July 22, 2020 in the amount of $10,000.

| Charge Code | Hours | Amount |
|---|---|---|
| Asset Disposition | 17.1 | $11,609.00 |
| Cash Flow Analysis/Reporting | 21.1 | $16,123.00 |
| Claims Analysis | 30.4 | $22,893.00 |
| Fee/Employment Applications* | 51.7 | $42,160.50 |
| Hearing Attendance/Preparation | 6.0 | $4,707.00 |
| Plan and Disclosure Statement | 102.8 | $94,544.00 |
| **Total Fees** | **229.1** | **$192,036.50** |

*Includes time spent subsequent to June 8th, 2020 in the amount of $25,210.50, which is inclusive of an estimated amount to be spent subsequent to July 22, 2020 in the amount of $10,000.

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Call with Alix Partners (B. Fernandes) to discuss contract rejection damage claims | 0.5 |
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Prepare contract rejection damage analysis related to Kodiak | 0.8 |
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Prepare contract rejection damage analysis related to ARM | 2.1 |
| 4/1/2020 | Campbell C. Hughes | Claims Analysis | Prepare contract rejection damage analysis related to ONEOK | 1.4 |
| 4/1/2020 | Paul F. Jansen | Claims Analysis | Drafting of demonstrative for UCC related to claims pool | 2.6 |
| 4/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with J Cesarz (PWP) related to settlement | 0.6 |
| 4/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with T Stanford (RPA) related to settlement | 0.3 |
| 4/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to settlement | 0.8 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Review and analysis of Debtors' second omnibus motion related to the rejection of certain executory contracts | 0.4 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Research related to certain executory contract rejections | 0.8 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Review and analysis of certain executory contracts in relation to its potential contract rejection damages | 1.1 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Review and analysis of monthly net proceeds and plant statements related to certain executory contracts | 0.7 |
| 4/1/2020 | Chase G. Hood | Claims Analysis | Prepare analysis related to potential contract rejection damages | 1.3 |
| 4/2/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Analysis of 28 cash flow variance report in regard to cumulative cash position | 0.9 |
| 4/2/2020 | Bennett G. Notestine | Hearing Attendance/Preparation | Telephonic attendance of status conference hearing regarding sale | 0.5 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/2/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of motion to enforce PSA for material terms related to the sale | 1.7 |
| 4/2/2020 | Campbell C. Hughes | Hearing Attendance/Preparation | Attended telephonic status conference hearing | 0.5 |
| 4/2/2020 | Campbell C. Hughes | Claims Analysis | Call with Alix Partners (B. Fernandes) to discuss rejection damage claims | 0.3 |
| 4/2/2020 | Campbell C. Hughes | Claims Analysis | Review and revise rejection damages analysis based on new information from AlixPartners | 1.4 |
| 4/2/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Telephonic attendance of status conference hearing | 0.5 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of budgeted professional fees | 1.7 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revised budget | 2.5 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with J Cesarz (PWP) related to settlement | 0.3 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with T Stanford (RPA) related to settlement | 0.2 |
| 4/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to settlement | 0.6 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of new operating proposal received for key material terms | 1.2 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of updated bid from certain party for material changes to terms | 1.6 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of updated terms from Mach/BCE bid | 0.8 |
| 4/3/2020 | Bennett G. Notestine | Asset Disposition | Update remarketing presentation to include updated/additional bids | 1.4 |
| 4/3/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Prepare UCC professional fee forecast schedule for duration of case at Debtors' request | 1.6 |
| 4/3/2020 | Campbell C. Hughes | Asset Disposition | Review and analysis of new indications of interest from Debtors' remarketing efforts | 1.8 |
| 4/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of budget changes summary analysis for the UCC | 0.7 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with J Cesarz (PWP) related to settlement | 0.4 |
| 4/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to settlement | 0.3 |
| 4/3/2020 | Paul F. Jansen | Asset Disposition | Call with K Green (SSG) related to alternative buyer | 0.6 |
| 4/3/2020 | Paul F. Jansen | Asset Disposition | Call with J Cesarz (PWP) related to alternative buyer | 0.3 |
| 4/3/2020 | Paul F. Jansen | Asset Disposition | Call with W Williamson (PWP) related to alternative buyer | 0.3 |
| 4/4/2020 | Paul F. Jansen | Asset Disposition | Research related to alternative buyer options for the assets | 1.8 |
| 4/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to revised wind down budget | 0.1 |
| 4/4/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to AlixPartners with questions related to the revised budget | 2.0 |
| 4/4/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Review and analysis of revised budget received from Debtors | 2.2 |
| 4/5/2020 | Campbell C. Hughes | Cash Flow Analysis/Reporting | Review and analysis of updated wind down budget and professional fee schedule and prepare summary of changes | 1.5 |
| 4/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of comments related to settlement documents | 1.6 |
| 4/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of revisions to settlement related documents | 2.4 |
