IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ALTA MESA RESOURCES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-35133 (MI)<br><br>Jointly Administered |

**STIPULATION AND AGREED ORDER RESOLVING
THE AMH GUC CLAIMS ADMINISTRATOR'S OBJECTION TO CLAIMS OF
DONALD R. DIMITRIEVICH, PIERRE F. LAPEYRE JR., AND DAVID LEUSCHEN**

This Stipulation and Agreed Order (the "Stipulation") is entered into by and between Kenneth Green, in his capacity as Administrator of the AMH GUC Claims Administrator (the "Administrator") and Donald R. Dimitrievich, Pierre F. Lapeyre Jr., and David M. Leuschen (collectively, the "Prepetition Directors" and together with the Administrator, the "Parties").

**RECITALS**

WHEREAS, on September 11, 2019, the AMR/AMH Debtors[2] filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Southern District of Texas (the "Court") commencing these bankruptcy cases (the "Bankruptcy Cases");

WHEREAS, by entry of an order dated October 21, 2019 (the "Bar Date Order"), the Court established December 9, 2019, as the deadline for each person or entity to file a proof of claim against each of the AMR/AMH Debtors in the Bankruptcy Cases (the "Claims Bar Date").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Alta Mesa Resources, Inc. (3840); Alta Mesa Holdings, LP (5150); Alta Mesa Holdings GP, LLC (0642); OEM GP, LLC (0958); Alta Mesa Finance Services Corp. (5673); Alta Mesa Services, LP (7295); Oklahoma Energy Acquisitions, LP (3762); SRII Opco GP, LLC (3729); SRII Opco, LP (5874); Kingfisher Midstream, LLC (1357); Kingfisher STACK Oil Pipeline, LLC (8858); Oklahoma Produced Water Solutions, LLC (0256); and Cimarron Express Pipeline, LLC (1545).  The Debtors' mailing address is 15021 Katy Freeway, 4th Floor, Houston, Texas 77094.

[2] The AMR/AMH Debtors are defined in the Plan (as defined below).

1

WHEREAS, under the Bar Date Order, officers, managers, directors, or employees of the Debtors were not required to file proofs of claim for claims based on indemnification, contribution, or reimbursement.

WHEREAS, the Prepetition Directors (i) previously served as members of the boards of directors/managers of certain of the AMR/AMH Debtors and (ii) are associated with either HPS Investment Partners, LLC ("HPS") or Riverstone Investment Group LLC ("Riverstone");

WHEREAS, although the Prepetition Directors were not required to file proofs of claim, the Prepetition Directors timely filed proofs of claim (collectively, the "Claims")[3] against the Debtors in the Bankruptcy Cases as follows:

- Donald R. Dimitrievich: Claim Nos. 815, 818, 819, 820, 836, 837, and 840;
- Pierre F. Lapeyre Jr.: Claim Nos. 841, 842, 844, 867, 873, 909, and 913; and
- David Leuschen: Claim Nos. 868, 869, 871, 878, 919, 926 and 932.[4]

WHEREAS, the Prepetition Directors each asserted the right to any and all rights and entitlement that the Prepetition Directors have or may have to indemnification, contribution, reimbursement or other payments, including damages, costs and expenses related thereto, from the AMR/AMH Debtors, including, without limitation, those arising in respect of or by reason of the fact that the Prepetition Directors previously served as members of the boards of directors/managers of certain of the AMR/AMH Debtors and/or served at the request of, or for the benefit of, certain of the AMR/AMH Debtors as members of boards of directors/managers

---

[3] To the extent any inconsistencies exist between the description of the Claims contained herein and the description set forth in the Claims, the description set forth in the Claims shall govern.

[4] Proof of Claim Nos. 815, 868, and 909 are against OEM GP, LLC; Proof of Claim Nos. 844 and 869 are against Alta Mesa Holdings, LP; Proof of Claim Nos. 820, 842, and 871 are against Alta Mesa Resources, Inc.; Proof of Claim Nos. 836, 873, and 878 are against Alta Mesa Finance Services Corp; Proof of Claim Nos. 818, 841, and 919 are against Alta Mesa Holdings GP, LLC; Proof of Claim Nos. 837, 913, and 926 are against Alta Mesa Services, LP; and Proof of Claim Nos. 840, 867, 932 are against Oklahoma Energy Acquisitions, LP.

(collectively, the "Board Service").

WHEREAS, the Prepetition Directors also asserted the right to all benefits under the AMR/AMH Debtors' director and officer insurance programs and any other insurance policies to which the Prepetition Directors are entitled benefits as a result of the Board Service.

WHEREAS, the Prepetition Directors also asserted the right to any payment or other related benefits due and owing to the Prepetition Directors under any of the Prepetition Directors' agreements with the AMR/AMH Debtors and/or any plan(s) maintained by any of the Debtors as of the Petition Date that was not paid during the Bankruptcy Cases pursuant to Court order.