| 4/5/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to UCC advisors related to updated wind down budget | 0.8 |
| 4/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to UCC advisors related to settlement | 0.9 |
| 4/6/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to R Albergotti (Alix) related to update wind down budget | 0.6 |
| 4/6/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Analysis of JIB items included in wind down budget | 0.8 |
| 4/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis for UCC related to settlement | 2.7 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/6/2020 | Paul F. Jansen | Claims Analysis | Research related to Kodiak's claim | 2.1 |
| 4/7/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of settlement term sheet | 0.8 |
| 4/7/2020 | Campbell C. Hughes | Cash Flow Analysis/Reporting | Review and analysis of latest wind down budget iteration received from Debtors | 0.7 |
| 4/7/2020 | Campbell C. Hughes | Cash Flow Analysis/Reporting | Discuss latest wind down budget received with counsel | 0.2 |
| 4/7/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of wind down budget revision analysis | 1.8 |
| 4/7/2020 | Paul F. Jansen | Claims Analysis | Research related to contract rejection damages | 1.7 |
| 4/8/2020 | Bennett G. Notestine | Asset Disposition | Review and analysis of modified PSA motion in relation to key final sale terms | 2.1 |
| 4/8/2020 | Bennett G. Notestine | Hearing Attendance/Preparation | Telephonic attendance of hearing regarding enforcing the asset sale and PSA | 1.2 |
| 4/8/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Analysis of week 29 cash flow variance report for material variances | 1.1 |
| 4/8/2020 | Bennett G. Notestine | Plan and Disclosure Statement | Analysis of draft disclosure statement to verify numbers within | 2.6 |
| 4/8/2020 | Campbell C. Hughes | Hearing Attendance/Preparation | Telephonic attendance of hearing regarding asset sale and PSA | 0.4 |
| 4/8/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of draft plan of reorganization | 2.3 |
| 4/8/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Discussion regarding disclosure statement with counsel | 0.4 |
| 4/8/2020 | Christopher A. Winter | Claims Analysis | Updated AMH claims analysis with current data from the AMH record of M&M liens filed | 2.3 |
| 4/8/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Attendance of asset sale hearing | 1.0 |
| 4/8/2020 | Paul F. Jansen | Asset Disposition | Call with R Albergotti (Alix) related to asset sale | 0.4 |
| 4/8/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to S Levine and A Carty (BR) related to cash collateral budget | 0.9 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/8/2020 | Paul F. Jansen | Asset Disposition | Drafting of email to S Levine (BR) related to asset sale closing | 1.3 |
| 4/8/2020 | Paul F. Jansen | Asset Disposition | Review of email correspondence between Debtors and K&E related to asset sale closing | 0.7 |
| 4/9/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of Debtors' draft plan of reorganization | 3.2 |
| 4/9/2020 | Christopher A. Winter | Claims Analysis | Continued updating AMH Claims Analysis with current data from the AMH Record of Liens | 0.7 |
| 4/9/2020 | Paul F. Jansen | Claims Analysis | Drafting of email to UCC member's counsel regarding claims pool | 0.3 |
| 4/10/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of draft plan in preparation for call with Alix Partners | 0.7 |
| 4/10/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss GUC claims and recovery figures for disclosure statement | 0.2 |
| 4/10/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss GUC claims and recovery figures for disclosure statement | 0.2 |
| 4/10/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of Debtors' draft disclosure statement | 2.8 |
| 4/13/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Prepare summary analysis related to monthly operating reports filed by KFM and AMH Debtors for the month of January | 1.9 |
| 4/13/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Prepare summary analysis related to the monthly operating filed by the AMH Debtors for the month of February | 1.8 |
| 4/13/2020 | Bennett G. Notestine | Cash Flow Analysis/Reporting | Prepare summary analysis related to the monthly operating filed by the KFM Debtors for the month of February | 1.7 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with T Stanford (RPA) related to plan administrator | 0.4 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) related to plan administrator | 0.3 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Research related to plan administrator | 1.7 |
| 4/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of terms related to Debtors' plan administrator | 0.8 |
| 4/13/2020 | Chase G. Hood | Fee/Employment Applications | Consolidation of time detail for professionals for the March fee statement | 2.8 |
| 4/14/2020 | Paul F. Jansen | Plan and Disclosure Statement | Telephonic meeting with all advisors related to Debtors' plan | 1.0 |
| 4/14/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with UCC advisors related to the plan | 0.3 |
| 4/14/2020 | Chase G. Hood | Fee/Employment Applications | Update tables and exhibits, reconcile expense detail and begin updating language within March fee statement | 2.7 |
| 4/14/2020 | Chase G. Hood | Fee/Employment Applications | Finalize March fee statement for filing | 0.9 |
| 4/14/2020 | Chase G. Hood | Plan and Disclosure Statement | Review and analysis of liquidation analysis provided by Debtors | 0.9 |
| 4/15/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analyze Debtor's draft liquidation analysis | 1.4 |
| 4/15/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss Debtors' liquidation analysis | 0.3 |