WHEREAS, on May 27, 2020, the Court confirmed the *First Amended Joint Plan of Liquidation of Alta Mesa Resources, Inc. and its AMH and SRII Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan"), and the Plan went effective on June 8, 2020;

WHEREAS, under the Plan, the Administrator was appointed and is vested with, among other things, the authority and duty to resolve claims against the AMH Debtors;[5]

WHEREAS, on December 9, 2020, the Administrator filed objections to certain of the Claims filed by Donald R. Dimitrievich and David Leuschen against the AMH Debtors [Docket Nos. 2336 & 2341] and indicated that a similar objection would be forthcoming with regard to certain of the Claims filed by Pierre F. Lapeyre Jr. (the "Objections");

WHEREAS, the Prepetition Directors and the Administrator have reached an agreement, subject to the approval of the Court, to enter into this Stipulation to resolve the Objections;

---

[5] The "AMH Debtors" refers to Alta Mesa Holdings, LP; Alta Mesa Holdings GP, LLC; OEM GP, LLC; Alta Mesa Finance Services Corp.; Alta Mesa Services, LP; and Oklahoma Energy Acquisitions, LP.

NOW, THEREFORE, after good faith, arm's-length negotiations, and in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claims are hereby Allowed in the amount of $0 for distribution purposes and the AMH GUC Distribution Agent (as that term is defined in the Plan) shall not be required to reserve any funds for distribution on account of the Claims.

2. Notwithstanding the $0 Allowed amount of the Claims for distribution purposes, to the extent that any person or entity brings any claims or causes of action against any of the Prepetition Directors arising out of or relating to the Board Service, such Prepetition Directors (i) are and shall remain authorized to exercise any and all rights of set off and/or recoupment solely as a defense against such claims or causes of action to the fullest extent provided under applicable law, the AMR/AMH Debtors' certificates or articles of incorporation or formation, the AMR/AMH Debtors' bylaws, or any contract, agreement, or other document and (ii) retain any and all rights they may have to seek reconsideration of such claims for cause under section 502(j) of the Bankruptcy Code and Rule 3008 of the Federal Rules of Bankruptcy Procedure, or otherwise, and the Administrator retains any and all rights and defenses it may have with respect to such relief.  Notwithstanding the right to seek reconsideration, the Prepetition Directors shall not have the right to seek disgorgement of any funds distributed to holders of Allowed Class 5 General Unsecured Claims by the AMH GUC Distribution Agent if any of the Prepetition Directors claims are allowed pursuant to section 502(j) of the Bankruptcy Code and Rule 3008 of the Federal Rules of Bankruptcy Procedure.

3. Notwithstanding any other provisions of this Stipulation, nothing herein is intended to or shall affect in any way any rights that the AMR/AMH Debtors, the Administrator, the AMR/SRII Plan Administrator (as defined in the Plan), the AMH Plan Administrator (as defined in the Plan), and/or AMH Litigation Trustee (as defined in the Plan) may have or which may subsequently arise with respect to any

claims and causes of action against the Prepetition Directors, all of which are expressly preserved. Further, this Stipulation is not intended to nor shall it be deemed to determine the existence or validity of any defenses the Prepetition Directors may assert to any such claims and causes of action, all of which are expressly preserved.

4. Each person who executes the Stipulation represents that he or she is duly authorized to do so on behalf of the respective Party and that such Party has full knowledge of and has consented to the Stipulation.

5. The Stipulation may be executed in counterparts, each of which will be deemed an original but all of which together constitute one and the same instrument, and it constitutes sufficient proof of the Stipulation to present any copy, copies, or faxes signed by the Parties to be charged.

6. The Stipulation shall be binding upon the Parties' successors, agents, and assigns (including bankruptcy trustees and estate representatives), and also upon any parent, subsidiary, or affiliated person or entity of any of the Parties.

7. The Parties agree that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to the Stipulation.

Signed: February 09, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

AGREED TO:

**SNOW & GREEN LLP**

By: */s Aaron M. Guerrero*
    Aaron Guerrero
    State Bar No. 24050698
    aaron@snow-green.com
    Carolyn Carollo
    State Bar No. 24083437
    carolyn@snow-green.com
    P.O. Box 549
    Hockley, TX  77447
    Telephone: 713-335-4800
    Facsimile: 713-335-4848

    COUNSEL FOR KENNETH GREEN
    IN HIS CAPACITY AS THE AMH GUC CLAIMS ADMINISTRATOR

**VINSON & ELKINS LLP**

By:    */s/ Michael A. Garza by Aaron M. Guerrero (with permission)*
       Harry A. Perrin (TX 15796800)
       Michael A. Garza (admitted *pro hac vice*)
       First City Tower
       1001 Fannin Street, Suite 2500
       Houston, Texas 77002
       Tel: (713) 758-2222
       Fax: (713) 752-2346
       Email:  hperrin@velaw.com; mgarza@velaw.com

       -and-

       Manuel G. Berrelez (TX 24057760)
       Jordan W. Leu (TX 24070139)
       Trammell Crow Center
       2001 Ross Avenue, Suite 3900
       Dallas, TX 75201
       Tel:  214.220.7700
       Fax:  214.999.7715
       mberrelez@velaw.com; jleu@velaw.com

       -and-

David S. Meyer (admitted *pro hac vice*)
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7708
Tel:  212.237.0000
Fax:  212.237.0100
dmeyer@velaw.com

**COUNSEL FOR HPS AND RIVERSTONE**