| 4/15/2020 | Campbell C. Hughes | Claims Analysis | Review and analysis of claims pool and GUC analysis in preparation for call with Debtors on liquidation analysis | 1.6 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Alix Partners and CM (P. Jansen, C. Hughes) to discuss Debtors' liquidation analysis | 0.3 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of liquidation analysis received from Debtors | 1.3 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) related to plan administrator | 0.5 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to plan administrator | 0.2 |
| 4/15/2020 | Paul F. Jansen | Plan and Disclosure Statement | Research related to the AMR plan of reorganization administrator role | 1.4 |
| 4/15/2020 | Chase G. Hood | Fee/Employment Applications | Compile time detail and update excel file for second interim fee application | 1.7 |
| 4/16/2020 | Campbell C. Hughes | Claims Analysis | Review and analysis of Debtors' claims pool estimates and analyze against internal analysis | 1.4 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Bret Fernandes (Alix) related to plan of reorganization and disclosure statement | 0.6 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Bret Fernandes and J Creighton (Alix) related to plan of reorganization and disclosure statement | 0.8 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of revisions to plan of reorganization and disclosure statement | 2.1 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis related to first lien deficiency claim | 0.7 |
| 4/16/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis related to valuation of upside for first lien holder | 1.8 |
| 4/16/2020 | Paul F. Jansen | Claims Analysis | Drafting of revisions to claims analysis estimate | 2.2 |
| 4/16/2020 | Chase G. Hood | Fee/Employment Applications | Update tables, exhibits, and language within second interim fee application | 2.8 |
| 4/17/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review, analyze, and advise counsel of the wind down reserve budget as it compares to admin and priority claims | 0.7 |
| 4/17/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Review and analysis of the Debtors' updated Plan draft and claims analysis | 2.2 |
| 4/17/2020 | Campbell C. Hughes | Fee/Employment Applications | Supervisory review of March fee application | 0.4 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/17/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) related to wind down budget | 0.4 |
| 4/17/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with A Carty (BR) related to wind down budget | 0.3 |
| 4/17/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Review and analysis of revised cash collateral and wind down budgets | 1.3 |
| 4/17/2020 | Paul F. Jansen | Cash Flow Analysis/Reporting | Drafting of email to R Albergotti (Alix) related to updated cash collateral and wind down budgets | 0.9 |
| 4/17/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revisions to plan of reorganization and disclosure statements | 1.5 |
| 4/17/2020 | Paul F. Jansen | Claims Analysis | Drafting of revisions to claims pool estimate | 1.9 |
| 4/17/2020 | Chase G. Hood | Fee/Employment Applications | Prepare summary descriptions for tasks codes used throughout the interim period and finish updating language within the second interim application | 2.6 |
| 4/17/2020 | Natalie J. Klein | Fee/Employment Applications | Preparation of March invoice | 0.8 |
| 4/20/2020 | Campbell C. Hughes | Fee/Employment Applications | Supervisory review of second interim fee application | 0.7 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review of and analysis of AMR plan or reorganization | 1.4 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of AMR disclosure statement | 1.8 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) regarding AMR disclosure statement | 0.4 |
| 4/21/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) regarding AMR disclosure statement | 0.7 |
| 4/21/2020 | Paul F. Jansen | Asset Disposition | Drafting of email to J Cesarz (PWP) related to application and sale fee calculation | 0.7 |
| 4/21/2020 | Paul F. Jansen | Claims Analysis | Call with M Dundon (Dundon) regarding certain litigation claims | 0.6 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/21/2020 | Chase G. Hood | Asset Disposition | Analysis of PWP sale fee associated with updated closing sale price | 0.4 |
| 4/21/2020 | Natalie J. Klein | Fee/Employment Applications | Finalize monthly invoice for March | 0.6 |
| 4/22/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) regarding AMR plan administrator | 0.3 |
| 4/22/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) regarding AMR plan and disclosure statement matters | 0.2 |
| 4/22/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Preparation and analysis of docket items in advance of Alta Mesa disclosure statement hearing | 1.5 |
| 4/22/2020 | Paul F. Jansen | Hearing Attendance/Preparation | Attendance of hearing related to the Alta Mesa disclosure statement | 0.4 |
| 4/22/2020 | Chase G. Hood | Fee/Employment Applications | Finalize second interim fee application for filing | 0.4 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to S Levine (BR) related to plan confirmation | 0.8 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email R Albergotti (Alix) related to AMR disclosure statement | 0.6 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of M&M lien analysis for committee member | 1.7 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with K Green (SSG) related to M&M lien analysis | 0.4 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with S Levine (BR) and K Green (SSG) related to M&M lien analysis | 0.3 |
| 4/24/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to committee member related to M&M lien analysis | 1.8 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with all advisors related to AMH/AMR trust | 0.5 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analyses related to AMR/AMH trust | 1.7 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to AMR trust | 0.7 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to K Green (SSG) and S Levine (BR) related to AMH/AMR trust | 0.8 |
| 4/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of changes to AMH trust agreement | 1.4 |
| 4/28/2020 | Paul F. Jansen | Claims Analysis | Call with UCC member related to M&M lien claim | 0.5 |
| 4/28/2020 | Paul F. Jansen | Claims Analysis | Drafting of analysis for UCC member | 1.7 |
| 4/29/2020 | Chase G. Hood | Fee/Employment Applications | Begin consolidating time detail for all professionals for the April fee statement | 2.5 |
| 4/30/2020 | Chase G. Hood | Fee/Employment Applications | Begin updating word document language for April fee statement | 0.5 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti (Alix) related to wind down | 0.5 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revised wind down budget | 0.9 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of summary email to UCC and counsel related to wind down and trusts | 1.8 |
| 5/2/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to K Green (SSG) related to wind down | 0.7 |
| 5/2/2020 | Campbell C. Hughes | Plan and Disclosure Statement | Call with Alix Partners team to review changes to wind down budget | 0.2 |
| 5/3/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of AMH trust agreement comments | 0.5 |
| 5/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of analysis related to wind down | 1.2 |
| 5/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of revised wind down budget and drafting of associated comments | 0.9 |
| 5/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Analysis of AMR plan administrator | 0.6 |
| 5/4/2020 | Chase G. Hood | Fee/Employment Applications | Update tables, exhibits and finalize April fee statement | 1.6 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with M Tribolet (AMH) related to plan administrator roles | 0.5 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with K Green (SSG) related to AMR plan administrator | 0.4 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of disclosure statement related documents | 1.7 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Telephonic meeting with all professionals regarding plan | 0.8 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with professionals related to AMH plan administrator | 0.6 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with R Albergotti related to wind down budget | 0.4 |
| 5/5/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of wind down budget comments to Alix | 1.0 |
| 5/5/2020 | Campbell C. Hughes | Fee/Employment Applications | Supervisory review of monthly fee application | 0.4 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of plan related documents | 1.4 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to R Albergotti (Alix) related to plan | 0.6 |
| 5/6/2020 | Paul F. Jansen | Fee/Employment Applications | Supervisory review of fee application | 0.6 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to M Radovancevic (Alix) related to plan disclosures | 1.1 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of additional email to M Radovancevic (Alix) related to plan disclosures | 0.9 |
| 5/6/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of final wind down budget changes | 1.8 |
| 5/8/2020 | Campbell C. Hughes | Fee/Employment Applications | Discuss UCC professional fee objections with SSG (K. Green) and request and review professional fee schedule from Alix Partners | 1.1 |
| 5/11/2020 | Paul F. Jansen | Fee/Employment Applications | Supervisory review of interim fee application | 0.8 |
| 5/11/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of initial lien review | 0.6 |
| 5/11/2020 | Campbell C. Hughes | Fee/Employment Applications | Review and analysis of UCC professional fee schedule | 0.9 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| | | | prepared by Alix and reconcile to fee statements and unpaid balances | |
| 5/11/2020 | Natalie J. Klein | Fee/Employment Applications | Preparation of monthly invoice for April | 0.6 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with professionals related to ARM transition | 1.0 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to K Green (SSG) related to transition | 1.4 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Continue drafting of email to K Green (SSG) related to AMR transition | 1.6 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with Alix team related to initial lien review | 0.8 |
| 5/13/2020 | Paul F. Jansen | Plan and Disclosure Statement | Preparation for call with Alix team related to claims | 1.4 |
| 5/19/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of plan objections and related email correspondence with A Carty (BR) | 1.3 |
| 5/27/2020 | Paul F. Jansen | Plan and Disclosure Statement | Attendance of hearing | 2.0 |
| 5/29/2020 | Campbell C. Hughes | Fee/Employment Applications | Prepare UCC professional fee schedule with April and May actuals | 1.1 |
| 5/29/2020 | Campbell C. Hughes | Fee/Employment Applications | Reconcile outstanding professional fees and prepare analysis on monthly outstanding amounts | 1.3 |
| 6/1/2020 | Natalie J. Klein | Fee/Employment Applications | Prepare invoice for May | 0.2 |
| 6/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Drafting of email to M Radovancevic (AP) related to Plan and wind down | 1.8 |
| 6/1/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis of wind down budget changes and drafting of analysis | 1.8 |
| 6/3/2020 | Paul F. Jansen | Fee/Employment Applications | Review and analysis of WF objection | 0.4 |
| 6/3/2020 | Paul F. Jansen | Fee/Employment Applications | Drafting of email to BR and SSG related to objection | 0.4 |

| Date | Professional | Charge Code | Description | Hours |
|---|---|---|---|---|
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Review and analysis escrow and wind down | 1.7 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with M Radovancevic (AM) regarding escrow | 0.3 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with A Carty (BR) regarding wind down | 0.2 |
| 6/4/2020 | Paul F. Jansen | Plan and Disclosure Statement | Call with K Green (SSG) regarding wind down | 0.1 |
| 6/9/2020 – 6/19/2020 | Paul F. Jansen | Fee/Employment Applications | Supervisory review of final fee application | 4.8 |
| 6/9/2020 – 6/19/2020 | John T. Young, Jr. | Fee/Employment Applications | Supervisory review of final fee application | 2.0 |
| 6/9/2020 – 6/19/2020 | Chase G. Hood | Fee/Employment Applications | Preparation of final fee application | 7.6 |
| 6/9/2020 – 6/19/2020 | Campbell C. Hughes | Fee/Employment Applications | Reconcile outstanding professional fees and prepare analysis on monthly outstanding amounts | 3.0 |
| 6/9/2020 – 6/19/2020 | Matthew A. Sonnier | Fee/Employment Applications | Preparation of final fee application | 3.0 |
| 6/9/2020 – 6/19/2020 | Natalie J. Klein | Fee/Employment Applications | Preparation of final invoice and reporting | 2.5 |

**Exhibit E**

**Expense Summary and Detail for Application Period**

| Expense Category | Amount |
|---|---|
| Research | $45.00 |
| **Total Out-of-Pocket Expenses** | **$45.00** |

| Date | Expense Category | Description | Amount |
|---|---|---|---|
| 4/7/2020 | Research | Monthly subscription fee for OKCountyRecords.com | $45.00 |
| | | | |
| **Total Expenses** | | | **$45.00** |

## Exhibit F

**Summary of Hours and Fees by Task Codes for All Application Periods, including time after June 8, 2020**

| Charge Code | First Interim Application | | Second Interim Application | |
|---|---|---|---|---|
| | Hours | Fees | Hours | Fees |
| Asset Analysis and Recovery | 57.5 | $34,928.00 | 43.0 | $30,810.00 |
| Asset Disposition | 180.2 | $135,006.50 | 227.2 | $167,831.00 |
| Business Analysis | 479.0 | $307,797.50 | 43.6 | $29,754.50 |
| Cash Flow Analysis/Reporting | 318.5 | $193,113.00 | 72.7 | $51,058.50 |
| Claims Analysis | 7.6 | $4,200.50 | 135.1 | $89,903.50 |
| Employee Matters | 39.0 | $20,182.00 | - | - |
| Fee/Employment Applications | 63.0 | $31,939.50 | 50.1 | $28,697.00 |
| Fee/Employment Objections | 102.0 | $62,172.50 | - | - |
| Hearing Attendance/Preparation | 46.9 | $41,453.50 | 160.9 | $131,258.50 |
| Lien Challenge | 45.1 | $29,047.50 | - | - |
| Litigation Analysis | 39.9 | $34,234.00 | - | - |
| Non-Working Travel | 19.4 | $6,700.75 | - | - |
| Plan and Disclosure Statement | - | - | 90.4 | $79,211.00 |
| Schedules and Statement of Financial Affairs | 47.7 | $28,364.50 | - | - |
| Valuation | 144.0 | $87,976.50 | - | - |
| | | | | |
| **TOTAL HOURS AND FEES** | **1,589.8** | **$1,017,116.25** | **823.0** | **$608,524.00** |

**Exhibit F**

**Summary of Hours and Fees by Task Codes for All Application Periods, including time**

**after June 8, 2020 (Continued)**

| Charge Code | Third and Final Application | | Total | |
|---|---|---|---|---|
| | Hours | Fees | Hours | Fees |
| Asset Analysis and Recovery | - | - | 100.5 | $65,738.00 |
| Asset Disposition | 17.1 | $11,609.00 | 424.5 | $314,446.50 |
| Business Analysis | - | - | 522.6 | $337,552.00 |
| Cash Flow Analysis/Reporting | 21.1 | $16,123.00 | 412.3 | $260,294.50 |
| Claims Analysis | 30.4 | $22,893.00 | 173.1 | $116,997.00 |
| Employee Matters | - | - | 39.0 | $20,182.00 |
| Fee/Employment Applications* | 51.7 | $42,160.50 | 164.8 | $102,797.00 |
| Fee/Employment Objections | - | - | 102 | $62,172.50 |
| Hearing Attendance/Preparation | 6.0 | $4,707.00 | 213.8 | $177,419.00 |
| Lien Challenge | - | - | 45.1 | $29,047.50 |
| Litigation Analysis | - | - | 39.9 | $34,234.00 |
| Non-Working Travel | - | - | 19.4 | $6,700.75 |
| Plan and Disclosure Statement | 102.8 | $94,544.00 | 193.2 | $173,755.00 |
| Schedules and Statement of Financial Affairs | - | - | 47.7 | $28,364.50 |
| Valuation | - | - | 144.0 | $87,976.50 |
| | | | | |
| **TOTAL HOURS AND FEES** | **229.1** | **$192,036.50** | **2,641.9** | **$1,817,676.75** |

*Includes time spent subsequent to June 8th, 2020 in the amount of $25,210.50, which is inclusive of an estimated amount to be spent subsequent to July 22, 2020 in the amount of $10,000.

**Exhibit G**

**Summary of Actual and Necessary Expenses for All Application Periods**

| Expense Category | First Interim Application | Second Interim Application | Third and Final Application | Total |
|---|---|---|---|---|
| Airfare | $2,920.50 | $0.00 | $0.00 | $2,920.50 |
| Ground Transportation | $708.69 | $148.88 | $0.00 | $857.57 |
| Lodging | $1,125.00 | $0.00 | $0.00 | $1,125.00 |
| Legal | $1,105.00 | $0.00 | $0.00 | $1,105.00 |
| Research | $0.00 | $205.00 | $45.00 | $250.00 |
| Telecommunications | $0.00 | $32.99 | $0.00 | $32.99 |
| Travel Meals | $278.06 | $1,160.32 | $0.00 | $1,438.38 |
| **TOTAL EXPENSES** | **$6,137.25** | **$1,547.19** | **$45.00** | **$7,729.44** |

**Exhibit H**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALTA MESA RESOURCES, INC., et al.,[1] | § | Case No. 19-35133 (MI) |
| | § | |
| Debtor. | § | (Jointly Administered) |
| | § | |

**THIRD AND FINAL APPLICATION OF CONWAY MACKENZIE, INC. FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM APRIL 1, 2020 THROUGH AND INCLUDING JUNE 8, 2020**

Upon consideration of the third and final fee application (the "Third and Final Application") of Conway MacKenzie, Inc.  ("Conway MacKenzie") for allowance of compensation for services rendered and reimbursement of expenses incurred as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the period from April 1, 2020 through and including June 8, 2020 (the "Application Period"); and the Court having reviewed the Third and Final Application; and all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules having been satisfied; and sufficient notice of the Third and Final Application having been provided and no other or further notice being required;

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers are as follows: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545). The location of the Debtors' corporate headquarters and service address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

and all persons with standing having been afforded an opportunity to be heard on the Third and

Final Application at a hearing held to consider approval of thereof; and after due deliberation

thereon and good and sufficient notice appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Third and Final Application is GRANTED as set forth herein.

2.      Conway MacKenzie is allowed, on an interim and final basis, compensation in the

amount of $192,036.50 for professional services rendered as Financial Advisor to the Committee

during the Application Period.

3.      Conway MacKenzie is allowed, on an interim and final basis, the reimbursement

of reasonable and necessary expenses incurred during the Application Period in connection with

its services to the Committee in the amount of $45.00.

4.      Conway MacKenzie is allowed, on a final basis, compensation for professional

services rendered since the Petition Date in the amount of $1,817,676.75

5.      Conway MacKenzie is allowed, on a final basis, reimbursement for expenses

incurred since the Petition date in the amount of $7,729.44

6.      The Debtors are authorized and directed to remit payment to Conway MacKenzie

in the above amounts, less all amounts, if any, that the Debtors previously paid to Conway

MacKenzie on account of such fees and expenses.

7.      The Court shall retain exclusive jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

8.      This Order shall be effective immediately upon entry.

SIGNED this _____ day of _____.


_____

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE